IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, et al., | § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00957-SDJ |
| GOOGLE LLC, | § § | |
| Defendant. | § § | |

**DEFENDANT GOOGLE LLC'S RESPONSE TO PLAINTIFFS'
MOTION FOR INTERIM PROTECTIVE ORDER** (Dkt. 17)

Defendant Google LLC does not agree with all grounds cited by Plaintiffs in their Urgent Motion for Interim Protective Order, Dkt. 17, but, nonetheless, does not oppose certain relief requested in the motion. This filing is without waiver of any of Google's rights to answer, move to dismiss, or otherwise respond to the Complaint within 50 days of its receipt of the unredacted copy of the Complaint, as previously agreed by the parties.

**Interim Protective Order**. This lawsuit was filed on December 16, 2020. Plaintiffs still have not provided Google with an unredacted copy of the Complaint, which recently was filed under seal at the Court's direction. *See* Dkt. 22. From the outset, Google offered to accept an unredacted copy limited to its outside counsel until a full protective order could be entered. As Plaintiffs concede in their motion, receiving an unredacted Complaint is necessary to "allo[w] Google's counsel to prepare its Answer [or motion to dismiss] to all of the allegations contained in the Complaint." Dkt. 17 at 2. For that reason, Google does not oppose entry of the requested order permitting Plaintiffs "to provide Defendant with an unredacted version of the Complaint filed in this case . . . limited to be shared with Defendant's outside counsel." Dkt. 17.1.

**Google Response Date**. Plaintiffs twice have agreed to a specific response deadline after Google's outside counsel receives an unredacted copy of the Complaint. Regrettably, the State of Texas twice has attempted to back out of the parties' agreement.

On December 28, 2020, Plaintiffs asked Google to waive formal service under Fed. R. Civ. P. 4. As the State of Texas's counsel proposed, "Our preference is for you [Google] to accept an unredacted complaint with an outside attorneys' eyes only agreement, which is the approach you favored when we spoke by telephone." Ex. 1, email from A. Keller (Dec. 28, 2020). Google agreed if it could have 60 days to respond, pursuant to Rule 4. *Id*. Plaintiffs likewise agreed, *id*.:

> Thank you for agreeing to accept service and for similarly agreeing to have only outside attorneys view the unredacted complaint. I [am] comfortable with these emails memorializing our understanding . . . .

A week later, having served Google with only a *redacted* Complaint, Texas denied that an agreement existed. "The so-called 'agreement' you reference in my email was no such thing." Ex. 1, email from A. Keller (Jan. 5, 2021). That day, Plaintiffs filed their motion for interim protective order. Dkt. 17. It seeks to impose a 21-day deadline to respond: "Google's Answer is due Monday, January 25, 2021." *Id*. at 3. On January 15, 2021, the parties reached a second agreement, this time to a 50-day response period after Google received an unredacted Complaint. It was subject to Google not opposing Plaintiffs' motion for interim protective order, including their request for an early Rule 16 management conference. The agreement was memorialized by email. "I can represent that we have approval from the State of Texas and all plaintiff states for you [Google] to file" a response confirming the 50-day response period and its non-opposition to the motion otherwise. Ex. 2, email from Z. DeRose (Jan. 15, 2021).

Later that day, Google informed Texas that Google would move to transfer venue. Counsel for Texas asked for time for the State to consider its position on the motion to transfer. As a result,

and because an agreed transfer obviously would affect case scheduling, Google waited to hear the State's views on transfer before filing its response. Google also delayed filing its motion to transfer venue. Nonetheless, the next day, Texas counsel emailed Google that its agreement to extend the response deadline had shortened to a 21-day period after Google's counsel received an unredacted Complaint. Ex. 2. No other plaintiff has rejected the parties' agreement on a 50-day response period.

In short, the parties reached two agreements to allow Google a reasonable time to respond to an unredacted Complaint. Google counsel still do not have an unredacted copy. Therefore, Google respectfully requests the Court to enforce the parties' agreement and order that Google's response deadline is 50 days after its counsel gets the unredacted copy.[1]

**Rule 16 Management Conference**. Despite Texas rejecting its prior agreements, Google files this response in accordance with the parties' agreement.

Plaintiffs' motion requests that the Court set a management conference for January 28, 2021. *See* Dkt. 17 at 3. Google disagrees with the reasons given for this request but does not oppose the Court setting a management conference for January 28, 2021 or on any other date convenient to the Court and appropriate for this matter. Google likely will not have responded to the Complaint by January 28 and, depending on when it gets an unredacted copy, Google may not be in a position to tell the Court whether it will file an answer or motion to dismiss in response to the Complaint,

---

[1] Even disregarding the parties' agreement, more time for Google to respond is proper. A court has "broad discretion to control its own docket," and it may exercise that discretion to reach equitable results. *Hudson v. Cleco Corp.*, 539 F. App'x 615, 617 (5th Cir. 2013); *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.,* 685 F.3d 486, 491 (5th Cir. 2012). This discretion under Rule 16 should be exercised with "intelligent flexibility." *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir. 1971). Here, "Rule 16(b) grants the district court broad discretion in establishing deadlines in order to control its docket," *Raytheon Co. v. Indigo Sys. Corp.*, 2009 WL 413081, at *1 (E.D. Tex. Feb. 18, 2009), such as Google's response deadline.

in whole or part, which may impact scheduling. Google does not oppose a management conference before it has responded to the Complaint.

## CONCLUSION

For these reasons, Google respectfully submits this response to Plaintiffs' Urgent Motion for Interim Protective Order, Dkt. 17.

Dated: January 19, 2021

Respectfully submitted,

*/s/ Paul Yetter*

R. Paul Yetter
State Bar No. 22154200
Bryce L. Callahan
State Bar No. 24055248
YETTER COLEMAN LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

ATTORNEYS FOR DEFENDANT
GOOGLE LLC

## CERTIFICATE OF SERVICE

I certify that on this 19th day of January, 2020, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who consented to electronic service per Local Rule CV-5(a)(3)(A).

*/s/ Bryce L. Callahan*
Bryce L. Callahan