IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, *et. al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Google LLC, <br><br> Defendant. | Case No. 4:20-CV-957-SDJ <br><br> Hon. Sean D. Jordan |

**PLAINTIFF'S REPLY IN SUPPORT OF THEIR
MOTION FOR INTERIM PROTECTIVE ORDER**

Google does not object to the entry of an interim protective order or the scheduling of a Rule 16 case management conference as requested in Plaintiffs' Urgent Motion for Interim Protective Order ("the Motion"). In its Response, however, Google materially misrepresents the parties' communications. The State of Texas submits this Reply to correct those misrepresentations.

**First, Google, not Texas, backed out of the parties' agreement regarding Google's responsive pleading deadline.** As counsel for Texas articulated multiple times, Plaintiffs' offer to extend Google's 21-day responsive pleading deadline was contingent on Google working with Plaintiffs "expeditiously to ensure that outside counsel receives prompt access to the unredacted complaint." (Ex. 1, A. Keller email, Jan. 12, 9:56 p.m.; *see also* A. Keller email, Jan. 16, 7:50 p.m.; A. Keller email, Jan. 18, 9:54 p.m.). Google was well aware that the entry of the interim protective order Texas requested was necessary for Google to receive the fully unredacted complaint. Yet Google deliberately delayed filing its non-opposition to the protective order to the last possible

day. This after it informed counsel for Texas at the 11th hour that the timing of its response was conditioned on Google filing its surprise motion to transfer.

Specifically, on Friday, January 15, after the parties had negotiated the substance of Google's proposed response to the Motion, Google agreed that it would "file the response, once [counsel] confirm[ed] that all Plaintiffs are on board." (Ex. 1, P. Yetter email, Jan. 15, 11:23 a.m.). Shortly thereafter, counsel for Texas confirmed Plaintiffs' approval. (Ex. 1, Z. DeRose email, 2:05 p.m.) However, rather than filing the response, as it had agreed to do, Google's counsel waited several hours and then contacted Texas's counsel 23 minutes before close of business on Friday afternoon of a three-day holiday weekend "to confer on an [unspecified] issue." (Ex. 1, P. Yetter email, Jan. 15, 4:37 p.m.).

Upon speaking with Google's counsel, Texas's counsel learned that the "issue" had nothing to do with the parties' agreed-upon filing and that Google planned to file a motion for change of venue—a motion that triggers this District's meet and confer requirements. *See* Local Rule CV-7(h) (requiring parties to participate in a personal conference and engage in "a sincere effort in which the participants present the merits of their respective positions and meaningfully assess the relative strengths of each position"). Without any notice about the substance of that call or any opportunity to confer with Texas or co-counsel, Texas's counsel could not convey Texas's position on Google's prospective transfer motion nor commit to evaluating the motion and obtaining Texas's position that Friday night. Nonetheless, Google's counsel confirmed on the call that Google would file its non-opposition to the Motion that evening. But Google did not file its response. Instead, Google's counsel communicated that Google would not file its agreed-upon response to the Motion until it filed its transfer motion. (Ex. 1, B. Callahan email, Jan. 15, 8:37 p.m.)

2

The following Tuesday evening, on the deadline for its response to the Motion and nearly two weeks after Plaintiffs first offered to extend its responsive pleading deadline, Google filed its Response. Google also filed a motion to transfer venue at that time, even after Texas's counsel informed Google that its meet-and-confer obligations were not a "perfunctory, check-the-box exercise," that it had not heard "Texas's position on the merits," and that Texas was willing to confer about the motion to transfer on Wednesday January 20, just one business day after Google first informed Texas of the motion. (Ex. 1, A. Keller email, Jan. 16, 7:50 p.m.; A. Keller email, Jan. 18, 9:54 p.m.) Google's conduct violated both the parties' agreement and the local rules. *See* Local Rule CV-7(h) ("For opposed motions, correspondence, e-mails, and facsimile transmissions do not constitute compliance with the substantive component and are not evidence of good faith."). Google must therefore respond to the Complaint by January 25, 2021.[1]

**Second, Google's gamesmanship demonstrates that it can respond to the Complaint before receiving a fully unredacted copy.** As Plaintiffs noted in their Motion, Google has had an almost-entirely unredacted Complaint—with only six redactions relating to information not accessible to Google—since December 19, 2020. Still, Plaintiffs attempted to accommodate Google while protecting confidential third-party information by seeking an interim protective order the day after officially serving Google. Meanwhile, rather than promptly ensuring the entry of the interim protective order, Google evaluated the allegations of the Complaint, prepared a motion to transfer venue, and had that motion and exhibits ready to file on the same day that it should have filed its response to the interim protective order. For this reason, Google's own

---

[1] Notwithstanding Google's violation of the parties' agreement, in an effort to continue to be accommodating, Texas has offered to extend Google's responsive pleading deadline to 21 days after Google receives the unredacted Complaint. That extension would give Google more than sufficient time to prepare a response, as Google has had a nearly unredacted Complaint for over a month, during which time it was able to prepare and file a motion to transfer venue.

litigation strategy undermines its representation that it "may not be in a position to tell the Court whether it will file an answer or motion to dismiss in response to the Complaint" at a January 28, 2021 case management conference. (Resp. at 3.)

If Google can determine whether the Northern District of California is a clearly more convenient venue than the Eastern District of Texas, it can determine whether it will answer or move to dismiss the Complaint. Google might have argued that the redactions prevented it from evaluating the relative convenience of another venue. But it did not. Despite representations about its inability to respond to the Complaint, Google's transfer motion asserts that, based on the allegations in the Complaint, Google can meet its burden of showing that California is a superior venue. Google is likewise capable of answering the Complaint. For the few remaining redactions in Google's copy of the Complaint, Google can state that it lacks sufficient information, which will be treated as a denial. Fed. R. Civ. Pro. 8(b)(5). Any argument to the contrary is a made-for-litigation stall tactic.

## CONCLUSION

Although obfuscated by its misrepresentations, Google does not object to the entry of an interim protective order or the scheduling of a Rule 16 management conference on January 28, 2021 or before it has answered. Plaintiffs therefore respectfully request that the Court enter the proposed Order Granting Plaintiffs' Motion for Interim Protective Order and issue the Court's standard Order Governing Proceedings, setting this case for a management conference on January 28, 2021.

Dated: January 21, 2021

**FOR PLAINTIFF STATE OF TEXAS:**

<div style="display:flex">
<div>

*/s/ W. Mark Lanier*
W. Mark Lanier *(lead counsel)*
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
**THE LANIER LAW FIRM, P.C.**
10940 W. Sam Houston Parkway N. Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204

</div>
<div>

*/s/ Ashley Keller*
Ashley Keller
ack@kellerlenkner.com
**KELLER LENKNER LLC**
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220

*/s/ Warren Postman*
Warren Postman
wdp@kellerlenkner.com
**KELLER LENKNER LLC**
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334

</div>
</div>

/s/ Ken Paxton
Ken Paxton,* Attorney General of Texas
Kenneth.paxton@oag.texas.gov
/s/ Brent Webster
Brent Webster, * First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
/s/ Grant Dorfman
Grant Dorfman, Deputy First Assistant Attorney General
Grant.Dorfman@oag.texas.gov
/s/ Aaron Reitz
Aaron Reitz,* Deputy Attorney General for Legal Strategy
Aaron.Reitz@oag.texas.gov

/s/ Shawn Cowles
Shawn E. Cowles, Deputy Attorney General for Civil Litigation
Shawn.Cowles@oag.texas.gov

/s/ Nanette DiNunzio
Nanette DiNunzio,* Associate Deputy Attorney General for Civil Litigation
Nanette.Dinunzio@oag.texas.gov

/s/ David Ashton
David Ashton, Assistant Attorney General
Antitrust Division
Texas Bar No. 24031828
David.Ashton@oag.texas.gov
Kim Van Winkle,* Chief, Antitrust Division
Kim.VanWinkle@oag.texas.gov
Bret Fulkerson, Deputy Chief, Antitrust Division
Bret.Fulkerson@oag.texas.gov
Nicholas G. Grimmer, Assistant Attorney General, Antitrust Division
Nick.Grimmer@oag.texas.gov
Trevor Young,* Assistant Attorney General, Antitrust Division
Trevor.Young@oag.texas.gov
Eric Hudson, Assistant Attorney General, Special Litigation Division
Eric.Hudson@oag.texas.gov

Paul Singer* Senior Counsel for Public Protection
Paul.Singer@oag.texas.org
Christopher Hilton, Deputy Chief, General Litigation Division
Christopher.Hilton@oag.texas.gov
Matthew Bohuslav, Assistant Attorney General, General Litigation Division
Matthew.Bohuslav@oag.texas.gov
Ralph Molina, Assistant Attorney General, General Litigation Division
Ralph.Molina@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548 (MC059)
Austin, TX 78711-2548
(512) 936-1414

* Applications for pro hac vice forthcoming

Attorneys for Plaintiff State of Texas

## **CERTIFICATE OF SERVICE**

I certify that on this 21st day of January 2021, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

<div style="text-align:right">

*/s/ Ashley Keller*
Ashley Keller

</div>