# Exhibit B-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION

Case No. 20-cv-03556-BLF

**ORDER GRANTING MOTION TO STAY DISCOVERY**

This is a class action antitrust lawsuit brought by Plaintiffs Hanson Law Firm, PC, Surefreight Global LLC d/b/a Prana Pets, and Vitor Lindo (collectively, "Plaintiffs") against Defendant Google LLC ("Google"). Before the Court is Google's Motion to Stay Discovery. Mot., ECF 41. The Court finds this matter suitable for disposition without oral argument and vacates the April 8, 2021 hearing as to this motion. For the reasons stated below, the Court GRANTS Google's motion.

## I. BACKGROUND

Plaintiffs commenced this putative class action on May 27, 2020. ECF 1. The First Amended Complaint alleges that "Google leveraged its monopoly in online search and search advertising to acquire an illegal monopoly in brokering display advertising—the placement of advertisements on other companies' websites." First Amended Complaint ("FAC"), ¶ 1. The FAC alleges two causes of actions for: (1) violation of section 2 of the Sherman Antitrust Act (the "Sherman Act"), 15 U.S.C. § 2, for acquiring and maintaining a monopoly; and (2) violations of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*. FAC. ¶¶ 236-51.

On November 9, 2020, Google filed a motion to stay discovery pending resolution of the

United States District Court
Northern District of California

motion to dismiss. *See* Mot. Plaintiffs oppose this request to the extent it bars them from obtaining a "discrete set of approximately 100,000 pages of documents that Google produced to the Texas Attorney General concerning Google's business practices in the relevant digital advertising markets." *See* Opp., ECF 43 at 1.

## II. LEGAL STANDARD

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). However, a district court does have "wide discretion in controlling discovery," *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988), and that discretion extends to staying discovery upon a showing of "good cause," *see* Fed. R. Civ. P. 26(c)(1)(A). Good cause for staying discovery may exist when the district court is "convinced that the plaintiff will be unable to state a claim for relief." *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir. 2002) (quoting *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981)); *see also Tradebay*, 278 F.R.D. at 601 ("Staying discovery when a court is convinced that the plaintiff will be unable to state a claim for relief furthers the goal of efficiency for the court and the litigants."). Under Ninth Circuit law, "[a] party seeking a stay of discovery carries the heavy burden of making a 'strong showing' why discovery should be denied." Gray, 133 F.R.D. at 40 (citation omitted).

Courts in this district have applied a two-pronged test to determine whether discovery should be stayed pending resolution of a dispositive motion. *See, e.g.*, *Singh v. Google, Inc.*, No. 16-CV-03734-BLF, 2016 WL 10807598, at *1 (N.D. Cal. Nov. 4, 2016); *Gibbs v. Carson*, No. C13-0860, 2014 WL172187, at *3 (N.D. Cal. Jan. 15, 2014); *Hamilton v. Rhoads*, No. C 11-0227 RMW (PR), 2011 WL 5085504, at *1 (N.D. Cal. Oct. 25, 2011); *Pac. Lumber Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 220 F.R.D. 349, 351 (N.D. Cal. 2003). First, "a pending motion must be potentially dispositive of the entire case, or at least dispositive on the issue at which

discovery is directed." *Pac. Lumber Co.*, 220 F.R.D. at 351. Second, "the court must determine whether the pending motion can be decided absent additional discovery." *Id.* at 352. "If the Court answers these two questions in the affirmative, a protective order may issue. However, if either prong of this test is not established, discovery proceeds." *Id.* In applying this two-factor test, the court must take a "preliminary peek" at the merits of the pending motion to assess whether a stay is warranted. *Tradebay*, 278 F.R.D. at 602

## III. DISCUSSION

Google requests that discovery be stayed pending resolution of their motion to dismiss. Mot. at 1. Google argues that the first prong of the test is satisfied because their motion to dismiss is potentially dispositive of the entire case. *Id*. at 2-3. Specifically, Google argues that Plaintiffs fail to allege "(a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal antitrust injury." *Id*. at 2 (quoting *In re Nat'l Football League's Sunday Ticket Antitrust Litig*., 933 F.3d 1136, 1159 (9th Cir. 2019)). These defects are similarly fatal to Plaintiffs UCL claim according to Google. *Id*. at 3. As to the second prong of the test, Google argues that discovery is not necessary to resolve the motion to dismiss because the motion is based solely on allegations in the Complaint. Mot. at 3. Finally, Google argues that it would be a waste of resources to allow discovery to proceed, and that Plaintiffs will not be prejudiced by a stay because discovery is not necessary for the Court to rule on the motion to dismiss. *Id*. at 3-4.

Plaintiffs, on the other hand, argue that the production they seek is narrowly tailored and will further the litigation, Opp. at 5-7, that courts in this district disfavor blanket discovery stays in these circumstances, Opp. at 7-9, and that there would be minimal burden for Google to produce the Texas Attorney General report, Opp. at 9-10. They also argue that "even assuming the pendency of a potentially dispositive motion to dismiss, the Court may allow discovery even if both prongs of the stay test are met." Opp. at 5.

At the first prong of the test, the Court takes a "preliminary peek" at the merits of the underlying motion to dismiss in considering whether a limited stay of discovery is warranted. *See In re Nexus 6p Prod. Liab. Litig.*, No. 17-CV-02185-BLF, 2017 WL 3581188, at *2 (N.D. Cal.

Aug. 18, 2017). The Court notes that since the instant motion was filed, Plaintiffs have filed the FAC and parties have stipulated that Google will file a new motion to dismiss. *See* ECF 47, 52. As such, the Court reviewed Google's November 9, 2020 motion to dismiss. ECF 41. Google's motion to dismiss presents formidable arguments, which could prove difficult for Plaintiffs to overcome, even considering that leave to amend is freely given. *See id.* (finding first prong satisfied because, even though leave to amend is freely given, defendant's motion was potentially dispositive); *see also Ebner v. Fresh, Inc.*, 838 F.3d 958, 968 (9th Cir. 2016); Fed. R. Civ. P. 15(a)(2). Plaintiffs do not appear to contest this conclusion. *See generally* Opp.

At the second prong of the test, the Court finds that Google's motion to dismiss is based solely on the allegations in the Complaint do not raise any factual issues. Thus, the Court finds that the motion to dismiss can be decided without additional discovery. *See Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987) ("Discovery is only appropriate where there are factual issues raised by a Rule 12(b) motion."); *Cellwitch, Inc. v. Tile, Inc.*, No. 4:19-CV-01315, 2019 WL 5394848, at *2 (N.D. Cal. Oct. 22, 2019) (finding second prong satisfied because "the Court only needs to look at the pleadings in order to issue a decision about its motion to dismiss"). Accordingly, Google has satisfied the second prong of the test and Plaintiffs do not argue otherwise. *See generally* Opp.

The Court rejects Plaintiffs' remaining objections. The Court is persuaded that the discovery request at issue would be unduly burdensome given it size and nature, as detailed in the papers related to this motion as well as in the parties' prior statement regarding early discovery. ECF 37. The Court also finds the smattering of cases cited by Plaintiffs unconvincing given the facts and procedural posture of this case. For example, in *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, the antitrust claims were not "novel or particularly complex" and were not brought by a putative class. No. 5:16-CV-06370-EJD, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018). Other cases, such as *Rheumatology Diagnostics Lab., Inc. v. Aetna, Inc.*, do not grapple with the conflict at issue here and, as such, do not have persuasive weight. No. 12-CV-05847-WHO, 2013 WL 5694452, at *22 (N.D. Cal. Oct. 18, 2013) (discussing a prior stay of discovery in context of a motion to dismiss).

The Court therefore finds that under Ninth Circuit law and the two-pronged approach

United States District Court
Northern District of California

applied by courts in this district, Google has satisfied its burden to obtain a limited stay of discovery. Indeed, as the Supreme Court has recognized, "staying discovery may be particularly appropriate in antitrust cases, where discovery tends to be broad, time-consuming and expensive." *In re Netflix Antitrust Litig.*, 506 F. Supp. 2d 308, 321 (N.D. Cal. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007)). While Google asks the Court to stay discovery until the Court has ruled on the forthcoming motion to dismiss, *see* ECF 47 (stipulating that Google will file a motion to dismiss the FAC by January 15, 2021), the Court finds it is more appropriate to stay discovery until Google answers the amended complaint or the motion to dismiss hearing date, whichever is earliest. At the motion to dismiss hearing, Google may orally request an extension of the stay of discovery if appropriate.

To put this limited stay in context, discovery will be stayed for several months. Although the trial date in this matter has not yet been set, the Court's schedule requires that the trial be set for no earlier than the middle of 2023, over two years from now. This limited stay of discovery, therefore, does not unduly prejudice Plaintiffs and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer.

## IV. CONCLUSION

For the reasons set forth above, Google's motion to stay discovery is hereby GRANTED. Discovery in this case is STAYED until Google either answers the amended complaint or the motion to dismiss hearing date, whichever is earliest.

**IT IS SO ORDERED.**

Dated: December 8, 2020

BETH LABSON FREEMAN
United States District Judge