IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| The State of Texas, *et. al.*,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>Google LLC,<br><br>　　　　　　　　　Defendant. | Case No. 4:20-CV-957-SDJ<br><br>Hon. Sean D. Jordan |

**PLAINTIFFS' SURREPLY TO GOOGLE LLC'S MOTION
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

　　　Armed with new (and irrelevant) facts, Google's Reply doggedly persists in a futile effort to shift the burden of proof. But the law remains clear: Google has not met its burden, and the Court should deny the Motion.

**I.　Google Has Failed To Show That The Northern District Of California Is Clearly More Convenient Than This District.**

　　　Google's Reply echoes the Motion's woefully insufficient generalities about sources of proof and witnesses. (*See* Opp. 5-10.) Undeterred, Google now identifies for the first time two Facebook contract signatories, neither of whom submitted declarations and only one of whom is located closer to the Northern District of California. (Reply, Ex. B ¶¶ 3, 5.) That haphazard attempt to justify transfer falls well short of the specific, credible *evidence* necessary to upend Plaintiffs' chosen forum. *See Rockstar Consortium US LP v. Google Inc.*, No. 2:13-CV-893-JRG-RSP, 2014 WL 4748692, at *3-4 (E.D. Tex. Sept. 23, 2014).

　　　Google next attempts to hypothesize nonparty witnesses by calculating its number of customers in the Northern District of California. But raw numbers are not witnesses. *See TravelPass Grp. LLC v. Caesars Entm't Corp.*, No. 5:18-CV-00153-RWS, 2019 WL 4071784, at

\*7 (E.D. Tex. Aug. 29, 2019) ("[S]pecifically identifying witnesses to testify is required for the Court to perform a proper convenience analysis.") And regardless, California customers are not relevant witnesses in this case. Because California is not a party to this litigation, the rights of California customers will not be adjudicated by this Court. Texas, on the other hand, seeks redress on behalf of Texas publishers and advertisers, among other Texas citizens, making those entities relevant—and necessary—nonparty witnesses. Likewise, the other Plaintiff States represent the interests of their publishers and advertisers, with seven of the nine Plaintiff States located closer to Texas than California. Moreover, the fact that Google has "nationwide" operations, (Reply at 3), and employees located across the country and around the world, weights against, not for, transfer. *See Virginia Innovation Scis., Inc. v. Amazon.com, Inc.*, No. 4:18-CV-474, 2019 WL 3082314, at \*20 (E.D. Tex. July 15, 2019).

**II.     Google's Reference To Newly Filed Class Actions Does Not Improve Its Judicial Economy Arguments.**

The Reply also identifies several newly filed class actions, but those cases do nothing to support transfer of this case to the Northern District of California. First, one of the class actions that Google identifies is pending in West Virginia, and Google supplies no evidence that the case will be transferred to the Northern District of California. (*See* Reply, Ex. B ¶ 12.) Google also neglected to inform the Court of another digital advertising case that has been pending against it in the Northern District of Georgia since November 2019. *Inform Inc. v. Google LLC*, No. 1:19-cv-05362 (N.D. Ga. Nov. 25, 2019). Google has not moved to transfer that case. Google cannot extol the benefits of judicial economy or decry the risks of inconsistent adjudication with the West Virginia and Georgia actions pending in those venues.

Second, and more importantly, Google blithely ignores the significant procedural and substantive differences between this case and the class actions. (*See* Opp. at 10-13.) For example,

"[w]hether the requirements of Rule 23 are met for class certification will be a complex issue in the [class] action[s] not present in this case." *TravelPass Grp. LLC*, 2019 WL 4071784, at *6. For this reason, even if this case were transferred, "it is pure speculation that the cases would or could be consolidated for pre-trial purposes" and "there is no plausible reason to believe the two cases could be tried in a single trial." *Id*. Thus, the differences between this *parens patriae* action and the class actions will "disserve judicial economy should this case be transferred" *Id.* at *9.[1]

The different remedies pursued by the Plaintiff States in this action underscore the importance of remaining in this District, where this case will be resolved more quickly and efficiently. (See Opp. at 13-14.) This action seeks structural remedies not available to private litigants but necessary to restoring competitive conditions in the markets affected by Google's unlawful conduct and to halting the ongoing, irreparable harm to competitors, publishers, advertisers, and consumers. (*See* Compl. ¶ 357; Opp. at Ex. C, ¶¶ 6-9; Ex. D, ¶ 5; Ex. E, ¶ 5.) Because this District is best situated to build on the Plaintiff States' investigation and award those remedies and because Google has not shown that the Northern District of California is a clearly more convenient forum, the Court should deny the Motion.

Dated: February 16, 2021

---

[1] Because of these differences, Google's cited cases involving the same parties litigating in separate forums are unpersuasive. (Reply at 2, citing *MAZ Encryption Techs., LLC v. BlackBerry Ltd.*, 2016 WL 9275009, at *2, *5 (E.D. Tex. July 14, 2016) and *Fujitsu Ltd. v. Tellabs, Inc.*, 639 F. Supp. 2d 761, 768 (E.D. Tex. 2009).) Google's citation to JPML decisions, applying a lower standard than that required under § 1404, is also unavailing. (Reply at 2, n. 3.) Moreover, the panel that recently considered whether to consolidate various Google cases explicitly declined to consolidate government enforcement actions and advertising actions. *See In re Google Antitrust Litig.*, MDL No. 2981 at 2 (J.P.M.L. Feb. 5, 2021).

Respectfully Submitted,

/s/ Ashley Keller
Ashley Keller
Admitted Pro Hac Vice
ack@kellerlenkner.com
150 N. Riverside Plaza, Suite 4270
Chicago, Illinois 60606
(312) 741-5220
Warren Postman
wdp@kellerlenkner.com
1300 I Street, N.W., Suite 400E
Washington, D.C. 20005
(202) 749-8334
**KELLER LENKNER LLC**

Ken Paxton, Attorney General of Texas
Kenneth.paxton@oag.texas.gov
Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant Attorney General
Grant.Dorfman@oag.texas.gov
Aaron Reitz, Deputy Attorney General for Legal Strategy
Aaron.Reitz@oag.texas.gov

Shawn E. Cowles, Deputy Attorney General for Civil Litigation
Shawn.Cowles@oag.texas.gov
Nanette DiNunzio, Associate Deputy Attorney General for Civil Litigation
Nanette.Dinunzio@oag.texas.gov

Christopher Hilton, Deputy Chief, General Litigation Division
Christopher.Hilton@oag.texas.gov
Matthew Bohuslav, Assistant Attorney General,
General Litigation Division
Matthew.Bohuslav@oag.texas.gov
Ralph Molina, Assistant Attorney General, General Litigation Division
Ralph.Molina@oag.texas.gov

/s/ Mark Lanier
Mark Lanier (*lead counsel*)
Texas Bar No. 11934600
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
10940 W. Sam Houston Parkway N. Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204
**THE LANIER LAW FIRM, P.C.**

Kim Van Winkle, Chief, Antitrust Division
Kim.VanWinkle@oag.texas.gov
Bret Fulkerson, Deputy Chief, Antitrust Division
Bret.Fulkerson@oag.texas.gov
David Ashton, Assistant Attorney General Antitrust Division
David.Ashton@oag.texas.gov
Nicholas G. Grimmer, Assistant Attorney General, Antitrust Division
Nick.Grimmer@oag.texas.gov
Trevor Young, Assistant Attorney General, Antitrust Division
Trevor.Young@oag.texas.gov

Paul Singer, Senior Counsel for Public Protection
Paul.Singer@oag.texas.org

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548 (MC059)
Austin, TX 78711-2548
(512) 936-1414

**Attorneys for Plaintiff State of Texas**

*On Behalf of the Plaintiff States*

## CERTIFICATE OF SERVICE

I certify that on February 16, 2021, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/ Ashley Keller*
Ashley Keller
