# Google Exhibit A

**COURT-APPROVED PROTECTIVE ORDER PROVISIONS**

| Agreed Protective Order in *State of Texas, et al. v. U.S., et al.* (N.D. Tex. Dec. 4, 2018) | Chief Judge Gilstrap Template Protective Order (E.D. Tex. 2021) | Western District Template Protective Order (W.D. Tex. 2021) |
|---|---|---|
| Outside consultants or experts ("experts") and their staff whose advice and consultation is being or will be used by a party for the preparation or resolution of this case may have access to documents and information designated as "Confidential" only to the extent necessary to provide their advice or render their opinion. ***Prior to the disclosure of any Confidential Material, however, each such expert*** and the staff members who will have access to Confidential Material ***shall read this Order and execute an agreement to fully abide by its terms. An executed copy of each expert's agreement shall be transmitted to all other parties*** and any other person producing Confidential Material that will be disclosed to such expert. If the person producing Confidential Material believes that disclosure of the Confidential Material to the expert would be injurious or prejudicial, it must object in writing received by the other party before 5:00 p.m. on the fifth business day following receipt of the expert's agreement. If the dispute cannot be resolved, the party who selected the expert may apply to the court for an order permitting disclosure of Confidential Material to the expert. No disclosure of Confidential Material may be made by a party to any expert as to whom an objection has been timely received, unless the objection has been overruled by the court. (¶10) | "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons . . . .outside consultants or experts (i.e., not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) ***before access is given, the consultant or expert has completed the Undertaking*** attached as Exhibit A hereto ***and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert*** at least ten (10) days before access to the Protected Material is to be given to that consultant or Undertaking to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order. (¶5(e)) | [Allowing access to "For Counsel" or "Attorneys Only" materials to] actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this litigation (which shall not include the current employees, officers, members, or agents of parties or affiliates of parties) who, ***prior to any disclosure of Classified Information to such person, have signed a document agreeing to be bound by the terms of this Protective Order*** (such signed document to be maintained by the attorney retaining such person) ***and have been designated in writing by notice to all counsel***. (¶2(a)(ii)) |