IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al., § § Plaintiffs, § § v. § § Civil Action No. 4:20-cv-957-SDJ § GOOGLE LLC, § § Defendant. § | |

**PROSPECTIVE PLAINITFF STATE OF LOUISIANA'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE AS PLAINTIFF**

On March 15, 2021, the plaintiff states in the above-styled action filed their First Amended Complaint ("Amended Complaint") against Google LLC ("Google") under federal and state antitrust and deceptive trade practices laws. Prospective Plaintiff State of Louisiana ("Louisiana") now moves the Court for permission to intervene in the action as a plaintiff pursuant to Federal Rule of Civil Procedure 24.

The deadline to add parties according to the Scheduling Order entered on May 21, 2021, (Dkt. 123) is Thursday, June 17, 2021. Louisiana is not proposing that any new facts or claims be added to the complaint at this time, and instead proposes that it be permitted to intervene as a plaintiff state and that any state specific claims be added to an amended complaint on or before the November 12, 2021 deadline for plaintiffs to file an amended pleading. *Id*.

Non-substantive changes to the Amended Complaint would include (1) adding Louisiana to the caption:

      **LOUISIANA**
      **By Attorney General Jeff Landry**

(2) including Louisiana in the list of plaintiff states in paragraph 1 of the Amended Complaint; and (3) adding a signature block identical to the one submitted with this motion.

    Louisiana seeks to intervene in this case under Federal Rule of Civil Procedure 24(b)(1)(b), permissive intervention. Intervention allows a nonparty to file a motion to enter a lawsuit to protect its interests when the underlying lawsuit contains common questions of law and fact. Federal Rule of Civil Procedure 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

*Louisiana's Motion to Intervene is Timely*

    Louisiana's motion to intervene is timely. As discussed above, the case Scheduling Order sets June 17, 2021 as the deadline to add parties. The Scheduling Order contemplated when parties could timely be added to the case without causing undue delay or prejudice to the adjudication of the original parties' rights. Louisiana does not seek to add new facts into a pleading, and any claims added to a future amended pleading by the plaintiff states are related to the underlying claims already existing in the case (antitrust and consumer protection). Accordingly, adding

Louisiana to the case at this time does not cause undue delay and Google is not prejudiced.[1]

*In the Interest of Party Resources and Time, Louisiana Does Not Wish to Amend Pleadings*

As discussed, Louisiana is not seeking to add any new facts to the underlying Amended Complaint. Any pleading or amended complaint at this time would be identical to the live pleading, with the exception of adding Louisiana to the sections listed above and listing Louisiana's antitrust and consumer protection statutes.[2]

Making the parties go through the process of substantively drafting, filing, and responding to pleadings at this time would be an unnecessary use of resources. Although Rule 24(c) states that a motion for intervention be accompanied by a pleading, "[t]he circuits appear to be split in their approach to enforcement of Rule 24(c), with a majority favoring a permissive interpretation of the rule." *In re Toyota Hybrid Brake Litig.*, 4:20-CV-127, 2020 WL 6161495, at *11 (E.D. Tex. Oct. 21, 2020)

---

[1] "In exercising discretion on a timely motion, the Court considers if the intervenor has a claim or defense that shares with the main action a common question of law or fact, and whether the intervention will cause undue delay or prejudice."24  *Nevada* v. *United States Dep't* of *Labor*, No. 4:16-CV-731, 2017 WL 3780085, at *3 (E.D. Tex. Aug. 31, 2017) (citing FED. R. CIV. P. 24(b)(1)(B), (b)(3)); see *Graves* v. *Walton County Bd. of Educ.*, 686 F.2d 1135, 1140 n.3 (5th Cir. Unit B 1982) ("Under Rule 24(b), a district court may permit intervention if to do so will not unduly delay or prejudice adjudication of the rights of the original parties."). *In re Toyota Hybrid Brake Litig.*, 4:20-CV-127, 2020 WL 6161495, at *19 (E.D. Tex. Oct. 21, 2020).

[2] Louisiana would be added to the underlying action in the public interest on behalf of the people of the State of Louisiana, by the Honorable Jeff Landry, Louisiana Attorney General, against Google pursuant to Louisiana Unfair Trade Practices and Consumer Protection Law (LUPTA), La. Rev. Stat. Ann. § 51:1401, et seq., and the Louisiana Monopolies Law, La. Rev. Stat. Ann. § 51:121, et seq.

(citing *Liberty Surplus Ins. Companies* v. *Slick Willies of Am., Inc.*, No. CIV.A. H-07-0706, 2007 WL 2330294, at *1 (S.D. Tex. Aug. 15, 2007)). "For example, the Fifth Circuit has permitted intervention even in the absence of a motion to intervene." *Id.* at n. 15.

Louisiana requests that it be permitted to intervene in this case and that it include the amendments discussed above into an amended complaint with the other plaintiff states, that will be filed on or before the deadline to amend pleadings.

*Conclusion*

Louisiana's Motion to Intervene should be granted as it will allow Louisiana to resolve its disputes in a case that shares common questions of law and fact, is timely, and is permitted under the Federal Rules of Civil Procedure.

Dated this 17th day of June 2021.

Respectfully submitted,

**FOR STATE OF LOUISIANA**

**HON. JEFF LANDRY**
ATTORNEY GENERAL, STATE OF LOUISIANA
Michael Dupree
Christopher J. Alderman
1885 N. 3rd Street
Baton Rouge, LA 70802


*s/ James R. Dugan, II*
James R. Dugan, II (Application for *pro hac vice* forthcoming)
THE DUGAN LAW FIRM
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130
PH: (504) 648-0180
FX: (504) 649-0181

EM:jdugan@dugan-lawfirm.com
James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH: (504) 833-5600
FX: (504) 833-8080
EM: jmw@chehardy.com

*Attorneys for the State of Louisiana*

## CERTIFICATE OF SERVICE

I certify that on this 17th day of June 2021, this document was filed electronically in compliance with Local Rule CV-5(a) and served on all counsel who have consented to electronic service, per Local Rule CV-5(a)(3)(A).

*/s/James R. Dugan, II*