**REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS**

1156 15th St. NW, Suite 1020
Washington, D.C. 20005
(202) 795-9300 • www.rcfp.org

Bruce D. Brown, Executive Director
bbrown@rcfp.org • (202) 795-9301

**STEERING COMMITTEE CHAIRMAN**
STEPHEN J. ADLER
**STEERING COMMITTEE MEMBERS**
WOLF BLITZER
*CNN*
DAVID BOARDMAN
*Temple University*
THEODORE J. BOUTROUS, JR.
*Gibson, Dunn & Crutcher LLP*
MASSIMO CALABRESI
*Time Magazine*
MANNY GARCIA
*Austin American-Statesman*
EMILIO GARCIA-RUIZ
*San Francisco Chronicle*
JOSH GERSTEIN
*POLITICO*
ALEX GIBNEY
*Jigsaw Productions*
SUSAN GOLDBERG
*National Geographic*
JAMES GRIMALDI
*The Wall Street Journal*
LAURA HANDMAN
*Davis Wright Tremaine*
DIEGO IBARGÜEN
*Hearst*
JEREMY JOJOLA
*9NEWS Colorado*
KAREN KAISER
*Associated Press*
DAVID LAUTER
*The Los Angeles Times*
MARGARET LOW
*WBUR*
COLLEEN MCCAIN NELSON
*The McClatchy Company*
MAGGIE MULVIHILL
*Boston University*
JAMES NEFF
*The Philadelphia Inquirer*
NORMAN PEARLSTINE
*New York, New York*
THOMAS C. RUBIN
*Stanford Law School*
BRUCE W. SANFORD
*BakerHostetler, ret.*
CHARLIE SAVAGE
*The New York Times*
JENNIFER SONDAG
*Bloomberg News*
NABIHA SYED
*The Markup*
ADAM SYMSON
*The E.W. Scripps Company*
PIERRE THOMAS
*ABC News*
MATT THOMPSON
*The New York Times*
VICKIE WALTON-JAMES
*NPR*
JUDY WOODRUFF
*PBS/The NewsHour*
SUSAN ZIRINSKY
*CBS News*

**HONORARY LEADERSHIP COUNCIL**
J. SCOTT APPLEWHITE, *Associated Press*
CHIP BOK, *Creators Syndicate*
DAHLIA LITHWICK, *Slate*
TONY MAURO, *American Lawyer Media, ret*
JANE MAYER, *The New Yorker*
ANDREA MITCHELL, *NBC News*
CAROL ROSENBERG, *The New York Times*
PAUL STEIGER, *ProPublica*
SAUNDRA TORRY, *Freelance*

*Affiliations appear only
  for purposes of identification.*

September 17, 2021

By CM/ECF

The Honorable P. Kevin Castel
United States District Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

      Re:    *In re Google Digital Advertising Antitrust Litigation*, No. 21-md-3010 (PKC), related to *Texas, et al. v. Google LLC*, No. 21-cv-6841 (PKC)

Dear Judge Castel:

      The Reporters Committee for Freedom of the Press (the "Reporters Committee") and the 23 undersigned media organizations (collectively "amici"), respectfully write as amici curiae in response to the Court's September 7, 2021 Order in the above-referenced matter (21-md-03010, ECF No. 61), which directs the parties to show cause why the second amended complaint filed by plaintiffs (hereinafter the "Plaintiff States") in *Texas, et al. v. Google LLC* should remain partially under seal.

      "A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 140 (2d Cir. 2016) (citing *Fed. Trade Comm'n v. Abbvie Prods LLC*, 713 F.3d 54, 62 (11th Cir. 2013)). As detailed below, under both the First Amendment and common law, there is a strong presumption in favor of public access to the second amended complaint. Accordingly, absent specific, factual findings demonstrating that sealing portions of that pleading "is essential to preserve higher values and is narrowly tailored to serve that interest," the second amended complaint should be publicly docketed in unredacted form. *Id.* (citing *In re N.Y. Times Co.*, 828 F.2d 110 116 (2d Cir. 1987)). Without access to the unredacted pleading setting forth the Plaintiff States' causes of action and the allegations in support thereof, members of the press and the public—including amici who are covering this litigation—will be unable to fully understand the issues presented in this matter and any subsequent, substantive rulings made by the Court in this case, which is of significant public concern.

**I.     The press and public have a qualified First Amendment right to inspect the second amended complaint.**

"It is well established that the press and public have a First Amendment right to attend judicial proceedings and access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *see also Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 599 & n.2 (1980) (Stewart, J. concurring) ("The right to publish implies a freedom to gather information."). As the Second Circuit recognized in *Westmoreland v. Columbia Broadcasting Systems, Inc.*, that right of access, "secure[d] to the public and to the press" by the First Amendment, is applicable "to civil proceedings" as well as criminal ones. 752 F.2d 16, 22 (2d Cir. 1984) (citations omitted).

In "determining whether 'the public and the press should receive First Amendment protection in their attempts to access certain judicial documents,'" courts consider "whether the documents 'have historically been open to the press and public' and whether 'public access plays a significant positive role in the functioning of the particular process in question.'" *Lugosch*, 435 F.3d at 120 (quoting *Press–Enterprise Co. v. Superior Court*, 478 U.S. 1, 8 (1986) ("*Press-Enterprise II*")). Applying these two complementary and related considerations, the Second Circuit has found that the First Amendment guarantees a qualified right of access to, *inter alia*, documents filed during certain civil administrative adjudications, *see New York Civil Liberties Union v. N.Y.C. Transit Auth.*, 684 F.3d 286, 300 (2d Cir. 2012)*,* docket sheets, *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 93 (2d Cir. 2004), settlement compliance reports, *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 241 (2d Cir. 2014), and summary judgment motions and supporting documents, *Brown v. Maxwell*, 929 F.3d 41, 47 (2d Cir. 2019); *Lugosch*, 435 F.3d at 124.

In addition, the Second Circuit has also recognized that access to certain judicial records is so inextricably linked with the First Amendment right to attend judicial proceedings that the public's right to inspect those records receives coextensive constitutional protection. Thus, the public has a constitutional right of access to, *inter alia*, hearing transcripts, *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 165 (2d Cir. 2013), documents filed in connection with plea hearings and plea agreements, *United States v. Haller*, 837 F.2d 84, 87 (2d Cir. 1988), docket sheets, *Hartford Courant Co.*, 380 F.3d at 93,[1] and documents filed in connection with pretrial motions, *In re N.Y. Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987), that is "derived from or [is] a necessary corollary of the capacity to attend the relevant proceedings." *Lugosch*, 435 F.3d at 120 (quoting *Hartford Courant Co.*, 380 F.3d at 93).

The second amended complaint in the above-referenced civil matter is a judicial record to which the public has a qualified First Amendment right of access. In *Bernstein*, the Second Circuit affirmed a district court order denying a request by parties that had

---

[1] The Second Circuit held in *Hartford Courant Co.* that "both analyses establish the existence of a qualified First Amendment right of access to docket sheets." 380 F.3d at 93.

settled their case to permanently seal a civil complaint, which had been temporarily filed under seal. 814 F.3d at 136. The panel held that both "experience and logic support access" to civil complaints. *Id*. at 141.[2] Specifically, the Second Circuit explained that "complaints have historically been publicly accessible by default, even when they contain arguably sensitive information[,]" including during "the last eight decades under the Federal Rules." *Id.* And "[l]ogical considerations also support a presumption of public access" to civil complaints, because such access "allows the public to understand the activity of the federal courts, enhances the court system's accountability and legitimacy, and informs the public of matters of public concern." *Id.* (concluding that public access to complaints and "other pleadings has a 'significant positive role'" in "the functioning of the judicial process") (citing *Lugosch*, 435 F.3d at 120).

Where, as here, a First Amendment right of access applies to a judicial record, to overcome it "the proponent of sealing must 'demonstrat[e] that closure is essential to preserve higher values and is narrowly tailored to that interest.'" *Id.* at 145 (quoting *In re N.Y. Times Co.*, 828 F.2d at 116); *see also Press-Enterprise Co. v. Superior Court of California*, 464 U.S. 501, 510 (1984) ("*Press-Enterprise I*"). "[B]road and general findings and conclusory assertions [are] insufficient to justify deprivation of public access to the record; specific, on-the-record findings are required." *Bernstein*, 814 F.3d at 136 (citations omitted).

According to the Plaintiff States' motion for leave to file the second amended complaint (21-cv-06841-PKC, ECF No. 136), the information redacted in that pleading was redacted because it was designated "Highly Confidential" by Google LLC pursuant to Paragraph 22 of the parties' protective order (21-cv-06841-PKC, ECF No. 101). But a showing of "good cause" adequate to justify entry of a protective order under Federal Rule of Civil Procedure 26(c)[3] to shield discovery material exchanged between parties cannot justify the sealing or redaction of judicial records. *See Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 166 (2d Cir. 2013) (explaining that "the facts necessary to show good cause for a protective order applicable to discovery documents that are not yet

---

[2] The court in *Bernstein* favored application of the "experience and logic" analysis because, it explained, the alternative approach—"consider[ing] the extent to which the judicial documents are derived from or are a necessary corollary of the capacity to attend the relevant proceedings"—"is relevant only after court proceedings have commenced." *Id*. at 141. Relevant to the court's analysis in *Bernstein*, however, was that the case "ultimately settled." *Id*. Here, both approaches support a constitutional presumption of access to the second amended complaint. Access to that pleading is a necessary corollary of the public's ability to attend, *inter alia*, any motion to dismiss hearing, trial, or other court proceedings in this matter.

[3] Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may move for a protective order" and that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

implicated in judicial proceedings will not necessarily meet the higher threshold imposed by the First Amendment with respect to judicial documents"). And a party's unilateral designation of discovery material as "Highly Confidential" pursuant to a protective order cannot override the public's First Amendment right to inspect judicial records filed in civil actions. *Westmoreland,* 752 F.2d at 22 (explaining that the public's "First Amendment interests" in access "are independent" from those of parties to a civil action). Simply put, absent specific factual findings by the Court that a "higher value" demonstrated by a party advocating for redaction "necessitate[s] a narrowly tailored sealing," *Lugosch*, 435 F.3d at 126, the second amended complaint must be accessible to the press and public without redaction.

## II. The press and public also have a presumptive right to inspect the second amended complaint under the common law.

In addition to the qualified First Amendment right of access discussed above, the public also has a common law right to inspect the second amended complaint in its entirety. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1312, 55 L. Ed. 2d 570 (1978). This right "is said to predate the constitution." *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*") (citing *Leucadia, Inc. v. Applied Extrusion Technologies, Inc.*, 998 F.2d 157, 161 (3rd Cir. 1993)). Pleadings, like the second amended complaint, are judicial records to which that common law right applies. *Bernstein*, 814 F.3d at 139 ("easily conclud[ing]" that a complaint is a judicial record).

In *Lugosch*, *Amodeo I*, and *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995) ("*Amodeo II*"), the Second Circuit set forth the analysis that courts must apply to requests to seal judicial records to which the common law presumption of public access applies. First, a court must determine the "weight of the presumption[,]" which is "a function of (1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts." *Bernstein*, 814 F.3d at 142 (internal quotation marks omitted) (citing *Lugosch*, 435 F.2d at 119–20). Second, that weight is then balanced against any "danger of impairing law enforcement or judicial efficiency" and "the privacy interests of those resisting disclosure." *Amodeo II*, 71 F.3d at 1050.

The common law presumption of public access to the second amended complaint is particularly weighty. *Bernstein*, 814 F.3d 132 ("easily determin[ing] that the weight of the presumption" of public access to a civil complaint "is strong"). "Pleadings, such as the complaint here, are highly relevant to the exercise of Article III judicial power. Of all the records that may come before a judge, a complaint is among the most likely to affect judicial proceedings." *Id.* And for those members of the public, like amici, who "monitor the courts," sealed or redacted complaints encumber their understanding of what "claim has been leveled and [what] state power has been invoked—and public resources spent—in an effort to resolve the dispute." *See id.* at 141. That this litigation involves antitrust claims brought by the Plaintiff States against Google LLC only

strengthens the presumption. *See In re NBC, Inc.*, 635 F.2d 945, 947–48 (2d Cir. 1980) ("*Myers*") (explaining that the presumption in favor of public access "is especially strong in a case" where the judicial records at issue "show[] the actions of public officials"); *see also Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (holding that, in balancing the presumption of public access against competing interests, the court should consider, among other factors, "whether the information concerns public officials or public concerns").

As with the First Amendment right of access, the mere fact that the information redacted in the second amended complaint was designated "Highly Confidential" by a party pursuant to a protective order is insufficient to overcome the public's common law right of access to that information. As stated above, Rule 26(c)'s "good cause" standard only applies in the context of discovery; it does not apply to determinations to seal or unseal judicial documents. *See Amodeo II*, 71 F.3d at 1050 (stating that documents "that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the [common law] presumption's reach"). And, as with the First Amendment presumption of public access, the common law presumption cannot be overcome by broad, generalized assertions of harm to business interests. "A party seeking to preclude disclosure of trade secrets has the burden to show that the information in fact constitutes a trade secret, that disclosure would harm movant's competitive position and that the asserted harm outweighs the presumption of public access. With respect to proof of competitive harm, vague and conclusory allegations will not suffice." *Encyclopedia Brown Prods., Ltd. v. Home Box Off., Inc.*, 26 F. Supp. 2d 606, 613 (S.D.N.Y. 1998).

\*   \*   \*

As the late, Honorable Judge William H. Pauley III observed more than a decade ago, the scenario implicated here, "where corporate parties petition a federal court to grant them a privilege not afforded other litigants" has become an "all too frequent occurrence." *In re Eastman Kodak Co*, 2010 WL 2490982, at \*1 (S.D.N.Y. June 15, 2010) (denying plaintiff's request to file sealed and redacted complaints on the basis of "private agreements" with defendants "to keep the terms of their license agreements confidential"). Federal court is not an "arbitral forum—where [parties] set the rules. . . . [A] federal court is a transparent forum." *Id.* Accordingly, and for the reasons set forth herein, amici respectfully urge the Court to vindicate the First Amendment and common law presumptions of public access to the second amended complaint and require it to be publicly filed in unredacted form.

                                                Respectfully submitted,

                                                */s/ Katie Townsend*
                                                Katie Townsend
                                                The Reporters Committee for
                                                  Freedom of the Press
                                                1156 15th St. NW, Suite 1020

Washington, D.C. 20005
Phone: (202) 795-9300
Facsimile: (202) 795-9310
ktownsend@rcfp.org

*Counsel of Record for Amici Curiae*
*The Reporters Committee for Freedom of the Press*
*Advance Publications, Inc.*
*The Associated Press*
*Bloomberg L.P.*
*BuzzFeed*
*Californians Aware*
*The Center for Investigative Reporting (d/b/a Reveal)*
*Dow Jones & Company, Inc.*
*First Amendment Coalition*
*Inter American Press Association*
*Los Angeles Times Communications LLC*
*The Media Institute*
*MLex*
*Mother Jones*
*National Freedom of Information Coalition*
*National Press Photographers Association*
*The New York Times Company*
*The News Leaders Association*
*News Media Alliance*
*POLITICO LLC*
*Reuters News & Media Inc.*
*Society of Professional Journalists*
*Tully Center for Free Speech*
*WNET*