UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-MD-3010 (PKC) |

*This Declaration Relates To:*

|  |  |
|---|---|
| THE STATE OF TEXAS, *et al.,* <br><br> *Plaintiffs*, <br><br> - against - <br><br> GOOGLE LLC, <br><br> *Defendants*. | No. 21-CV-6841 (PKC) |

**DECLARATION OF ALOK VERMA IN SUPPORT OF DEFENDANT GOOGLE LLC'S
MOTION TO SEAL LIMITED ITEMS IN THE SECOND AMENDED COMPLAINT**

I, Alok Verma, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am Head of Strategic Partnerships for Ad Platforms at Google LLC.  I have been employed by Google since September 2014 and have held my current position since that time. Based on my work at Google, I have personal knowledge of the company's practices and procedures for maintaining the confidentiality of information related to strategic partnerships, including information related to contract negotiations and final agreements.

2.      I submit this declaration in support of Google's Motion to Seal in *In Re Google Digital Advertising Antitrust Litigation*, Case No. 21-MD-3010 (PKC) (S.D.N.Y.), filed on September 17, 2021.  I am informed and believe that the sealed material reveals confidential information produced by Google pursuant to discovery requests or civil investigative demands.

3.      The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Google's policies and practices as they relate to the treatment of confidential information, the materials that were provided to me and reviewed by me, and/or informed by conversations with other knowledgeable employees of Google.  If called upon as a witness in this action, I could and would testify competently thereto.

4.      Google follows a strict practice that requires confidential treatment of confidential commercial proposals to third parties and confidential agreements with third parties as well as internal and future strategic business plans.  Third parties, in an array of contexts, entrust confidential information to Google and they have an expectation that Google has sufficient controls and processes in place to maintain and protect the confidentiality of that information.  In my experience and to the best of my knowledge, Google does not disclose internal documents or confidential agreements or proposals of this nature outside of the company, with the exception of

certain documents that Google shares with partners or fiduciaries, subject to further confidentiality requirements.

5.      Among other things, the disclosure of these materials could reveal highly sensitive non-public commercial information, significantly harm Google's relationships and ability to conduct business with counterparties and prospective counterparties, and/or place Google at a disadvantage with competitors who could use Google's confidential analyses to their advantage in competition with Google.  These materials therefore have economic value from not being generally known to Google's competitors, counterparties, or the general public.

6.      To the best of my knowledge, the following information in the Second Amended Complaint that is the subject of Google's Motion to Seal is highly sensitive and confidential, and it derives from confidential materials Google produced in response to document requests or to civil investigative demands.  As described in detail below, Google has compelling reasons to seal this confidential information to, among other things, avoid competitive harm to both Google and third parties, avoid potentially misleading investors, avoid disclosure of confidential agreements between Google and third parties, and prevent competitors and potential business partners from using the information against Google in future negotiations.

### Specific Information to Redact from the Second Amended Complaint

**(Exhibit A[1])**

7.      Google has a commercial relationship with Facebook embodied in an ongoing Network Bidding Agreement that governs Facebook's participation in Google's Open Bidding

---

[1] To simplify the Court's consideration of Defendant Google LLC's Motion to Seal, Exhibit A (filed under seal) contains all proposed redactions to the Second Amended Complaint, which are described in both the Declaration of Dan Taylor and the Declaration of Alok Verma.

program.  Although the fact of this partnership has by no means been a secret,[2] the Second Amended Complaint describes numerous provisions of that agreement that are non-public and confidential.  Disclosure of this information will harm Google's ability to negotiate similar arrangements with partners in the future and therefore to compete in the Ad Tech industry.  Further, the release of confidential terms likely will damage the ongoing commercial relationship between Google and Facebook.

8.      **Paragraph 218**.  The highlighted text reveals confidential non-public information regarding Google's ongoing commercial relationship with Facebook and, in particular, Google's strategic approach to negotiating the partnership.  This information is contained in an internal Google document that has never been disclosed publicly, and disclosure would severely and adversely impact Google's ongoing commercial relationship with Facebook.  If revealed publicly, Facebook could use this non-public and confidential information to disadvantage Google in any future negotiations about the scope and terms of the partnership.  For example, if disclosed, Facebook could use insights into Google's internal evaluations of the partnership to the detriment of Google by extracting unfavorable terms from Google.

9.      **Paragraph 219**.  The highlighted text reveals confidential non-public information regarding Google's ongoing commercial relationship with Facebook, including certain specific deal terms of the Network Bidding Agreement.  This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future.  If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations.  For

---

[2] *See* Facebook Audience Network, "Continued Momentum for Audience Network Bidding" (Dec. 14, 2018), *available at* https://www.facebook.com/audiencenetwork/news-and-insights/continued-momentum-for-audience-network-bidding.

example, unless Google is able to maintain the confidentiality of this information, current or prospective partners would have access to the individually negotiated terms with Facebook and are likely to demand similar terms to Google's detriment.  Moreover, Facebook has a reasonable expectation that Google will maintain the confidentiality of contractual terms.

10.     **Paragraph 222**.  The highlighted text reveals confidential non-public information regarding Google's ongoing commercial relationship with Facebook, including certain specific payment terms of the Network Bidding Agreement.  This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future.  If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations.  For example, unless Google is able to maintain the confidentiality of this information, current or prospective partners would have access to the individually negotiated terms with Facebook and are likely to demand similar terms to Google's detriment.  Moreover, Facebook has a reasonable expectation that Google will maintain the confidentiality of contractual terms.

11.     **Paragraph 224**.  The highlighted text reveals confidential non-public information regarding Google's ongoing commercial relationship with Facebook, including the parties' business strategies for implementing the agreement's terms and Facebook's participation in the Open Bidding program.  This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future.  If revealed to current or prospective partners, those partners could use this non-public and confidential information to demand Google make similar undertakings with respect to their partnerships.  For example, unless Google is able to maintain the confidentiality of this information, current or prospective partners would have access to specific details about how Google and Facebook

implemented their partnership and may demand similar efforts by Google. Moreover, Facebook has a reasonable expectation that Google will maintain the confidentiality of contractual terms.

12.     **Paragraph 225**.  The highlighted text reveals confidential non-public information regarding Google's ongoing commercial relationship with Facebook, including certain specific deal terms of the Network Bidding Agreement related to information sharing restrictions. This paragraph also includes a screenshot from the Network Bidding Agreement that would disclose those specific deal terms.  This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future.  If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations.  For example, unless Google is able to maintain the confidentiality of this information, current or prospective partners would have access to the individually negotiated terms with Facebook and are likely to demand similar terms to Google's detriment.  Moreover, Facebook has a reasonable expectation that Google will maintain the confidentiality of contractual terms.

13.     **Paragraph 231**.  The highlighted text reveals confidential non-public information regarding Google's ongoing commercial relationship with Facebook and, in particular, Google's strategic approach to negotiating the partnership.  This information is contained in an internal Google document that has never been disclosed publicly, and disclosure would severely and adversely impact Google's ongoing commercial relationship with Facebook.  If revealed publicly, Facebook could use this non-public and confidential information to disadvantage Google in any future negotiations about the scope and terms of the partnership.  For example, if disclosed, Facebook could use insights into Google's internal evaluations of the partnership to the detriment of Google by extracting unfavorable terms from Google.

14.   **Paragraph 232**.  The highlighted text reveals confidential non-public information regarding Google's ongoing commercial relationship with Facebook, including Facebook's performance in using the Open Bidding program. This information has never been disclosed publicly, and disclosure could severely and adversely impact Google's relationship with Facebook as well as other current or prospective Open Bidding partners.  If revealed to Facebook or a current or prospective Open Bidding partner, this non-public and confidential information could cause them to reevaluate or reconsider their commercial relationship with Google.

15.   **Paragraph 234**.  The highlighted text reveals confidential non-public information regarding Google's ongoing commercial relationship with Facebook, including certain specific deal terms of the Network Bidding Agreement related to regulatory cooperation.  This paragraph also includes a screenshot from the Network Bidding Agreement that would disclose those specific deal terms.  This information has never been disclosed publicly, and disclosure would severely and adversely impact Google's ability to negotiate agreements in the future.  If revealed to current or prospective partners, those partners could use this non-public and confidential information to disadvantage Google in future negotiations.  For example, unless Google is able to maintain the confidentiality of this information, current or prospective partners would have access to the individually negotiated terms with Facebook and are likely to demand similar terms to Google's detriment.  Moreover, Facebook has a reasonable expectation that Google will maintain the confidentiality of contractual terms.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on the 17th day of September, 2021, in Mountain View, California.

*Alok Verma*

_____
Alok Verma

7