UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION                                                                21-md-3010 (PKC)

-----------------------------------------------------------
THIS ORDER RELATES TO:

THE STATE OF TEXAS, et al.,

                Plaintiffs,

                                                                                         21-cv-6841 (PKC)

          -against-                                                                                                        ORDER

GOOGLE LLC,

                Defendant.

-----------------------------------------------------------x

CASTEL, District Judge:

        The state plaintiffs have submitted to the Court for sealing a Second Amended Complaint (the "Complaint"). Simultaneously, a second version of the Complaint was filed on September 9, 2021 on the public docket redacting, i.e. removing from public view, certain information pertaining to the advertising businesses of defendant Google LLC ("Google"), an allegedly unlawful agreement that Google entered with Facebook, and the names and email addresses of certain non-party Google employees. (Docket # 81.)

        In an Order dated September 7, 2021, the Court directed the parties to show cause in writing why the Second Amended Complaint in its entirety ought not be publicly filed. (Docket # 61.) The state plaintiffs responded that that they have no objection to filing the entire document on the public docket and that their sole reason for the redactions was to comply with Google's confidentiality designations. (Docket # 113.)

Google seeks to maintain some but not all redactions in the existing public filing. (Docket # 116.) Letter-briefs in support of unsealing have been filed by the Reporters Committee for Freedom of the Press and by a collection of individuals who describe themselves as "scholars, practitioners, and advocates with notable expertise in the subject of privacy . . . ." (Docket # 114, 115.) Google urges that certain limited redactions should be maintained because they include internal, non-public information that "merely embellishes" plaintiffs' claims while also threatening Google's commercial interests. (Docket # 117.)

For the reasons that will be explained, the Court concludes that the Second Amended Complaint is a judicial document with a strong presumption of public access. Google has overcome the presumption of public access as to portions of the Complaint that include the names and contact information of certain Google employees, and an allegation that appears to describe information about Google's advertising technology. As to allegations about Google's agreement with Facebook, and internal Google figures pertaining to revenue, commissions and market share – some of which are historical or presented as estimates – Google has not demonstrated a privacy interest that overcomes the strong presumption of public access afforded to the Complaint. Google's motion will therefore be granted in part and denied in part.

A three-step analysis governs whether a filing may be submitted under seal or with redactions. First, the court determines whether the filing is a "judicial document"; second, it determines the weight of the presumption of access afforded to the document; and third, the court must identify and weigh factors "that legitimately counsel" against public access. <u>Mirlis v. Greer</u>, 952 F.3d 51, 59 (2d Cir. 2020). Sealing or redaction is warranted if the privacy interests of the party resisting disclosure outweigh the presumption of access. <u>Id.</u>

Judicial documents are materials that are "'relevant to the performance of the judicial function and useful in the judicial process . . . .'" Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006) (quoting United States v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I").  A complaint "plainly" qualifies as a judicial document.  Bernstein v. Bernstein Litowitz Berger & Grossmann LLP, 814 F.3d 132, 140 (2d Cir. 2016) ("A complaint, which initiates judicial proceedings, is the cornerstone of every case, the very architecture of the lawsuit, and access to the complaint is almost always necessary if the public is to understand a court's decision.") (quotation marks and citation omitted).  "Such documents are presumptively public so that the federal courts 'have a measure of accountability' and so that the public may 'have confidence in the administration of justice.'" Id. at 139 (quoting United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995) ("Amodeo II")).

The right of public access to a judicial document arises both from the First Amendment and common law.  Lugosch, 435 F.3d at 119-20.  In determining the First Amendment right to access, courts consider whether the documents have historically been open to the press and public and whether public access plays a significant and positive role in the judicial process.  Bernstein, 814 F.3d at 141.  The common law presumption of access is based in the general right of the public to inspect and copy judicial records and other documents, and predates the U.S. Constitution.  Id. at 142.  "Complaints have historically been publicly accessible by default, even when they contain arguably sensitive information."  Id. at 141.

"Finding that a document is a 'judicial document' triggers a presumption of public access, and requires a court to make specific, rigorous findings before sealing the document or otherwise denying public access."  Newsday LLC v. Cty. of Nassau, 730 F.3d 156, 167 n.15 (2d Cir. 2013).  The right to access is not absolute, however, and the weight afforded to

the presumption may vary, depending on the document's role in the judicial process.  Lugosch, 435 F.3d at 121.  When documents directly affect an adjudication or are used to determine the litigants' substantive legal rights, "the presumption of access is at its zenith" and can only be overcome by "extraordinary circumstances."  Bernstein, 814 F.3d at 142.  "It is not, and should not be, an easy matter to deny the public access to documents that are utilized in judicial proceedings and form part of the basis of judicial decision-making, since the public is ordinarily entitled to review such material in order to understand and evaluate the actions of the courts."  Newsday, 730 F.3d at 167 n.15.  When there is a strong presumption of access, as is the case here, "'continued sealing of the documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.'"  Brown v. Maxwell, 929 F.3d 41, 47 (2d Cir. 2019) (quoting Lugosch, 435 F.3d at 124).

        Redaction may be appropriate to protect confidential information.  Amodeo II, 71 F.3d at 1047-48.  "The need to protect sensitive commercial information from disclosure to competitors seeking an advantage may constitute such an interest."  In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig., 2014 WL 12772236, at *2 (S.D.N.Y. Nov. 5, 2014) (Broderick, J.).  Courts must consider the "nature and degree of the injury" if information is publicly disclosed.  Mirlis, 952 F.3d at 61.  Information should not be redacted merely because it might harm a party's public reputation.  Sony Ericsson Mobile Commc'ns AB v. Delta Elecs. Pub. Co. (Thailand), 2009 WL 959639, at *2 (S.D.N.Y. Apr. 8, 2009) (Jones, J.).  The privacy interests of innocent third parties also "should weigh heavily in a court's balancing equation."  S.E.C. v. TheStreet.Com, 273 F.3d 222, 232 (2d Cir. 2001) (quotation marks omitted).

In support of its motion, Google has submitted declarations of two employees: Alok Verma, who has the job title of "Head of Strategic Partnerships for Ad Platforms," and Dan Taylor, who has the job title of "Vice President of Global Ads." (Docket # 119, 120.) Taylor states that Google has a "strict practice" to maintain the confidentiality of internal financial information, proposals and agreements involving third parties, internal business analyses, and internal business plans. (Taylor Dec. ¶ 4.) Taylor states that disclosure of redacted information could harm Google's existing commercial relationships and benefit its competitors. (Compl't ¶ 5.) Verma's declaration is directed toward Google's business relationship with Facebook, and specifically certain terms contained in a "Network Bidding Agreement" entered into by Google and Facebook.

Set forth below are the Court's findings and conclusions, paragraph by paragraph.

A. Paragraphs 16, 40, 62, 63, 110, 126, 139, 155, 178, 179, 182, 240, 252 and 255.

These paragraphs of the Complaint contain limited redactions that conceal Google's internal estimates and percentage ranges about matters like ad-sales commissions (¶¶ 62, 255), publisher revenues and Google's fees (¶¶ 16, 40, 178-79), the success rate of Google's ad-buying tools and sales on Google's own ad exchange (¶ 63, 110, 126, 139) and revenue that accrued to Google through certain business practices (¶ 155, 182).

The redactions conceal information about the alleged economic consequences of practices that plaintiffs have alleged to be anticompetitive. Though the volume of redactions is small in proportion of the 482-paragraph complaint, the redacted information gives concrete detail about plaintiffs' allegations and are relevant to the plausibility of their claims. Among other things, the redacted information tends to show changes in Google revenue after the company adopted or modified certain practices, the company's business dealings with

publishers, and the degree to which Google's ad-buying tools were dominant on Google's own ad exchange. Some of the redacted figures are broad ranges or estimates, while others appear to be more precise. Many of the figures are historical. None of these redactions implicate the privacy interests of a third party or the proprietary technical information of Google.

As Google correctly points out, nonpublic financial statements and sales information may appropriately be subject to sealing or redaction. See, e.g., Lexington Furniture Indus., Inc. v. Lexington Co., AB, 2021 WL 1143694, at *2 (S.D.N.Y. Mar. 24, 2021). In support of maintaining the redactions, the Taylor Declaration has not described discrete, articulable privacy interest that outweigh the presumption of public access. Taylor repeatedly cites the possibility that disclosure of the redacted figures could give negotiating leverage to Google's customers or cause price competition from Google's competitors. The harms described by Taylor are vaguely described and rather conclusory. They do not identify privacy interests or concrete harms that outweigh the presumption of public access. Given the nature of plaintiffs' claims, the right of public access to allegations going toward market share, revenue and competition outweighs the generalized harms identified in the Taylor Declaration.

Google's sealing motion will therefore be denied as to paragraphs 16, 40, 62, 63, 110, 126, 139, 155, 178, 179, 182, 240, 252 and 255.

B.  Paragraph 239.

The redacted portion of paragraph 239 alleges details about the engineering of Google's "predictive modeling" process. The Taylor Declaration describes the contents as "technical information regarding how Google's buy-side products calculate bid prices." (Taylor Dec. ¶ 14.) The declaration credibly states that competitors and counterparties "could use this

non-public and confidential information to replicate Google's proprietary features in their own products, which would undermine Google's business." (Id.)

Google has made a showing that its privacy interest in the redacted information outweighs the presumption of public access, and its motion will therefore be granted as to the redaction in paragraph 239.

C. Paragraphs 218, 219, 222, 224, 225, 231, 232 and 234.

Some of the redactions go toward Google's relationship with Facebook, which is a non-party to this action. The Complaint asserts that Google entered into "an unlawful agreement with Facebook, its largest potential competitive threat, to manipulate advertising auctions." (Compl't ¶ 2.) It alleges that this "Network Bidding Agreement" is a per se violation of the Sherman Act. (Compl't ¶¶ 341-44.)

The Verma Declaration states that Google has a "strict practice" of maintaining confidentiality about third-party arrangements and Google's own business plans. (Verma Dec. ¶ 4.) Verma states that disclosure of certain terms of the agreement "could reveal highly sensitive non-public commercial information" and impair its existing and future business relationships. (Verma Dec. ¶¶ 5-6.) Verma also states that while he existence of Google's agreement with Facebook is widely known, the Complaint also describes numerous confidential provisions entered between Facebook and Google. (Verma Dec. ¶ 7.)

The redaction contained in paragraph 218 quotes from an internal Google memo about Google's rationale for entering into an agreement with Facebook. The statement does not discuss operational or proprietary details about either company. Verma states that its disclosure could give Facebook leverage in future negotiations with Google. (Verma Dec. ¶ 8.) Given the generalized nature of the redacted statement, Google has not articulated a privacy interest that

outweighs the presumption of access.  The sealing motion will therefore be denied as to paragraph 218.

The redacted text in paragraphs 219, 222, 224, 225, 231, 232 and 234 describes terms of the agreement between Google and Facebook, including a screenshot of a portion of the agreement.  According to Verma, these provisions have not been publicly disclosed.  Verma states that disclosure of the agreement's terms could disadvantage Google in future negotiations with prospective business partners by encouraging them to seek terms similar to those reached with Facebook.  (Verma Dec. ¶¶ 9-15.)

As noted, Google's agreement with Facebook is alleged to be an unlawful restraint of trade that constitutes to a per se violation of the Sherman Act.  (Compl't ¶¶ 341-44.)  Allegations about the agreement are useful to the public's understanding about the performance of judicial functions and the strength of the state plaintiffs' claims, and they are afforded the highest presumption of public access.  See Bernstein, 814 F.3d at 142.  Here, the strong presumption of access outweighs the privacy interests outlined by Google, which are limited to a generalized risk that disclosure might give counterparties leverage in future negotiations.  The agreement was executed in September 2018, which, given the fluid nature of the technology sector, makes the agreement somewhat historical in nature.  Lastly, while Facebook is not a party to Texas et al. v. Google, 21 Civ. 6841 (PKC), it is a defendant in other actions to this Multidistrict Litigation, and it has filed no submission claiming a privacy interest in the redacted text or otherwise supporting the continued redactions.

Because Google has not demonstrated that its privacy interests outweigh the presumption of public access, its sealing motion will be denied as to paragraphs 218, 219, 222, 224, 225, 231, 232 and 234.

    D. <u>Paragraphs 123, 185, 192, 200, 205 and 241.</u>

    Paragraphs 123, 185, 192, 200, 205 and 241 redact the names, job titles and e-mail addresses of Google employees who are quoted in the Complaint.  Non-parties to an action may have "significant privacy interests" that favor redaction of identifying information. <u>Kewazinga Corp. v. Microsoft Corp.</u>, 2021 WL 1222122, at *5 (S.D.N.Y. Mar. 31, 2021) (Woods, J.).  The names and contact information of these employees have no apparent bearing on any issue in this dispute.  The privacy interests of these Google employees outweighs the strong presumption of public access.

    Google's motion will therefore be granted as to paragraphs 123, 185, 192, 200, 205 and 241.

CONCLUSION.

    Google's sealing motion is GRANTED as to paragraphs 123, 185, 192, 200, 205, 239 and 241 of the Second Amended Complaint.  It is DENIED as to paragraphs 16, 40, 62, 63, 110, 126, 139, 155, 178, 179, 182, 218, 219, 222, 224, 225, 231, 232, 234, 240, 252 and 255.

    Plaintiffs are directed to publicly file a version of the Second Amended Complaint that conforms to this Order no later than October 22, 2021.

    The Clerk is directed to terminate Google's motion and the related letter-motion. (21 MD 3010, Docket # 114, 116; 21 Civ. 6841, Docket # 143, 144.)

    SO ORDERED.

                 _____
                    P. Kevin Castel
                  United States District Judge

Dated: New York, New York
    October 15, 2021