**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION

No. 21-MD-3010 (PKC)

*This Response Relates To:*

THE STATE OF TEXAS, *et al.,*

                              *Plaintiffs*,

        - against -

GOOGLE LLC,

                              *Defendants*.

No. 21-CV-6841 (PKC)

**PRIVATE PLAINTIFFS' RESPONSE TO MOTION FOR LEAVE TO FILE THE
UNREDACTED THIRD AMENDED COMPLAINT UNDER SEAL**

The private plaintiffs identified below submit this response to the Plaintiff States' Motion

for Leave To File the Unredacted Third Amended Complaint Under Seal (MDL ECF No. 174).[1]

Pursuant to this Court's Individual Practices, we note that no conference is currently scheduled.

The States have proposed to redact paragraph 381 of the Third Amended Complaint

relating to Google's "predictive modeling process."  That redaction is unnecessary and

inappropriate under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006),

for two reasons.  *First*, unsealing this allegation will not harm Google's privacy interests because

the allegation does not contain any non-public, technical details concerning Google's bidding

_____

[1] "MDL ECF No." refers to the document numbers for documents filed in 21-md-3010.

programs.  *Second*, the allegation describes one of Google's core anticompetitive behaviors and is thus important to the public's understanding of the States' complaint and should be afforded the highest presumption of public access.

**1.**  The information in paragraph 381 does not reveal non-public details regarding a Google bidding algorithm.  *See Lytle v. JPMorgan Chase*, 810 F. Supp. 2d 616, 626 (S.D.N.Y. 2011) (refusing to seal information that was "already in the public record"); *see also P&L Dev. LLC v. Bionpharma Inc.*, No. 1:17CV1154, 2019 WL 2079830, at *8 (M.D.N.C. May 10, 2019) ("already public" information is not appropriate to seal).  Google previously represented to the Court that unsealing similar information in the States' Second Amended Complaint (MDL ECF No. 152) ("SAC") "would reveal non-public inputs into [a] particular bidding algorithm."  Def.'s Mem. Supp. Mtn. To Seal at 7-8, MDL ECF No. 117.  Dan Taylor, Google's Vice President of Global Ads, acknowledged that he lacked a "detailed understanding of the specific technical aspects described in [SAC ¶ 239]," yet he declared that unsealing "this type of information would severely and adversely impact Google's ability to compete in the market" and "competitors and potential business counterparties . . . could use this non-public and confidential information to replicate Google's proprietary features in their own products."  Taylor Decl. ¶ 14, MDL ECF No. 119.

However, it is plain on its face that paragraph 381 reveals no proprietary features – or at least no new ones that are not already alleged in public complaints.  *All* of the publisher-side complaints in this MDL have made analogous allegations.  *See*, *e.g.*, SAC ¶ 142 ("Google strategically prevented publishers' users from being easily identified, with one critical caveat: Google enables itself to use that very same information for its *own* trade decisions.") (emphasis in original); Compl. ¶ 104, *Assoc. Newspapers Ltd. v. Google*, No. 1:21-cv-03446 (S.D.N.Y.

Apr. 20, 2021), ECF No. 1 ("Google prevents others from doing what it does itself: passing user

IDs to its exchange and DSPs."); Am. Class Action Compl. ¶ 154, *In re Google Digit. Publisher*

*Antitrust Litig.*, No. 1:21-cv-07034 (S.D.N.Y. Apr. 5, 2021), ECF No. 64 ("Google degraded the

information available to others in the market, preserving complete information only for itself, by

hashing user identifiers."); Compl. ¶ 83, *HD Media Co., LLC v. Google, LLC*, No. 1:21-cv-

06796 (S.D.N.Y. Jan. 29, 2021), ECF No. 1 ("[B]uyers using Google's software . . . receive[d]

extra information that allowed them to adjust their bidding strategy.").  Similarly, the most recent

advertiser class complaint in the Northern District of California litigation alleges that "Google's

scrambling of IDs . . . has directly interfered with competition."  First Am. Class Action Compl.

¶¶ 140-141, *In re Google Digit. Advert. Antitrust Litig.*, No. 1:21-cv-07001 (S.D.N.Y. Dec. 4,

2020), ECF No. 52.

Other already public allegations in the States' Second Amended Complaint reveal

analogous details concerning Google bidding programs.  SAC ¶ 149 ("Google's RPO program

uses exclusive access to publishers' user IDs to dynamically adjust the price floors in Google's

exchange" to a level based on "a buyer's predicted willingness to pay."); *see also id*. ¶¶ 148, 150,

154.  Google did not protest that those allegations "would severely and adversely impact

Google's ability to compete in the market."  Taylor Decl. ¶ 14.

Outside of this litigation, Google acknowledges that it uses user information available to

it to optimize its bidding.  The ability to do so is part of Google's sales pitch to advertisers.  *See*,

*e.g.*, Google, *Display Smart Bidding Guide* 4, https://services.google.com/fh/files/misc/gda_

smart_bidding_guide.pdf (last visited Nov. 16, 2021) (explaining that Google's bidding

algorithm uses signals including "user characteristics" like "age and gender," "location," and

"device" along with "user behavior" including "previous sites visited," "value of products

viewed," and "cross-device behavior and conversions").  Mr. Taylor's conclusory statement that "this type of information" is "non-public" is false.  Taylor Decl. ¶ 14.[2]

Moreover, unsealing the information in paragraph 381 will not cause Google competitive harm.  Since Google blocks rivals from using the very inputs the description of which Google seeks to seal, those rivals cannot "replicate Google's proprietary features in their own products." Taylor Decl. ¶ 14.

**2.**  Google's using the information described in paragraph 381, while blocking rivals' use, is one of Google's primary anticompetitive behaviors.  The alleged conduct both harms competition and shows that any assertion of privacy concerns is a pretext.  The allegation is thus "useful to the public's understanding about . . . the strength of the state plaintiffs' claims" and should be "afforded the highest presumption of public access."  Order at 8, MDL ECF No. 147 (citing *Bernstein v. Bernstein Litowitz Berger & Grossman LLP*, 814 F.3d 132, 142 (2d Cir. 2016)).  There is no protectable secrecy interest in an illegal business method.  *Cf. Lowell v. Lewis*, 15 F. Cas. 1018, 1019 (C.C.D. Mass. 1817) (Justice Story: inventions that are "injurious to the well-being, good policy, or sound morals of society" are unpatentable).

The private plaintiffs below respectfully request that the Court order the unsealing of paragraph 381.

---

[2] Google's conduct was also extensively described in last year's House Staff report.  *See* Majority Staff of Subcomm. on Antitrust, Com. & Admin. Law of the H. Comm. On the Judiciary, 116th Cong., *Investigation of Competition in Digital Markets:  Majority Staff Report and Recommendations*, at 210 (Google "combine[s] DoubleClick [ad server] data with personal information collected through other Google services"), 217 ("Google's agreements with device manufacturers . . . require that manufacturers configure a 'Client ID,' which is a unique alphanumeric code incorporated in the smartphone that enables Google to combine metrics tracked via the hardware with all the other data Google collects on users"), 217-18 ("Google can build sophisticated user profiles reflecting a person's demographic, where they are, and where they go, as well as which apps they use at what time and for how long. These intimate user profiles, spanning billions of people, are a key source of Google's advantage in its ad business.") (Oct. 2020), https://judiciary.house.gov/uploadedfiles/competition_in_digital_markets.pdf.

Dated:  November 16, 2021

/s/ Dena C. Sharp

Dena C. Sharp (*pro hac vice*)
dsharp@girardsharp.com
Jordan Elias (*pro hac vice*)
jelias@girardsharp.com
Scott M. Grzenczyk (*pro hac vice*)
scottg@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

Archana Tamoshunas (AT-3935)
atamoshunas@tcllaw.com
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, NY 10038
Telephone: (212) 931-0704

April Lambert (*pro hac vice*)
alambert@radicelawfirm.com
**RADICE LAW FIRM, PC**
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502

*Counsel for Advertiser Plaintiffs Surefreight Global LLC d/b/a Prana Pets and Hanson Law Office, as successor-in-interest to Hanson Law Firm, PC*

Respectfully submitted,

/s/ John Thorne

John Thorne (admitted *pro hac vice*)
**KELLOGG, HANSEN, TODD, FIGEL
   & FREDERICK, P.L.L.C.**
1615 M Street, NW, Suite 400
Washington, DC 20036
Tel:  (202) 326-7992
Fax:  202-326-7999
Email:  jthorne@kellogghansen.com

*Counsel for Plaintiffs Associated Newspapers Ltd. and Mail Media, Inc.*[3]

/s/ Fred T. Isquith, Sr.

Fred T. Isquith, Sr. (FI-6782)
ftisquith@zsz.com
Robert S. Schachter (RS-7243)
rschachter@zsz.com
**ZWERLING, SCHACHTER &
ZWERLING, LLP**
41 Madison Avenue, 32nd Floor
New York, NY 10010
Telephone: (212) 223-3900

/s/ Fred T. Isquith, Jr.

Fred T. Isquith, Jr. (FI-1064)
isquithlaw@gmail.com
**ISQUITH LAW**
220 East 80th Street
New York, NY 10075
Telephone: (607) 227-6513

---

[3] Pursuant to this Court's ECF Rule 8.5, counsel for plaintiffs Associated Newspapers Ltd. and Mail Media, Inc. represents that undersigned counsel for plaintiffs consent to the placement of their electronic signatures on this document.

/s/ Tina Wolfson
Tina Wolfson (TW-1016)
twolfson@ahdootwolfson.com
Theodore W. Maya (*pro hac vice* forthcoming)
tmaya@ahdootwolfson.com
Bradley K. King (BK-1971)
bking@ahdootwolfson.com
Rachel R. Johnson (*pro hac vice* forthcoming)
rjohnson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, CA 91505
Telephone: (310) 474-9111

*Counsel for Advertiser Plaintiff Vitor Lindo*

/s/ Serina M. Vash
Serina M. Vash
**HERMAN JONES LLP**
153 Central Avenue, Suite 131
Westfield, NJ 07090
Telephone:  404/504-6516

Chad Johnson
**ROBBINS GELLER RUDMAN
   & DOWD LLP**
420 Lexington Avenue, Suite 1832
New York, NY 10170
Telephone:  212/432-5100

Paul J. Geller*
Stuart A. Davidson*
Maxwell H. Sawyer*
**ROBBINS GELLER RUDMAN
   & DOWD LLP**
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)

/s/ Pamela A. Markert
Solomon B. Cera (admitted *pro hac vice*)
scera@cerallp.com
Pamela A. Markert (admitted *pro hac vice*)
pmarkert@cerallp.com
**CERA LLP**
595 Market St., Suite 1350
San Francisco, CA 94105
Telephone: (415) 777-2230

/s/ Kate M. Baxter-Kauf
Heidi Silton (admitted *pro hac vice*)
hmsilton@locklaw.com
Kate M. Baxter-Kauf (admitted *pro hac vice*)
kmbaxter-kauf@locklaw.com
**LOCKRIDGE GRINDAL NAUEN P.L.L.P.**
100 Washington Avenue S., Suite 2200
Minneapolis, MN 55401-2159
Telephone: (612) 596-4092

/s/ Richard Vita
Richard Vita (*pro hac vice* forthcoming)
rjv@vitalaw.com
**VITA LAW OFFICES, P.C.**
100 State Street, Suite 900
Boston, MA 02109
Telephone: (617) 426-6566

*Counsel for Advertiser Plaintiffs SPX Total
Body Fitness LLC, d/b/a The Studio Empower,
SkinnySchool LLC d/b/a Maria Marques
Fitness, and Mint Rose Day Spa LLC, on
Behalf of Themselves and All Others Similarly
Situated*

Paul T. Farrell, Jr.\*
Michael J. Fuller, Jr.\*
**FARRELL & FULLER, LLC**
1311 Ponce De Leon, Suite 202
San Juan, PR 00907
Telephone: 939/293-8244
939/293-8245 (fax)

Robert P. Fitzsimmons\*
Clayton J. Fitzsimmons\*
**FITZSIMMONS LAW FIRM PLLC**
1609 Warwood Avenue
Wheeling, WV 26003
Telephone: 304/277-1700
304/277-1705 (fax)

John C. Herman\*
**HERMAN JONES LLP**
3424 Peachtree Road, N.E., Suite 1650
Atlanta, GA  30326
Telephone:  404/504-6555
404/504-6501 (fax)

*Attorneys for Newspaper Plaintiffs*
\* Denotes counsel admitted *pro hac vice*

*/s/ Jonathan Rubin*
Jonathan L. Rubin (*Pro Hac Vice*)
**MOGINRUBIN LLP**
1615 M Street, NW, Third Floor
Washington, D.C. 20036
(202) 630-0616
jrubin@moginrubin.com

Daniel J. Mogin (*Pro Hac Vice*)
Jennifer M. Oliver (N.Y. Bar No. 4547428)
Timothy Z. LaComb (*Pro Hac Vice*)
**MOGINRUBIN LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
(619) 687-6611
dmogin@moginrubin.com
joliver@moginrubin.com
tlacomb@moginrubin.com

*Counsel for Plaintiffs, Cliffy Care, Kinin, Rodrock, and Raintree and Interim Class Counsel*

Richard F. Lombardo (*Pro Hac Vice*)
Peter F. Rottgers (*Pro Hac Vice*)
**SHAFFER LOMBARDO SHURIN**
2001 Wyandotte Street
Kansas City, MO 64108
(816) 931-0500
rlombardo@sls-law.com
prottgers@sls-law.com

*Counsel for Plaintiffs, Cliffy Care, Rodrock, and Raintree*

Jason S. Hartley (*Pro Hac Vice*)
Jason M. Lindner (*Pro Hac Vice*)
**HARTLEY LLP**
101 W. Broadway, Ste 820
San Diego, CA 92101 (619)
400-5822
hartley@hartleyllp.com
lindner@hartleyllp.com

*Counsel for Plaintiff, Kinin*

/s/ Philip C. Korologos

Philip C. Korologos*
pkorologos@bsfllp.com
Brianna S. Hills*
bhills@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: (212) 446-2300

David Boies*
dboies@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Telephone: (914) 749-8200
Abby L. Dennis*
adennis@bsfllp.com
Jesse Panuccio*
jpanuccio@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
1401 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 895-7580

Mark C. Mao (236165)
mmao@bsfllp.com
Sean P. Rodriguez (262437)
srodriguez@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
44 Montgomery Street, 41st Floor
San Francisco, CA 94104
Telephone: (415) 293-6820

Sabria A. McElroy*
smcelroy@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
401 E. Las Olas Blvd., Suite 1200
Fort Lauderdale, FL 33301
Telephone: (954) 377-4216

*Interim Co-Lead Counsel for the
Publisher Class*
* Denotes counsel admitted *pro hac vice*

/s/ Eric L. Cramer

Eric L. Cramer*
ecramer@bm.net
Michael C. Dell'Angelo*
mdellangelo@bm.net
Caitlin G. Coslett*
ccoslett@bm.net
Patrick F. Madden*
pmadden@bm.net
**BERGER MONTAGUE PC**
1818 Market St., Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-3000

Sophia M. Rios (305801)
srios@bm.net
**BERGER MONTAGUE PC**
401 B Street, Suite 2000
San Diego, CA 92101
Telephone: (619) 489-0300

Daniel J. Walker*
dwalker@bm.net
**BERGER MONTAGUE PC**
2001 Pennsylvania Ave., NW, Suite 300
Washington DC 20006
Telephone: (202) 559-9745

*Interim Co-Lead Counsel for the Publisher
Class*
* Denotes counsel admitted *pro hac vice*

- 9 -

*/s/ George A. Zelcs*

George A. Zelcs*
gzelcs@koreintillery.com
Robert E. Litan*
rlitan@koreintillery.com
Randall P. Ewing*
rewing@koreintillery.com
Marc A. Wallenstein*
mwallenstein@koreintillery.com
Jonathon D. Byrer*
jbyrer@koreintillery.com
Ryan A. Cortazar*
rcortazar@koreintillery.com
**KOREIN TILLERY LLC**
205 North Michigan Avenue, Suite 1950
Chicago, IL 60601
Telephone: (312) 641-9750

Stephen M. Tillery*
stillery@koreintillery.com
Michael E. Klenov (277028)
mklenov@koreintillery.com
Carol L. O'Keefe*
cokeefe@koreintillery.com
**KOREIN TILLERY LLC**
505 North 7th Street, Suite 3600
St. Louis, MO 63101
Telephone: (314) 241-4844

*Interim Co-Lead Counsel for the
Publisher Class*
* Denotes counsel admitted *pro hac vice*