UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

IN RE GOOGLE DIGITAL ADVERTISING
ANTITRUST  LITIGATION                                              21-md-3010 (PKC)


-----------------------------------------------------------
THIS ORDER RELATES TO:

THE STATE OF TEXAS, et al.,

                Plaintiffs,

                                                                                 21-cv-6841 (PKC)

       -against-                                                                                ORDER

GOOGLE LLC,

                Defendant.

-----------------------------------------------------------x

CASTEL, District Judge:

        An Order of October 15, 2021 granted in part and denied in part the motion of Google LLC ("Google") to redact from public view portions of the Second Amended Complaint. (Docket # 147.)   The Court held that privacy interests outweighed the presumption of public access to the names, job titles and e-mail addresses of certain Google employees identified in the Second Amended Complaint, as well as details about the engineering of Google's "predictive modeling" process.  See generally Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006).  The sealing motion was otherwise denied.

        On November 12, 2021, the plaintiff states filed a Third Amended Complaint. (Docket # 176.)  As publicly filed, the Third Amended Complaint extensively redacts allegations about Google's advertising business.  Plaintiffs explain in an accompanying sealing motion that

the redactions were made "[o]ut of an abundance of caution" and include "more redactions than the Plaintiff States believe are necessary . . . ." (Docket # 174 at 2.)

In its response, Google proposes only modest redactions that are consistent with the Order of October 15. (Docket # 181 & Amini Dec. Ex. A.) Specifically, Google proposes to redact only the names, job titles and e-mail addresses of certain Google employees quoted in the Third Amended Complaint. (Third Am. Compl't ¶¶ 114, 115, 157, 251, 352, 364, 371, 385, 397, 415.) It also proposes to redact one sentence in paragraph 400 that purports to describe the competitive effects of a Google ad-buying tool geared toward large advertisers.

No party or non-party now urges that the broad redactions initially proposed by plaintiffs ought to be maintained.[1] Further, Google notes that it was not advised of plaintiffs' proposed redactions prior to the filing of the Third Amended Complaint and implies that in light of the October 15 Order, it would not have proposed such extensive redactions. (Google Response at 1-2, 2 n.2.)

For the reasons explained in the Order of October 15, 2021, the privacy interests implicated in the names, job titles and contact information of certain Google employees outweighs the presumption of public access, and the sealing motion will be granted as to those allegations.

Google's proposed redaction in paragraph 400 relates to the operations of a Google ad-buying tool. The state plaintiffs urge that the sentence merely summarizes prior allegations, does not convey confidential information and ought not be redacted. The proposed redaction does not convey technical or proprietary information and purports to identify an anti-

---

[1] The private plaintiffs filed a letter-brief contending that paragraph 381 should not be redacted or sealed and should be available for public review. (Docket # 178.) Google does not seek to maintain the redaction to paragraph 381. (Docket # 181 at 6 n.4.)

2

competitive effect of a Google ad-buying tool.  Google has not demonstrated a privacy interest that outweighs the presumption of public access and therefore the sealing application will be denied as to the proposed redaction in paragraph 400.

CONCLUSION.

The motion to seal the Third Amended Complaint is GRANTED as to the employee names, job titles and contact information identified in paragraphs 114, 115, 157, 251, 352, 364, 371, 385, 397 and 415 but is otherwise DENIED.  The Clerk is directed to terminate the motion.  (21 MD 3010 Docket # 174; 21 Civ. 6841 Docket # 164.)  Plaintiffs are directed to publicly file a version of the Third Amended Complaint that conforms to this Order no later than January 14, 2022.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       January 12, 2022