# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Google Digital Advertising Antitrust Litig. | Civil Action No. 21-MD-3010 (PKC) |

## **CONFIDENTIALITY ORDER**

> **Note to Reader re: In-line Disputed Provisions**
> **(Google): Google's proposed addition**
> **(Meta): Meta's proposed addition**
> **(Plaintiff): Plaintiffs' proposed addition**

In the interests of: (i) ensuring efficient and prompt resolution of these Actions; (ii) discovery by the Parties litigating these Actions; and (iii) protecting certain information from improper disclosure or use, the Court enters the following Confidentiality Order. This Order supersedes all protective orders or confidentiality orders previously entered in any of the Actions, as defined below in Paragraph 1(a).[1]

The Court, upon good cause shown and pursuant to Fed. R. Civ. P. 26(c)(l), ORDERS as follows:

## A.  Definitions

1.       As used herein:

---

[1] For the avoidance of doubt, the Agreed Protective Order between Google and the Office of the Attorney General of Texas, entered in Texas state court on February 20, 2020 (the "Texas OAG Order"), *Google v. Paxton*, No. D-1-GN-19-007654 (261st Dist. Ct., Travis County, Tex., Feb. 21, 2020), and the Confidentiality Agreement entered into In The Matter of The Multistate Investigation of Alphabet Inc., between Google and various states, including State Plaintiffs, dated February 20, 2020 (the "Multistate Confidentiality Agreement")

> **EITHER (Google) remain in full force and effect. OR (Plaintiff) are superseded by this Order, as to any State Plaintiff. For all other states which are not State Plaintiffs, the Multistate Confidentiality Agreement remains in full force and effect.**

(a)     "Actions" means collectively the actions centralized by the Judicial Panel on Multidistrict Litigation under the caption *In re Google Digital Advertising Antitrust Litig.*, No. 21-MD-3010 (PKC) (S.D.N.Y.), as well as any additional actions subsequently transferred and/or centralized with these Actions, including any related discovery, pretrial, trial, post-trial, or appellate proceedings. The term Action means an individual action within the Actions. For the avoidance of doubt, "Actions" excludes pre-suit investigations by State Plaintiffs.

(b)     "Confidential Information" or "Confidential" means information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c) and that have been so designated, or any Document, transcript, or other material containing such information that has not been published or otherwise made publicly available.[2] In addition, a Designating Party may designate as Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the Designating Party believes should receive Confidential treatment. Confidential Information includes (i) information copied or extracted, summarized or compiled from Confidential Information, and (ii) testimony, conversations, or presentations by Parties or their Counsel that reveal Confidential Information.

(c)     "Competitive Decision-Making" means the action or process of making a business decision or resolving a non-legal question relating to a competitor, potential competitor, customer, or distribution partner regarding contracts, marketing, pricing, product, service development or design, product, or service offering, research and development, mergers and acquisitions, or licensing, acquisition, funding or enforcement of intellectual property.  It does not

---

[2] For the avoidance of doubt, the Receiving Party's belief that material designated as Confidential does not meet this standard shall not deprive such material of the protections afforded to Confidential Information. Any challenge to a designation is subject to Paragraph 13.

include legal advice provided in connection with litigation, potential litigation, or regulatory matters, nor does it include work performed as part of a trial team or to keep management advised on the progress or status of litigation, potential litigation, or regulatory matters.

(d)  "Defendant" means any party named as a defendant in any of the Actions, including their parents, divisions, subsidiaries, affiliates, partnerships and joint ventures, and all directors, officers, employees, agents (including counsel), and representatives of the foregoing.

(e)  "Designated In-House Counsel" means up to four In-House Counsel designated by a Defendant or Plaintiff who are authorized to access Highly Confidential Information pursuant to Paragraph 14(d) or who may be authorized to access Highly Confidential Information pursuant to Paragraph 19 of this Order.

(f)  "Disclosed" means shown, divulged, revealed, produced, described, transmitted or otherwise communicated, in whole or in part.

(g)  "Document" means any document or electronically stored information, as the term is used in Fed. R. Civ. P. 34(a).

(h)  "Highly Confidential Information" or "Highly Confidential," as defined herein, shall only include information that, if disclosed publicly or to a Party, is likely to cause the Producing Party material and significant competitive or commercial harm, and that has been so designated.[3] Subject to the foregoing, Highly Confidential Information may include trade secrets, including algorithms and source code[4] **(Plaintiff) or Source Code** ; non-public, commercially

---

[3] For the avoidance of doubt, the Receiving Party's belief that material designated as Highly Confidential does not meet this standard shall not deprive such material of the protections afforded to Highly Confidential Information. Any challenge to a designation is subject to Paragraph 13.

**Google's Requested Provision; Disputed by Plaintiffs; Meta takes no position**

[4]**To the extent the production of source code becomes necessary, the Parties reserve their rights to modify this order as necessary to protect such materials and information, and the Parties shall meet and confer in good faith regarding such modifications. No Party will be required to produce source code until modifications to this order relating to the protection of source code have been entered by the Court.**

sensitive customer lists; non-public financial, marketing, or strategic business planning information; current or future non-public information regarding prices, costs, or margins; information relating to research, development testing of, or plans for existing or proposed future products; evaluation of the strengths and vulnerabilities of a Protected Person's product offerings, including non-public pricing and cost information; confidential contractual terms, proposed contractual terms, or negotiating positions (including internal deliberations about negotiating positions); information relating to pending or abandoned patent applications that have not been made available to the public; personnel files; sensitive personally identifiable information; and communications that disclose any Highly Confidential Information. Highly Confidential Information includes (i) information copied or extracted, summarized or compiled from Highly Confidential Information, and (ii) testimony, conversations, or presentations by Parties or their Counsel that would reveal Highly Confidential Information. A Designating Party may designate as Highly Confidential any information or items made publicly available in violation of a court order to keep such information confidential, that the Designating Party believes should receive Highly Confidential treatment. In addition, if a Protected Person (i) has produced Investigation Materials or (ii) is required by subpoena or court order to produce information that would cause it material and significant competitive or commercial harm, but that information does not specifically fall into one of the categories of information listed in this paragraph, upon a compelling showing, it may seek a court order that such information is Highly Confidential. If a motion is made pursuant to this paragraph and is related to a subpoena or court order, it must be filed no later than the due date to respond to the subpoena or court order. If a Protected Person seeks additional protection pursuant to this paragraph from the Court, the materials for which additional protection has been sought will not be provided to other Persons, aside from outside counsel, until the Court has ruled.

(i)      "In-House Counsel" means any lawyer employed by a Party as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by that lawyer and employed by that Party. In-House Counsel, however, does not include: 1) attorneys employed by the State Plaintiffs; or 2) Outside Counsel.

(j)      "Investigation" means the pre-complaint inquiry by the State Plaintiffs into potential anticompetitive conduct by Defendant Google.

(k)      "Investigation Materials" means non-privileged documents, testimony or other materials that: (i) any Non-Party provided to any Party, either voluntarily or under compulsory process, relating to the Investigation; (ii) constitute any communication between any Party and any Non-Party in connection with and during the Investigation; (iii) any Party provided to any Non-Party relating to the Investigation; and/or (iv) a Defendant, or affiliated person or entity, provided to a State Plaintiff relating to the Investigation. For the avoidance of doubt, the Investigation Materials are **EITHER (Google) governed by the terms of this Order OR (Plaintiff) deemed to have been produced in these Actions**. To the extent that any Investigation Materials are clawed back for any reason, the procedures set forth at Paragraph 12 of this Order shall apply and, as to State Plaintiffs, such procedures will supersede any other applicable claw back procedures governing the Investigation Materials including those set forth in the Texas OAG Order and the Multistate Confidentiality Agreement.

(l)      "Litigation Materials" means non-privileged documents, testimony, or other materials that: (i) any Non-Party provides to any Party, either voluntarily or under compulsory process, in connection with and during the pendency of any of the Actions; (ii) constitute any communication between any Party and any Non-Party in connection with and during the pendency of any of the Actions; (iii) a Defendant provides to any Plaintiff in connection with

and during the pendency of any of the Actions; and/or (iv) any Plaintiff provides to any Defendant in connection with and during the pendency of any of the Actions.

(m)     "Non-Party" means any natural person, partnership, corporation, association, or other legal entity not named as a Party in any Action.

(n)     "Outside Counsel" means the attorneys employed by outside law firms who are retained to represent or advise a Party in any of the Actions, as well as any paralegals, administrative assistants, and clerical and administrative personnel supervised by those lawyers and employed by those Outside Counsel. To the extent any Outside Counsel has not filed an appearance in any of the Actions ("Non-Appearing Law Firm"), a Party shall notify the other Parties of the name of the Non-Appearing Law Firm at least seven days before any attorneys of the Non-Appearing Law Firm obtain access to any Investigation Materials and/or Litigation Materials. Attorneys of the Non-Appearing Law Firm who are given access to Investigation Material and/or Litigation Material, shall first complete and execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto.

(o)     "Party" means any Plaintiff or Defendant in these Actions. "Parties" collectively means Plaintiffs and Defendants in the Actions.

(p)     "Plaintiffs" means the Plaintiffs in each of the Actions, including all of their employees, agents, and representatives.

(q)     "Person" means any natural person, corporate entity, business entity, partnership, association, joint venture, governmental entity, or trust.

(r)     "Producing Party" shall mean a Party who produced or produces Investigation Material or Litigation Material **(Plaintiff) or Source Code**.

(s)     "Protected Person" means any Person (including a Party or a Non-Party) that either voluntarily or under compulsory process, has provided or provides: (i) Investigation Materials, or (ii) Litigation Materials.

(t)     "Receiving Party" shall mean a Party who received or receives Investigation Material or Litigation Material (**Plaintiff) or Source Code**.

---

**Plaintiffs' Requested Provision; Disputed by Google; Meta takes no position on all source code references**

**(u) "Source Code" means extremely sensitive information or items representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs, disclosure of which other than pursuant to the terms of this Protective Order would create a risk of serious harm that could not be avoided by less restrictive means. To the extent production of Source Code becomes necessary in this case, a Party who produces Source Code may designate it as "Highly Confidential – Source Code." The protocols for Google's production of Source Code, and the review of such Source Code, appear in Appendix C to this Order.**

---

(u)     "State Plaintiffs" means the States of Texas, Alaska, Arkansas, Idaho, Indiana, Kentucky, Florida, Louisiana, Mississippi, Montana, Missouri, Nevada, North Dakota, South Dakota, South Carolina, Utah, the Commonwealth of Kentucky and Puerto Rico, and any other state that joins an Action.

(v)     "State Plaintiffs' Counsel" shall mean attorneys who work within the Attorney General's office of a State Plaintiff.

**B.   Designation of Highly Confidential Information and Confidential Information**

2.     Within five business days of the Court's entry of this Order, each Party shall send by email, facsimile, or overnight delivery a copy of this Order to any Non-Party Protected Person (or, if represented by counsel, the Non-Party Protected Person's counsel) that provided Investigation Materials to that Party.

3.     **Designation of Investigation Materials as Confidential or Highly Confidential by Protected Persons.** To the extent a Protected Person has already designated Investigation Materials as Confidential or Highly Confidential, including under the protective order entered in *Texas v. Google, LLC*, No. 4:20-cv-957-SDJ (E.D. Tex.), Dkt. 101, those materials shall retain those existing designations, subject to any later challenge by a Party.

<div style="border:1px solid black;">

**Google's Requested Addition to ¶3; Disputed by Plaintiffs; Meta takes no position**

**Except as explicitly provided herein, nothing in this Order purports to alter the protections previously afforded to Investigation Materials, including under the Texas OAG Order and the Multistate Confidentiality Agreement.**

</div>

To the extent that Investigation Materials are reproduced in the Actions, all protections afforded to Litigation Materials pursuant to this Order shall apply.

4.     Investigation Materials that have not been designated as Highly Confidential shall be treated as Confidential Information for purposes of this Order pursuant to the Antitrust Civil Process Act, or any other federal or state statute or regulation, or under any federal or state court precedent interpreting such statute or regulation, as well as any information that discloses the substance of the contents of any Confidential Information derived from a document subject to this Order, and any information taken from any portion of such material.

5.      The identity of a Non-Party submitting such Highly Confidential Information or Confidential Information shall also be treated as Highly Confidential Information or Confidential Information for the purposes of this Order where the submitter has requested such confidential treatment.

6.      Any production of documents or testimony not designated as Confidential or Highly Confidential Information will not be deemed a waiver of any future claim of confidentiality concerning such information if it is subsequently designated as Confidential or Highly Confidential Information. If at any time before trial of these Actions, a Protected Person realizes that it should have designated as Confidential or Highly Confidential Information any Investigation Materials or Litigation Materials **(Plaintiff) or Source Code** that Person previously produced, it may so designate such Documents, testimony, or other materials by notifying the Parties in writing, and, to the extent the new designations relate to Documents, an overlay file with the new designations shall also be provided in accordance with Paragraph 7(g). The Parties shall thereafter treat the Investigation Materials or Litigation Materials **(Plaintiff) or Source Code** pursuant to the Protected Person's new designation under the terms of this Order. However, the disclosure of any information for which disclosure was proper when made will not be deemed improper regardless of any such subsequent confidentiality designation.

7.      **Designation of Litigation Materials as Highly Confidential or Confidential by Protected Persons.** The following procedures govern the process for Protected Persons to designate as Highly Confidential or Confidential any information that they disclose in these Actions, including, but not limited to, information in response to requests under Fed. R. Civ. P. 30, 31, 33, 36, and 45, and Documents disclosed in response to Fed. R. Civ. P. 33(d), 34(b)(2) and (c), or 45:

(a)       Indiscriminate designations are prohibited.

(b)       **Testimony.** All transcripts of depositions taken in these Actions after entry of this Order will be treated as Highly Confidential Information in their entirety for 45 days after the date of the deposition, or until 5 days before trial, whichever date is earlier. Parties will be responsible for obtaining the deposition transcript for any Party[5] deponents. For Non-Party deponents, if requested by the Non-Party deponent, the Party who noticed the deposition shall, within 5 business days of being provided a final transcript (subject to any errata) of the deposition (or as soon as reasonably possible after the request is made), provide the final transcript (subject to any errata) to the Non-Party deponent (or the Non-Party deponent's counsel, if applicable). Within 45 days following the date of the deposition, the deponent, whether a Non-Party or a Party, may designate, subject to the provisions of this Order, Highly Confidential Information **(Plaintiff) or Confidential Information** any portion of the deposition transcript, by page(s) and line(s), and any deposition exhibits provided by the deponent or the deponent's employer or its affiliates, or containing the Highly Confidential Information **(Plaintiff) or Confidential Information** of the deponent or the deponent's employer or its affiliates (regardless of who provided or produced the Document). To be effective, such designations must be provided in writing to the Parties. All transcripts of depositions taken in these Actions after entry of this Order will be treated as Highly Confidential Information in their entirety until the deadline for the deponent to designate portions of the transcript as Highly Confidential Information has expired.

---

[5] For purposes of this provision, the term "Party" includes 30(b)(6) witnesses, and a Party's employees and former employees.

> **Google's Requested Provision; Disputed by Plaintiffs; Meta takes no position**
> **[Other changes in this paragraph are dependent on this issue.]**
>
> **Any portion of the transcript or exhibits not so designated pursuant to this Paragraph 7(b)**
>
> **shall be treated as Confidential Information.**

Further, to the extent that a Party's Highly Confidential **(Plaintiff) or Confidential** Documents were utilized in the deposition, that Producing Party also has 45 days following the date of the deposition to designate any portion of the deposition testimony as Highly Confidential **(Plaintiff) or Confidential** to the extent the deposition testimony discloses or relates to Highly Confidential **(Plaintiff) or Confidential** Documents used at the deposition. To be effective, such designations must be provided in writing to the Parties' counsel.

When a Party is entitled under this Order to question a deponent about a Document or information that has been designated by a Non-Party as Highly Confidential or Confidential, and such Non-Party is not in attendance at the deposition, the Party that asked such questions shall designate as Highly Confidential or Confidential the portion of the transcript relating to such Highly Confidential or Confidential Document or information.

(c)     **Documents.** A Protected Person who designates as Highly Confidential Information any Document that it produced in these Actions must stamp or otherwise mark each Document containing said information with the designation "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility unless such Document is produced in native electronic format. A Protected Person who designates as Confidential Information any Document that it produced in this Action must stamp or otherwise mark each Document containing said information with the designation "CONFIDENTIAL" in a manner that will not interfere with legibility, including page numbering, or audibility. Any

Document that contains Confidential Information or Highly Confidential Information may be so designated in its entirety. To the extent a Document is produced in native form, such Documents shall be produced in accordance with Paragraph 7(d) below.

(d)     **Electronic Documents and Data.** Where a Protected Person produces Confidential or Highly Confidential electronic files and Documents in native electronic format, such electronic files and Documents shall be designated by the Protected Person for protection under this Order by appending to the file names or designators' information indicating whether the file contains Highly Confidential Information or Confidential Information, or by any other reasonable method for appropriately designating such information produced in electronic format, including by including a slip sheet associated with the electronic file or by making such designations in reasonably accessible metadata associated with the files. Where Highly Confidential Information or Confidential Information is produced in electronic format on a disk or other medium that contains exclusively confidential information, the "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" designation may be placed on the disk or other medium. When electronic files or Documents in native form are printed for use at a deposition, in a court proceeding, or for provision in printed form to any person who may receive such files in accordance with this Order, the Party printing the electronic files or Documents shall include the slip sheet identifying the electronic file or Document as "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" along with the production number or Bates number and designation associated with the native file, or shall affix a legend to the printed Document saying "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL" and include the production number or Bates number and designation associated with the native file.

(e)    **Upward Designation of Litigation Materials Produced by Other Parties or Non-Parties.** A Protected Person may upward designate (*i.e.*, change any Litigation Materials produced without a designation to a designation of "Confidential" or "Highly Confidential" or designate any Litigation Materials produced as "Confidential" to a designation of "Highly Confidential") any Litigation Materials produced by another Protected Person, provided that said Litigation Materials contains the upward designating Protected Person's own Confidential Information or Highly Confidential Information.

(f)    Upward designation shall be accomplished by providing written notice to the Parties and the relevant disclosing Protected Person identifying the Litigation Materials to be re-designated within 120 days from the date of the production containing the materials the Protected Person seeks to upwardly designate, or 30 days prior to trial in an Action, whichever is earlier. Such notice must identify (by Bates number, or in the event there is no Bates number, by other individually identifiable information) each Document the Protected Person wishes to upward designate, and include an explanation as to why the Protected Person wishes to upward designate such Documents, and why the existing confidentiality designation is insufficient. The Protected Person shall also provide an overlay file reflecting the new designations in accordance with Paragraph 7(g). Failure to upward designate within 120 days, alone, will not prevent a Protected Person from obtaining the agreement of the disclosing Protected Person to upward designate certain Litigation Materials or from moving the Court for such relief. Any Party may object to the upward designation of Litigation Materials pursuant to the procedures set forth in Paragraph 13 regarding challenging designations.

(g)    **Overlay Files.** To the extent this Order requires a Protected Person to provide an overlay file in connection with a new or altered confidentiality designation, that

Protected Person shall have five business days from the date of the changed designation to produce an overlay file. In the interim, the Parties shall take care to treat the Documents at issue as if the new designation applies. For the avoidance of doubt, a Party does not violate this provision where it in good faith attempts to comply with the new designation.

---

**Meta's Proposed Provision; Disputed by Plaintiffs; Google takes no position**

(h)     **Limitations to Particular Actions.**

**1.     Limits on Own Productions. Notwithstanding anything else in this Order, a Protected Person may designate any Litigation Materials that it produces as produced only in connection with one or more particular Actions if it believes in good faith that the material is not properly produced more broadly, in which case the Litigation Materials shall not be disclosed or used in any other Actions. Any Party may object to such designation according to the provisions of Paragraph 13.**

**2.     Limits on Disclosure of Received Productions. Notwithstanding anything else in this Order, any Party may assert that the disclosure of Litigation Materials produced to it be limited only to Parties in one or more particular Actions, if it believes in good faith that such Litigation Materials are not properly disclosed more broadly. Such assertion shall be in writing to the other Parties, shall identify the disclosing Person, and shall specify the particular Actions to which the asserting Party believes that the disclosure should be limited. Litigation Materials subject to such an assertion shall not be disclosed or used in any other Actions beyond those specified by the asserting Party. Any Party may object to such assertion according to the provisions of Paragraph 13. The Parties reserve their rights to seek relief from the Court from the requirements of this paragraph.**

---

8.     In the event that a Party is required by a valid discovery request in any of the Actions to produce Documents designated by a Non-Party or Party as Highly Confidential Information or Confidential Information, then the Party shall:

(a)     promptly notify in writing the Party seeking the Highly Confidential Information or Confidential Information that some or all of the information requested is subject to a confidentiality order;

(b)     promptly notify the Non-Party or Party that its Highly Confidential Information or Confidential Information is being requested and make the information requested available for inspection by the Non-Party or Party; and

(c)     promptly provide the Non-Party or Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested.

9.     If the Non-Party or Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Non-Party or Party's Highly Confidential Information or Confidential Information responsive to the discovery request may be produced. If the Non-Party or Party timely seeks a protective order, its Highly Confidential Information or Confidential Information shall not be produced before a determination by the Court.[6] Absent an order to the contrary, the Non-Party or Party shall bear the burden and expense of seeking protection in this Court of its Highly Confidential Information or Confidential Information. The terms of this Order are applicable to information produced by a Non-Party or Party in the Actions and designated as Highly Confidential Information or Confidential Information. Such information produced by Non-Parties or Parties in connection with these

---

[6]  The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this Court.

Actions is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party or Party from seeking additional protections.

10.     **Unauthorized disclosure of Confidential or Highly Confidential Information (Plaintiff) or Highly Confidential — Source Code.**

(a)     In the event of a disclosure of any Highly Confidential Information or Confidential Information **(Plaintiff) or Highly Confidential — Source Code** to any person(s) not authorized to receive such disclosure under this Order, the Party who discovers such unauthorized disclosure shall promptly notify the Protected Person whose material has been disclosed and provide to such Protected Person all known relevant information concerning the nature and circumstances of the disclosure. If it is readily discernible which Party is responsible for the disclosure, the disclosing Party shall also promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further unauthorized disclosure and/or use thereof is made; (b) inform the Person(s) to whom unauthorized disclosure was made of all the terms of this Order; and (c) request such Person(s) execute the Agreement Concerning Confidentiality in the form of Appendix A attached hereto. If it is not readily discernible which Party is responsible for the disclosure, the Parties shall work together to: (a) promptly take all reasonable measures to retrieve the improperly disclosed material and to ensure that no further unauthorized disclosure and/or use thereof is made; (b) inform the Person(s) to whom unauthorized disclosure was made of all the terms of this Order, and (c) request such Person(s) execute the Agreement Concerning Confidentiality in the form of Appendix A attached hereto.

**Google's Proposed Provisions; Disputed by Plaintiffs and Meta**

(b)     **Further, if the source of the disclosure is not readily identifiable or if the source of the disclosure is in dispute, any Party or several Parties jointly shall, upon**

16

request and approval of the Court, be permitted to conduct a forensic investigation to determine the source of the disclosure. If the Court approves such a forensic investigation, a separate order will be entered approving an investigator, the scope of the investigation, and how the results of the investigation will be communicated to the Court and the parties. Based on the results of the investigation, the Court will determine whether the investigative costs shall ultimately be borne jointly by all Parties or by a Party or Parties determined by the Court to be responsible for the unauthorized disclosure.

(c)     To facilitate any such potential forensic investigation(s) under Paragraph 10(b), any individuals who are provided Confidential or Highly Confidential Information and/or materials must agree to the following: (i) that their documents and communications relating to this Action—and any electronic devices or accounts potentially containing such documents and communications—may be subject to a forensic investigation: (ii) that such forensic investigation shall include the collection, copying, and examination of their electronic devices and accounts including, but not limited to, mobile phones, tablets, laptops, desktops, email accounts, filesharing accounts, and server- or cloud-based storage accounts; and (iii) that they will provide a complete list of all electronic devices and accounts that they may use to communicate regarding this Action or to store documents or communications relating to this Action, and that they will not use any electronic devices or accounts not specifically identified for storing, sending, or receiving documents related to this Action without first amending the list and signing an amended confidentiality agreement to that effect.

11.     Unauthorized or inadvertent disclosure shall not change the confidential status of any disclosed material or waive the Producing Party's right to maintain the disclosed material as

containing Highly Confidential Information or Confidential Information **(Plaintiff) or Highly Confidential — Source Code**.

C. **Privileged Investigation Materials and Litigation Materials**

12.     (a)     The production of privileged or work-product protected Documents, electronically stored information ("ESI") or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Federal Rule of Evidence 502(b) shall not apply to any disputes regarding Investigation Material or Litigation Material.

(b)     Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of Documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

(c)     If the Producing Party becomes aware that it has produced information protected by the attorney-client privilege or any other privilege or immunity, the Producing Party will promptly notify each Receiving Party in writing of the production. When a Party receives notice of such production, it shall return and/or destroy all copies of the material within four days and, in the case of destruction of material, certify that fact to the Producing Party if requested to do so. Any notes or summaries referring or relating to such material shall be destroyed simultaneously therewith.

---

**EITHER**

**Google and Meta's Proposed Provision; Disputed by Plaintiffs**

**After the Producing Party makes an assertion of privilege, the Receiving Party shall not thereafter review, circulate, or otherwise use the material (or any notes or summaries**

---

referring or relating to the material) for any purpose. However, to the extent that the Receiving Party learned of the contents of the document in issue prior to the Producing Party's assertion of privilege, that knowledge (but not the document itself, or excerpts thereof) may be used for purposes of an *in camera* privilege challenge.

**OR**

**Plaintiffs' Proposed Provision; Disputed by Google and Meta**

Notwithstanding the foregoing, if the Receiving Party intends to challenge the privilege assertion, the Receiving Party may maintain copies of the Document for purposes of challenging the privilege assertion. But in no case shall the Receiving Party utilize such Documents in the Actions for any other purpose, other than challenging the privilege assertion, until the privilege claim is resolved.

(d)     If a Receiving Party becomes aware that it is in receipt of information or material that it knows or reasonably should know is privileged, counsel for the Receiving Party shall immediately take steps to: (i) stop reading such information or material; (ii) notify counsel for the Producing Party of such information or material; (iii) collect all copies of such information and material; and (iv) return to the Producing Party and/or destroy such information or material (and, in the case of destruction, certify that fact to the Producing Party if requested to do so). Any notes or summaries referring or relating to such material shall be destroyed simultaneously therewith.

(e)     This Order is without prejudice to any Protected Person's right to assert that any Investigation Materials or Litigation Materials are subject to any applicable claim of privilege or protection, including, but not limited to, the attorney-client privilege and the work-product

doctrine, and it is without prejudice to any Party's right to contest such a claim of privilege or protection.

**D.  Objections to Confidentiality Designations**

13.    Any Party who objects to any confidentiality designation, or part thereof, (the "Objecting Party") may, until 30 days before the trial of its Action, provide a written notice to the Protected Person who made such designation (the "Designating Party") and to all Parties stating with particularity the grounds for the objection. All materials objected to shall continue to be treated as Confidential Information or Highly Confidential Information **(Plaintiff) or Highly Confidential — Source Code** pending resolution of the dispute. Within 10 days of the Objecting Party's written notice, the Objecting Party and the Designating Party shall attempt to confer to discuss their respective positions. If the Objecting Party and Designating Party cannot reach an agreement on the objection within 10 days of the Objecting Party's written notice (or another deadline agreed to by the Objecting Party and the Designating Party), the Objecting Party may raise the dispute to this Court by filing a letter motion and/or motion in accordance with the applicable rules and/or the Court's Individual Practices. If the Court finds the designation of Highly Confidential Information or Confidential Information **(Plaintiff) or Highly Confidential — Source Code** to have been inappropriate, the challenged designation shall be considered rescinded, and the Designating Party shall reproduce the Documents with the revised designations, along with an overlay file in accordance with Paragraph 7(g). Notwithstanding anything else contained in this Order, the Parties reserve their rights under Fed. R. Civ. P. 37.

**E.  Disclosure of Highly Confidential Information or Confidential Information**

14.    Highly Confidential Information may be disclosed only to the following Persons:

(a)　　the Court and all Persons assisting the Court in the Actions, including law clerks, court reporters, and stenographic or clerical personnel;

(b)　　Outside Counsel for a Party, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to the Actions whose functions require access to the information (but not any employee of a Party);

(c)　　State Plaintiffs' Counsel and paralegals, and other professional personnel (including support and IT staff) that such State Plaintiff's Counsel assign to the Actions whose functions require access to the information;

(d)　　Designated In-House Counsel of a Party (who has been properly designated pursuant to the procedures set forth in Paragraph 20 below) who are not involved in Competitive Decision-Making at or on behalf of the Party; to qualify for access under this subpart, in-house litigation counsel shall first execute an In-House Counsel Agreement Concerning Confidentiality in the form of Appendix B attached hereto; Outside Counsel for a Party shall maintain executed versions of the agreements executed by Designated In-House Counsel of that Party or any non-Party Protected Person. A Party shall promptly report any confirmed or suspected unauthorized use or disclosure of Highly Confidential Information to the other Parties;

(e)　　outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, document-management consultants, or lawyers or law firms for document review other than Outside Counsel) and agents or independent contractors retained by a Party to assist that Party in an Action provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(f)     any mediator, arbitrator, or special master that the Parties engage in this Action or that this Court appoints provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(g)     any Person who the Highly Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the Document or Highly Confidential Information.

(h)     any Person who the Highly Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, had **(Meta/Google) lawful** access to the Document or the Highly Confidential Information;

---

**EITHER**

**Meta and Google's Proposed Provision**

(i)     **any current employee of the Designating Party who is a named executive officer or who is testifying in his or her capacity as corporate representative for purposes of a deposition under Fed. R. Civ. P. 30(b)(6);**

**OR**

**Plaintiffs' Proposed Provisions**

(i)     **any Person who the Highly Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, had knowledge of the Highly Confidential Information;**

(j)     **any current employee of the Designating Party;**

---

(j)      any Person retained by a Party to serve as a testifying or consulting expert in these Actions,[7] including any employees of the firm with which the expert or consultant is associated and independent contractors who assist the expert's work in the Actions, provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(k)      outside trial consultants (including, but not limited to, graphics consultants), provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(l)      Any Person as may be authorized by written agreement of the Designating Party, verbal agreement of the Designating Party on the record at a deposition or Court hearing, or by order of the Court.

15.      Confidential Information may be disclosed only to the following Persons:

(a)      the Court and all Persons assisting the Court in the Actions, including law clerks, court reporters, and stenographic or clerical personnel;

(b)      Outside Counsel for a Party, including any attorneys, paralegals, and other professional personnel (including support and IT staff) that such outside counsel assigns to the Actions whose functions require access to the information (but not any employee of the Party)

(c)      State Plaintiffs' Counsel and paralegals, and other professional personnel (including support and IT staff) that such State Plaintiff's Counsel assign to the Actions whose functions require access to the information;

(d)      the officers, directors, and employees (including In-House Counsel) of a Party to whom disclosure is reasonably necessary for this litigation and who have signed the

---

[7]  This provision does not apply to any Person retained by a Party to serve as a testifying or consulting expert, where such person is also an employee of a Party.

Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto[8];

(e)      outside vendors or service providers (such as copy-service providers, outside court reporters retained for depositions, document-management consultants, or lawyers or law firms for document review other than Outside Counsel) and agents or independent contractors retained by a Party to assist that Party in the Actions provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(f)      any mediator, arbitrator, or special master that the Parties engage in the Actions or that this Court appoints provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

(g)      any Persons who the Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the Document or Confidential Information;

(h)      any Persons who the Confidential Information itself indicates, or who the Receiving Party has a good faith basis to believe had **(Meta/Google) lawful** access to the Document or Confidential Information;

> **Plaintiffs' Proposed Provision; Disputed by Meta and Google**
>
> **(i)      any Persons who the Confidential Information itself indicates, or who the Receiving Party has a good-faith basis to believe had knowledge of the Confidential Information;**

---

[8] Designated In-House Counsel who have executed Appendix B need not also execute Appendix A.

        (i)      any Person whose statements or communications are quoted, recounted, or summarized in said Party's Documents or Confidential Information, except that only those portions of the Documents or Confidential Information quoting, recounting, or summarizing a Person's statements or communications may be disclosed to that Person;

        (j)      any current employee of the Designating Party

> **Meta and Google's Proposed Addition to ¶15(j); Disputed by Plaintiffs**
>
> **[… of the Designating Party] who is a named executive officer or who is testifying in his or her capacity as corporate representative for purposes of a deposition under Fed. R. Civ. P. 30(b)(6)**;

        (k)      outside trial consultants (including, but not limited to, graphics consultants) provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

        (l)      any Person retained by a Party to serve as a testifying or consulting expert in these Actions,[9] including any employees of the firm with which the expert or consultant is associated and independent contractors who assist the expert's work in the Actions, provided that they shall first execute an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto;

        (m)      any Person as may be authorized by written agreement of the Designating Party, verbal agreement of the Designating Party on the record at a deposition or Court hearing, or by order of the Court.

---

[9]  This provision does not apply to any Person retained by a Party to serve as a testifying or consulting expert, where such Person is also an employee of a Party.

16.     The Parties shall have the right to seek redress from this Court to enforce the provisions of the Agreement Concerning Confidentiality set forth in Appendix A or the In-House Counsel Agreement Concerning Confidentiality set forth in Appendix B with respect to any Person bound by this Confidentiality Order.

17.     Each Person described in Paragraphs 14 and 15 of this Order to whom information designated as Highly Confidential Information or Confidential Information is disclosed must not disclose that Highly Confidential Information or Confidential Information to any other Person, except as permitted in this Order.

18.     Nothing in this Order:

(a)     limits a Protected Person's use or disclosure of its own information designated as Highly Confidential Information or Confidential Information;

(b)     prevents disclosure of Highly Confidential Information or Confidential Information with the consent of the Protected Person that designated the material as Confidential or Highly Confidential;

(c)     prevents disclosure by a Party of Highly Confidential Information or Confidential Information: (i) that is or has become publicly known through no fault of that Party; (ii) lawfully acquired by or known to that Party independent of receipt during the Investigation or in discovery in the Actions; (iii) previously produced, disclosed and/or provided to that Party without an obligation of confidentiality and not by inadvertence or mistake; or (iv) pursuant to an order of a court or as may be required by regulation;

(d)     prevents counsel from rendering advice to his or her client with respect to this matter or from generally referring to or relying upon Confidential Information or Highly

Confidential Information in rendering such advice so long as counsel does not specifically disclose the substance of the Confidential Information or Highly Confidential Information; or

(e) prevents State Plaintiffs' retention, use, or disclosure of Investigation Materials outside the context of the Actions to the extent permitted by applicable law or regulation governing such pre-complaint discovery, or for law enforcement purposes, or as required by law, court order, or regulation. Any such disclosures shall be limited to those permitted by applicable law or regulation. State Plaintiffs will not disclose any Litigation Materials produced only during the pendency of the Actions to any Non-Party, except as ordered by a court or as may be required by regulation and subject to Paragraph 30. If Investigation Materials or Litigation Materials are requested for disclosure under a state's public information act or the equivalent, this Order prohibits disclosure to the extent the state's public information act or the equivalent provides an exception for disclosure of information protected by court order.

**F.** **Disclosure of Highly Confidential Information to Designated In-House Counsel for Parties Based on Need**

19. A Party may at any time before the trial of its Action request disclosure of Highly Confidential Information to additional Designated In-House Counsel by consent of the Designating Party or motion with the Court. The Party must meet and confer with the Designating Party to try to resolve the matter by agreement within seven days of the written notice. If no agreement is reached, the Party may file a motion with the Court. The other Parties and/or the Designating Party will have seven days to respond to such motion. The Party will not disclose any Highly Confidential Information to the additional Designated In-House Counsel pending resolution of the dispute. If the Court finds that the additional Designated In-House Counsel has a particularized need for access to the Highly Confidential Information that outweighs the risk of

harm to the Designating Party or the public interest, the Party will be permitted to disclose the Highly Confidential Information to the additional Designated In-House Counsel.

**G.  Challenges to Designated In-House Counsel**

20.     Unless otherwise ordered by the Court or agreed to in writing by the Protected Person, before disclosing any information designated as Highly Confidential Information to a Party's Designated In-House Counsel, the Party must submit in writing to the other Parties and the Protected Person a written statement that: (1) sets forth the full name of each Designated In-House Counsel and the city and state of his or her residence, and (2) describes each Designated In-House Counsel's primary job duties and responsibilities in sufficient detail to determine if each Designated In-House Counsel is involved in Competitive Decision-Making. If at any time, a Party decides to replace a Designated In-House Counsel, the Party must submit a written statement regarding its proposed replacement Designated In-House Counsel pursuant to this paragraph and follow the procedures described in Paragraphs 21 and 22.

21.     A Party may disclose Highly Confidential Information to its Designated In- House Counsel unless the Party receives a written objection from any Protected Person within 10 days of receiving notice as described in Paragraph 20. If the Party replaces any of its Designated In-House Counsel pursuant to Paragraph 20, the Party may disclose Highly Confidential Information to its Designated In-House Counsel unless such Party receives a written objection from another Party or any Protected Person within 10 days of receiving the Party's written statement. Any objection to Designated In-House Counsel must set forth in detail the grounds on which it is based.

22.     If a Party receives a timely written objection, it must meet and confer with the objecting Party or any Protected Person to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the objecting Party and any Protected Person will then have seven days to file a motion with the Court objecting to Designated In-House

Counsel. The Party will not disclose any Highly Confidential Information to the proffered Designated In-House Counsel pending resolution of the dispute. If the Court finds the proffered Designated In-House Counsel to properly qualify as Designated In-House Counsel pursuant to Paragraph 14(d), the Party will be able to disclose Highly Confidential Information to the proffered Designated In-House Counsel in accordance with Paragraph 14.

**H.  Use of Information Designated Highly Confidential or Confidential in this Action**

23.     In the event that any Highly Confidential Information or Confidential Information is contained in any pleading, motion, exhibit, or other paper filed or to be filed with the Court, the Court shall be so informed by the Party filing such papers, and such papers shall be filed under seal, in accordance with the Court's Individual Practice 5(B), as modified by the terms of this Order. The Parties agree to act in good faith to limit the need to seal Documents filed in this Court.

24.     **Filing Highly Confidential Information or Confidential Information Under Seal.**

(a)     Notwithstanding the Court's Individual Practices, unless otherwise ordered, a Party's filing containing or based, in whole or in part, upon Highly Confidential Information or Confidential Information shall be filed entirely under seal without the need of a further order from the Court.[10] For the avoidance of doubt, if a filing is composed of multiple documents, only those documents containing or based upon Highly Confidential Information or Confidential Information, in whole or in part, shall be filed under seal. Contemporaneously with making a filing containing or based upon Highly Confidential Information or Confidential Information, the filing Party shall provide Outside Counsel (who has filed an appearance in the Actions) for a Party with a wholly unredacted copy of the filing via ECF or email.

(b)     Within three days of the filing containing or based upon Highly Confidential Information or Confidential Information, the filing Party shall then file a motion to seal the filing. The motion to seal shall also include (1) a public version of the filing in which the Highly Confidential Information or Confidential Information has been redacted from public view, or a slip sheet where the entire document is filed under seal; and (2) a sealed version of the filing with any redactions highlighted. Further, at the time of the filing of the motion to seal, the filing Party shall send to Outside Counsel (who has appeared in the Actions) for each Party whose Highly Confidential Information or Confidential Information is included in the filing and to outside counsel for each Non-Party (or in the case of a Non-Party not represented by outside counsel, to the Non-Party itself) whose Highly Confidential Information or Confidential Information is included in the filing (together, the "Impacted Parties") an email attaching a version of the filing

---

[10] The filing Party may elect not to file its own Highly Confidential Information or Confidential Information under seal.

highlighting the redacted material based upon that Impacted Party's Highly Confidential Information or Confidential Information and maintaining all other redactions. Outside Counsel for each Party (who has appeared in the Actions) shall be copied on each of the emails described in the prior sentence.

(c)     Within 14 days of the date that the motion to seal is filed, Parties and Non-Parties may file any response opposing or supporting the motion to seal, and any replies shall be due 7 days later. To the extent the Impacted Party seeks to seal portions of the filing, that Party shall file a version of the filing under seal with highlighting to indicate the content that the Impacted Party seeks to seal.

(d)     Any Party or Non-Party seeking to maintain Highly Confidential Information or Confidential Information under seal shall accompany its motion to seal or response in support of sealing with an affidavit or affidavits and a memorandum of law, demonstrating that the standards for sealing have been met and specifically addressing the applicability of *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006) and any other controlling authority. The Parties agree to work in good faith to negotiate extensions of time in the event additional time is necessary to file any response or reply. Nothing herein is intended to alter or modify the applicability of Fed. R. Civ. P. 5.2 to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court.

25.     Parties shall give the other Parties notice (a minimum of two business days) if they reasonably expect a deposition, hearing, or other proceeding to include Highly Confidential Information so that the other parties can ensure that only authorized individuals are present during the portions of those proceedings where the Highly Confidential Information may be used. The

use of a Document as an exhibit at a deposition shall not in any way affect its designation as Highly Confidential Information or Confidential Information.

**I.   Use of Highly Confidential Information or Confidential Information at Trial**

26.     Disclosure at trial or at any evidentiary hearing of any Document, testimony, or other material designated as Highly Confidential Information or Confidential Information will be governed pursuant to a separate court order. Unless otherwise directed by the Court, the Parties shall meet and confer and submit a recommended order outlining those procedures no later than 30 calendar days before the first day of trial or any evidentiary hearing. Upon the filing of a proposed order governing the disclosure of Highly Confidential Information or Confidential Information at trial or any evidentiary hearing, the Parties shall provide notice of such order to Non-Parties whose Highly Confidential Information or Confidential Information is expected to be used at trial or any evidentiary hearing.

27.     Unless otherwise provided for in this Order, all Highly Confidential Information and Confidential Information produced by a Party or a Non-Party in any of the Actions shall be used solely for the conduct of these Actions and shall not be used by a Party, Non-Party, or any Person subject to this Order, including counsel for a Party or Non-Party, for any business, commercial, competitive, personal, or other purpose. Such Highly Confidential and Confidential Information may only be disclosed under the conditions described in this Order.

**J.   Investigation Materials or Litigation Materials Subpoenaed or Ordered Produced in Other Litigation**

28.     If a Party is served with a lawful subpoena or a court order issued by a court, arbitral, administrative, or legislative body, or with a court order issued in other litigation that compels disclosure of any information or items designated in any of the Actions as Confidential or Highly Confidential that Party must:

(a) promptly notify in writing the Designating Party (such notification shall include a copy of the subpoena or court order);

(b) promptly notify in writing the Person or entity who issued the subpoena or caused the order to issue in the other litigation, that some or all of the material covered by the subpoena or order is subject to this Order (such notification shall include a copy of this Order); and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Highly Confidential or Confidential Information may be affected.[11]

29. If the Designating Party timely[12] seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in these Actions as Confidential or Highly Confidential before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Confidential Information or Highly Confidential Information – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in these Actions to disobey a lawful directive from another court.

30. If, under any public records or other relevant law, any Investigation Materials or Litigation Materials are subject to any form of compulsory process in a Plaintiff State or is demanded from a Plaintiff State, such Plaintiff State shall notify in writing the Designating Party whose Investigation Materials or Litigation Materials may be affected within 10 business days of

---

[11] The purpose of imposing these duties is to alert the interested parties to the existence of this Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court or other tribunal from which the subpoena or order issued.

[12] The Designating Party shall have at least 14 days from the service of the notification pursuant to Paragraph 28(a) to seek a protective order, unless the subpoena or order requires a response within a period shorter than 14 days, or unless a shorter period applies under the rules of the court or other tribunal from which the subpoena or order issued, in which case such rules shall apply.

receiving the process or demand and before producing Investigation Materials or Litigation Materials, unless state statute, or court order or other public adjudicatory body requires that the Plaintiff State produce the Investigation Materials or Litigation Materials in a shorter time frame. The State shall not produce the Investigation Materials or Litigation Materials in response to such compulsory process or public records request unless the Plaintiff State deems that it is required by law to do so and provides 10 business days' notice of its intent to do so to the Designating Party, unless state statute, or court order or other public adjudicatory body requires that the Plaintiff State produce the Investigation Materials or Litigation Materials in a shorter time frame. However, if a Plaintiff State denies a public records or similar request and the denial is not challenged, the Plaintiff State does not need to provide notice pursuant to this paragraph. If Investigation Materials or Litigation Materials are requested for disclosure under a state's public information act or the equivalent, this Order prohibits disclosure to the extent the state's public information act or the equivalent provides an exception for disclosure of information protected by court order. Nothing contained herein shall alter or limit the obligations of a Plaintiff State that may be imposed by statute or court order regarding the disclosure of Documents and information supplied to the state.

## K.  Procedures upon Termination of this Action

31.     The obligations imposed by this Order survive the termination of the Actions unless the Court, which shall retain jurisdiction to resolve any disputes arising out of this Order, orders otherwise. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating an Action, all Persons, other than State Plaintiffs, in such Action having received information designated as Highly Confidential Information or Confidential Information **(Plaintiff) or Highly Confidential — Source Code** must return all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it or destroy or

delete all copies of such Highly Confidential Information or Confidential Information **(Plaintiff) or Highly Confidential — Source Code** and certify that fact in writing to the Party or Protected Person. Within 90 days after the expiration of the time for appeal of an order, judgment, or decree terminating an Action, all State Plaintiffs in such Action having received information designated as Highly Confidential Information or Confidential Information **(Plaintiff) or Highly Confidential — Source Code** must, to the extent permitted by State Plaintiffs' retention schedules, either make a good-faith effort to return all copies thereof to the Protected Person (or the Protected Person's counsel if represented by counsel) that produced it or destroy or delete all copies of such Highly Confidential Information or Confidential Information **(Plaintiff) or Highly Confidential — Source Code**.

32.     Counsel for the Parties will be entitled to retain court papers and exhibits, deposition transcripts and exhibits, hearing transcripts and exhibits, trial transcripts and exhibits, correspondence (including internal correspondence and email) and work product, provided that the Parties and their counsel do not disclose the portions of these materials containing information designated as Highly Confidential Information or Confidential Information to any Person, except pursuant to court order or agreement with the Protected Person that produced the Highly Confidential Information or Confidential Information or as otherwise permitted herein. All Highly Confidential Information and Confidential Information returned to the Parties or their counsel by the Court likewise must be disposed of in accordance with this paragraph. Nothing in this paragraph, however, restricts the rights of the Parties under Paragraphs 14 and 15 of this Order.

**L.  New Parties to The Actions**

33.     In the event that additional Persons or entities become parties to an Action, such new Parties shall not have access to Confidential Information or Highly Confidential Information

**(Plaintiff) or Highly Confidential — Source Code** produced by or obtained from any Protected Person until an authorized person executes, on behalf of the new Party, an Agreement Concerning Confidentiality agreeing to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto.

## M. Non-Parties

34.      Any Party, in conducting discovery from Non-Parties in connection with the Actions, shall provide any Non-Party from which it seeks discovery with a copy of this Order so as to inform each such Non-Party of his, her or its rights herein. If a Non-Party provides discovery to any Party in connection with the Actions, the provisions of this Order shall apply to such discovery as if such discovery were being provided by a Party. Under such circumstances, if the Non-Party agrees to be bound by the terms of this Confidentiality Order in the form of Appendix A attached hereto, the Non-Party shall have the same rights and obligations under the Order as held by the Parties, except that, other than with leave of court, in no circumstance may a Party's Highly Confidential Information be disclosed to a Non-Party without the consent of that Party. However, a Party's Highly Confidential Information may be shared with a former employee of that Party if the former employee may view the Highly Confidential Information pursuant to Paragraph 14.

## N.  Reservation of Rights

35.      Nothing contained in this Order or any designation of confidentiality hereunder, or any failure to make such designation, shall be used or characterized by any Party as an admission by a Party or a Party opponent. Nothing in this Order shall be deemed an admission that any particular information designated as Confidential Information or Highly Confidential Information **(Plaintiff) or Highly Confidential — Source Code** is entitled to protection under the Order,

Federal Rule of Civil Procedure 26(c), or any other law. Nothing in this Order shall be construed as granting any Person a right to receive specific Confidential Information or Highly Confidential Information **(Plaintiff) or Highly Confidential — Source Code** where a court has entered an order precluding that Person from obtaining access to that information. The Parties specifically reserve the right to challenge the designation of any particular information as Confidential Information or Highly Confidential Information **(Plaintiff) or Highly Confidential — Source Code** and agree that no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to introduction or use as evidence of any of the Investigation Materials or Litigation Materials covered by this Order.

## O.  Standard of Care

36.     The recipient of any Confidential Information or Highly Confidential Information **(Plaintiff) or Highly Confidential — Source Code** shall maintain such material in a secure and safe area and shall exercise a standard of due and proper care with respect to the storage, custody, use, and/or dissemination sufficient to safeguard against unauthorized or inadvertent disclosure of such material. Confidential Information or Highly Confidential Information **(Plaintiff) or Highly Confidential — Source Code** shall not be copied, reproduced, extracted or abstracted, except for the purpose of the conduct of an Action. All such copies, reproductions, extractions, and abstractions shall be subject to the terms of this Order and be clearly marked to reflect their designation.

## P.  Right to Seek Modification

37.     Nothing in this Order limits any Person, including members of the public, a Party, or a Protected Person, from seeking: (1) further or additional protections of any of its materials, or

(2) modification of this Order upon motion duly made pursuant to the Rules of this Court, including, without limitation, an order that certain material not be produced at all or is not admissible evidence in any Action or any other proceeding.

## Q.  The Privacy Act

38.     Any order of this Court requiring the production of any Document, information, or transcript of testimony constitutes a court order within the meaning of the Privacy Act, 5 U.S.C. § 552a(b)(11).

## R.  Persons Bound by This Order

39.     This Order shall be binding on the Parties to the Actions, their attorneys, and their successors, personal representatives, administrators, assigns, parents, subsidiaries, divisions, affiliates, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control, and any Non-Party, to the extent such Non-Party has agreed to be bound by this Order.

40.     All persons subject to this Order are reminded that this Order may be enforced by the Court's full powers of criminal and civil contempt.

**SO ORDERED.**

**Dated: New York, New York**
**April __, 2022**

_____
P. Kevin Castel
United States District Judge

**APPENDIX A**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Google Digital Advertising Antitrust Litig. | Civil Action No. 21-MD-3010 (PKC) |

<u>**AGREEMENT CONCERNING CONFIDENTIALITY**</u>

I,_____, am employed by _____

as_____.

I hereby certify that:

1.      I have read the Confidentiality Order ("Confidentiality Order") entered in the above-captioned action (this "Action") and understand its terms.

2.      I agree to be bound by the terms of the Confidentiality Order entered in this Action. I agree to use the information provided to me only as permitted in this Confidentiality Order.

3.      I understand that my failure to abide by the terms of the Confidentiality Order entered in this Action may subject me to civil and criminal penalties for contempt of court.

<u>**Google's Proposed Provision; Disputed by Plaintiffs and Meta**</u>

**4.      In addition, I understand that, as described in Paragraph 10 of the Confidentiality Order, in the event of an unauthorized disclosure of Highly Confidential Information or Confidential Information, my documents and communications relating to this Action—and any electronic devices or accounts potentially containing such documents and communications—may be subject to a forensic investigation. Such forensic investigation shall include the collection, copying, and examination of my electronic devices and accounts**

**including, but not limited to, mobile phones, tablets, laptops, desktops, email accounts, filesharing accounts, and server- or cloud-based storage accounts.**

**5.      To aid the Court, counsel, and any potential forensic investigators in the event of an unauthorized disclosure, I have provided below a complete list of all electronic devices and accounts which may contain documents or communications relating to this Action:**

_____
_____
_____
_____
_____
_____

6.      I submit to the jurisdiction of this Court, and specifically the United States District Court for the Southern District of New York, solely for the purpose of enforcing the terms of the Confidentiality Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said court.

_____
                                                                    Signature

_____
                                                                    Date

**APPENDIX B**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Google Digital Advertising Antitrust Litig. | Civil Action No. 21-MD-3010 (PKC) |

## <u>IN-HOUSE COUNSEL AGREEMENT CONCERNING CONFIDENTIALITY</u>

I,_____, am employed by _____

as_____.

I hereby certify that:

1.      I have read the Confidentiality Order ("Confidentiality Order") entered in the above-captioned action (this "Action") and understand its terms.

2.      I agree to be bound by the terms of the Confidentiality Order entered in this Action and agree that, in my role as in-house litigation counsel for the above Party company, I meet the requirements of Paragraph 14(d) of this Confidentiality Order, and agree to use the information provided to me only as explicitly provided in this Confidentiality Order.

3.      I understand that my failure to abide by the terms of the Confidentiality Order entered in this Action will subject me, without limitation, to civil and criminal penalties for contempt of court.

| |
|---|
| **<u>Google's Proposed Provision; Disputed by Plaintiffs and Meta</u>** |
| **1.      In addition, I understand that, as described in Paragraph 10 of the Confidentiality Order, in the event of an unauthorized disclosure of Highly Confidential Information or Confidential Information, my documents and communications relating to** |

1

this Action—and any electronic devices or accounts potentially containing such documents and communications—may be subject to a forensic investigation. Such forensic investigation shall include the collection, copying, and examination of my electronic devices and accounts including, but not limited to, mobile phones, tablets, laptops, desktops, email accounts, filesharing accounts, and server- or cloud-based storage accounts.

2.      To aid the Court, counsel, and any potential forensic investigators in the event of an unauthorized disclosure, I have provided below a complete list of all electronic devices and accounts which may contain documents or communications relating to this Action:

_____
_____
_____
_____
_____
_____

4.      I submit to the jurisdiction of this Court, and specifically the United States District Court for the Southern District of New York, solely for the purpose of enforcing the terms of the Confidentiality Order entered in the above-captioned action and freely and knowingly waive any right I may otherwise have to object to the jurisdiction of said court.

_____
Signature

_____
Date

> **Remainder of document is Plaintiffs' Proposed Source Code Appendix; Disputed by**
> **Google; Meta takes no position**

---

**Appendix C**

**Provisions Applicable to Production and Review of Defendant Google's Source Code**

**A.      Restrictions on those who may view Source Code.**

       **1.      Unless otherwise ordered by the Court or permitted in writing by the Producing Party, a Party that has received Highly Confidential – Source Code may disclose any information or item designated Highly Confidential – Source Code only to:**

**the Court and its personnel, including any technical advisor (if one is appointed), the jury, court reporters, videographers recording testimony or other proceedings in this Action;**

**(a)the Outside Counsel of Record for a Party and/or State Plaintiffs' Counsel, as well as employees of said Outside Counsel of Record and/or State Plaintiffs' Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the Agreement Concerning Confidentiality in the form of Appendix A attached hereto;**

**(a) experts of the Party in receipt of Highly Confidential – Source Code: (1) to whom disclosure is reasonably necessary for that Party's Action; (2) who have signed the Agreement Concerning Confidentiality in the form of Appendix A attached hereto; and (3) as to whom the procedures set forth in paragraph 2, below, have been followed;**

**(b) stenographic reporters, videographers and their respective staff who have signed the Agreement Concerning Confidentiality in the form of Appendix A attached hereto and are transcribing or videotaping a deposition wherein Highly Confidential – Source Code**

information or items are being discussed, provided that such reporters and videographers shall not retain or be given copies of any portions of the Source Code, which if used during a deposition, will not be attached as an exhibit to the transcript but instead shall be identified only by its production Bates numbers; and

(c) while testifying at a deposition or trial in this action only: (i) any current officer, director or employee of the Party which has produced Highly Confidential – Source Code or original source of the information; (ii) any Person designated by the Producing Party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure; and/or (iii) any person who authored, previously received (other than in connection with this Action), or was directly involved in creating, modifying, or editing the Source Code information or items, as evident from its face or reasonably certain in view of other testimony or evidence.  Persons authorized to view Source Code information or items pursuant to this subparagraph shall not retain or be given copies of the Source Code information or items except while so testifying; and

(d) The Receiving Party's Outside Counsel of Record shall maintain a log of all copies of the Source Code (received from a Producing Party) that are delivered by the Receiving Party to any qualified person under Paragraphs 1(a)-(e) above. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Upon request by the Producing Party, the Receiving Party shall provide reasonable assurances and/or descriptions of the security measures employed by the Receiving Party and/or qualified Person that receives a copy of any portion of the Source Code.

**B.      Process for Requesting to Disclose Highly Confidential – Source Code**

2.      Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an expert any information or item that has been designated Highly Confidential – Source Code pursuant to paragraph 1(v) of the Confidentiality Order first must make a written request to the Producing Party that: (1) identifies the general categories of Source Code information that the Party who wishes to disclose the Source Code seeks permission to disclose to the expert; (2) sets forth the expert's full name and the city and state of his or her primary residence; (3) attaches a copy of the expert's current résumé; (4) identifies the expert's current employer(s); (5) identifies each person or entity for whom the expert has provided professional service, including in connection with a litigation, at any time during the preceding five years;[13] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

3.      A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Source Code to the identified expert unless, within seven days of delivering the request, that Party receives a written objection from the Producing Party. A Producing Party's objection must set forth in detail the grounds on which it is based. The Producing Party's consent to the disclosure of Source Code to an

---

[13] If the expert believes any of this information is subject to a confidentiality obligation to a Non-Party, then the expert should provide whatever information the expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the expert shall be available to meet and confer with the Producing Party regarding any such engagement.

expert shall not be unreasonably withheld, and its objection must be based on that party's good-faith belief that disclosure of its Source Code to the expert will result in specific business or economic harm to that Party.

4.      A Party that receives a timely written objection must meet and confer with the Producing Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If after consideration of the objection, the Party desiring to disclose the Source Code to an expert refuses to withdraw the expert or consultant, that party shall provide notice to the objecting Party. Thereafter, the objecting Party shall move the Court, within three business days of receiving such notice, for a ruling on its objection. A failure to file a motion within the three business day period, shall operate as an approval of disclosure of the Source Code to the expert.

5.      The objecting Party shall have the burden of showing to the Court "good cause" for preventing the disclosure of its Source Code to the expert. This "good cause" shall include a particularized showing that: (1) the Source Code is Highly Confidential, (2) disclosure of the Source Code likely would result in a clearly defined and serious injury to the objecting Party's business, (3) the proposed expert is in a position to allow the Source Code to be disclosed to or become known by the objecting Party's competitors, and (4) that the expert's access to Source Code may create other confidentiality or legal risks in connection with other patent-related activities or interests tied to the expert.

C. Restrictions on those who may see Source Code

6.      Absent written consent from the Producing Party, any Persons who receive access to Source Code information shall not be involved in the prosecution of patents or patent applications relating to the subject matter of the Source Code information that is

inspected, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a Party challenging a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, *ex parte* reexamination or *inter partes* reexamination). This Prosecution Bar shall begin when access to Source Code information is first received by the affected individual and shall end two years after the individual has last viewed the Highly Confidential-Source Code. For the avoidance of doubt, the restrictions set forth in this paragraph shall not apply to an individual who did not conduct an in-person inspection pursuant to 8 and whose access to Highly Confidential-Source Code information consists exclusively of notes, summaries, excerpts, printed pages or other Source Code Documents.

7.      Absent written consent from the Producing Party, any individual who receives access to Source Code information designated by the Producing Party shall not: (i) participate in the acquisition of patents or patent applications relating to the subject matter of the Source Code information that is inspected for the purposes of assertion against the Party which has produced the Source Code; or (ii) advise or counsel clients regarding the same. This Acquisition Bar shall begin when access to Source Code information is first received by the affected individual and shall end two years after the individual has last viewed the Highly Confidential-Source Code. For the avoidance of doubt, the restrictions set forth in this paragraph shall not apply to an individual who did not conduct an in-person inspection pursuant to paragraph 8 and whose access to Highly Confidential-Source Code

information consists exclusively of notes, summaries, excerpts, printed pages or other Source Code Documents.

**D. Process for Reviewing Source Code**

8.      Any Source Code information or items produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at a mutually agreed upon location, within the continental United States. The Source Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

9.      The Receiving Party's Outside Counsel of Record and/or experts may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured computer(s). If the Producing Party has access to or a license for such software, it shall install such software in advance of the Source Code review. If the Producing Party does not have access to or a license for such software, it shall notify the Receiving Party, who will then have an opportunity to provide the Producing Party such software tool(s) at least four business days in advance of the inspection, which will then be installed on the secured computer(s).

10.      The Receiving Party shall be entitled to take handwritten notes relating to the Source Code. Any such notes shall not include copies or reproductions of portions of the

Source Code; however, the notes may contain filenames, directory names, module names, class names, parameter names, variable names, function names, method names, comments or procedure names. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. No notes shall be made or stored on the Source Code computer, or left behind at the site where the Source Code computer is made available, and any such notes shall be deleted or destroyed by the Producing Party, without reviewing the substance of the notes, upon discovery. Notwithstanding the foregoing, any such notes shall be stamped and treated as "Highly Confidential-Source Code."

11.     The Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but only if and to the extent necessary for use in this Action.  Within five business days or such additional time as necessary due to volume requested, the Producing Party will provide four copies of the requested material on watermarked or colored paper bearing Bates numbers and the legend Highly Confidential – Source Code. Any paper copies designated Highly Confidential – Source Code shall be stored or viewed only at: (i) the offices of Outside Counsel of Record for the Receiving Party, (ii) the offices of outside experts who have been approved to access Source Code; (iii) the site where any deposition is taken; (iv) the courthouse; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials or under the direct

control of such counsel's experts or consultants who have been approved to access Source Code.

12.     The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party may create an electronic copy or image of limited excerpts of Source Code only to the extent necessary in a pleading, exhibit, expert report, discovery Document, deposition transcript, other Court document, or any drafts of these Documents (i.e., Source Code Documents). The Receiving Party shall only make additional paper copies if such additional copies are: (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report); (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.