# Exhibit 3

**IN THE MATTER OF THE MULTISTATE INVESTIGATION OF ALPHABET INC.**

**CONFIDENTIALITY AGREEMENT**

1. The Office of the Attorney General of Texas and the Offices of the Attorneys General of those States, Commonwealths, District, and Territories who execute this Agreement (the "Signatory States," and collectively with Texas, the "States") are investigating potentially anticompetitive conduct in markets relating to online advertising, online search, and mobile operating systems in the United States (the "Investigation"). In relation to the Investigation and pursuant to the Texas Free Enterprise and Antitrust Act of 1983, Texas Business & Commerce Code § 15.01 et seq. (the "Act"), Alphabet Inc. ("Google") has produced and will produce to Texas, *inter alia*, documentary material, responses to interrogatories, and/or oral testimony (collectively, "CID Materials").

2. Section 15.10(g) of the Act permits Google to designate which, if any, of the CID Materials contain trade secrets or confidential information, and Section 15.10(i) of the Act protects the confidentiality of CID Materials. Designation of information or materials as Highly Confidential and Confidential in accordance with paragraph 4 of this Agreement shall also constitute designation of such materials as confidential pursuant to Section 15.10(g).

3. To facilitate coordination of the Investigation, reduce any burden on Google, and protect the confidentiality of CID Materials, the States agree as follows:

    a. The States agree to keep CID Materials confidential to the fullest extent applicable by law, including by providing confidentiality protections equal to or greater than those provided in Section 15.10(i) of the Act.

    b. Google's inadvertent production of CID Materials without a "trade secret," "Confidential," or "Highly Confidential" designation, but which Google reasonably believes are trade secret or confidential, does not constitute a waiver of Google's right to claim trade secret or confidential status; Google may at any time designate CID Materials it previously produced as trade secrets or confidential. From the time of that designation forward, the States shall treat such information as required by this Agreement.

    c. Google's production of attorney-client privileged material, attorney work product material, or material subject to any other privilege ("Privileged Material") or failure by Google to assert that a privilege and/or work product protection applies to any Privileged Material shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection that applies to such material. The States shall promptly return to Google any documents or information (and any copies thereof) that, through their review, they recognize as being protected against disclosure by the attorney-client privilege, the attorney work product doctrine, or any applicable privilege. The States shall not assert that a claim of privilege has been waived by Google because documents or information have been inadvertently produced, regardless of when such inadvertent disclosure is discovered, and regardless of which party discovers that Privileged Material was disclosed. The States reserve all other rights with respect to challenging any designation of privilege by Google.

d. A State may share CID Materials with an individual or entity who is retained but not employed by that State for the purposes of this Investigation (for instance, a consulting expert) only upon that individual or entity's execution of Attachment 1. A State will not authorize any such individual or entity to disclose CID Materials designated confidential, highly confidential, or trade secret to any third party without Google's consent. A State may share CID Materials with another state governmental entity (or officer or employee of such governmental entity) for the purposes of this Investigation only upon that entity becoming a Signatory State by executing a copy of this Agreement in accordance with paragraph 11, and with notice as described in paragraph 12.

e. If any CID Material is subject to any form of compulsory process in a Signatory State or is demanded from a Signatory State under any public records or other relevant law, then such Signatory State shall promptly notify Texas in writing, and if Texas receives any such notice, Texas will promptly notify Google in writing (by email to Paul Yetter or such other counsel specified by Google).

f. If a State learns that, by inadvertence or otherwise, it or any individual or entity referenced in paragraph 6 of this Order has disclosed CID Materials in any circumstance prohibited under this Agreement or Section 15.10(i) of the Act, that State must immediately (a) notify Google of the unauthorized disclosure(s), (b) use its best efforts to retrieve all unauthorized copies of such CID Materials, (c) inform the person(s) or entity to whom the unauthorized disclosure(s) were made of all the terms of this Agreement, and (d) request that such person(s) or entity return the disclosed CID Materials to the State.

g. Regarding the disposition of CID Materials to Google (upon written request at the completion of any case or proceeding before any court arising out of the Investigation or after the States have decided not to institute any case or proceeding before a court in connection with the Investigation), the States agree to follow Section 15.10(i)(6) of the Act, subject to any restrictions contained in any of the States' document retention laws or policies.

h. The obligations imposed by this Agreement shall survive the conclusion of the Investigation to the extent permitted by applicable law.

4. Google may designate as "Highly Confidential" any CID Materials that it reasonably believes contain highly sensitive information, including documents, data, or other information that contains trade secrets, competitively sensitive information about Google and its products and services, and/or other proprietary information entitled to additional protections. Any inadvertent failure to designate qualifying information as Highly Confidential shall be treated in accordance with paragraph 3(b) of this Agreement. In addition, the States agree that:

a. Prior to disclosing, in whole or in part, any materials designated as Highly Confidential to any person or entity otherwise permitted to receive such information pursuant to this Agreement (other than an employee of the Office of the Attorney General of such State), the disclosing State shall inform such person or entity that the information is Highly Confidential.

    b. Notwithstanding any other provision of law, unless authorized by a court of competent jurisdiction or by Google in writing, no information designated as Highly Confidential shall be shown or disclosed to any person or entity not bound by this Agreement, including, for the avoidance of doubt, a witness or deponent, other than a person who created or received such Highly Confidential information in the ordinary course of business (and then solely those portions of any document such person previously created or received).

    c. Nothing in this Agreement shall prohibit the States from utilizing one or more third-party vendors that provide litigation support services (e.g., document review platforms) or court reporters with respect to CID Materials. CID Materials may be disclosed to such vendors to the extent necessary to effectuate their services.

5. Nothing in this Agreement shall prevent a State from contending that any CID Materials designated as "Highly Confidential," "Confidential," or trade secret have been improperly designated. The parties shall use their best efforts to promptly and informally resolve such disputes. If agreement cannot be reached, a State may request that a court cancel or modify such designation.

6. The following state-specific provisions also apply with respect to the following individual state signatories:

    a. <u>Alaska</u>: Notwithstanding anything in this Agreement to the contrary, the State of Alaska agrees to be bound by all terms of this Agreement only to the extent permitted by federal and State of Alaska law, including constitutional provisions, statutes, regulations, common law, court and administrative rules, and court and administrative orders.

    b. <u>Arizona</u>: CID Materials provided to Arizona will be considered confidential to the full extent of Arizona law, as provided under Arizona Revised Statutes § 44-1406(E).

    c. <u>Florida</u>: CID Materials provided to Florida will be maintained with the same confidentiality as the providing state pursuant to Fla. Stat. § 501.2065.

    d. <u>Georgia</u>: CID Materials provided to Georgia will be maintained in confidence pursuant to GA Code § 50-18-72 (a) 1, 4.

    e. <u>Idaho</u>: CID Materials provided to Idaho will be deemed "procedure, testimony taken, or material produced" under Idaho Code § 48-109 and will be kept confidential pursuant to Idaho Code § 48-109(6).

    f. <u>Illinois</u>: for purposes of Illinois' participation in the Agreement, paragraph 3(c) shall be replaced with the following: Google's production of attorney-client privileged material, attorney work product material, or material subject to any other privilege ("Privileged Material") or failure by Google to assert that a privilege and/or work product protection applies to any Privileged Material shall not be deemed to constitute a waiver, in whole or in part, of the privilege, immunity, or other protection that applies to such material. Illinois shall promptly sequester any documents or information (and any copies thereof) that, through their review, the States recognize as being protected

against disclosure by the attorney-client privilege, the attorney work product doctrine, or any applicable privilege. The States shall not assert that a claim of privilege has been waived by Google because documents or information have been inadvertently produced, regardless of when such inadvertent disclosure is discovered, and regardless of which party discovers that Privileged Material was disclosed. The States reserve all other rights with respect to challenging any designation of privilege by Google.

g. <u>Iowa</u>: CID Materials provided to Iowa will be maintained in confidence pursuant to Iowa Code § 553.9(3). Iowa's obligations under this Agreement shall be interpreted in a manner consistent federal and State of Iowa law, including constitutional provisions, statutes, regulations, common law, court and administrative rules, and court and administrative orders.

h. <u>Mississippi</u>: CID Materials which contain trade secrets and confidential commercial information will be maintained in confidence pursuant to MS Code Ann. §§ 25-61-9, 25-61-12(2), and 25-61-3(f).

i. <u>Nebraska</u>: The State of Nebraska's obligations under this Agreement shall be interpreted in a manner consistent with Neb. Rev. Stat. 59-1611. Nothing contained herein shall alter or limit the obligations of the Attorney General of Nebraska that may be imposed by Neb. Rev. Stat. 84-712 et seq., or by order of any court, regarding the maintenance or disclosure of documents and information supplied to the Attorney General of Nebraska.

j. <u>Nevada</u>: CID Materials provided to Nevada will be considered confidential to the full extent of Nevada law, as provided under NRS 598A.110.

k. <u>New York</u>: The State of New York's obligations under this Agreement shall be interpreted in a manner consistent with N.Y. Pub. Off. L. § 84 et seq. Nothing contained herein shall alter or limit the obligations of the Attorney General of New York that may be imposed by N.Y. Pub. Off. L. § 84 et seq. or by order of any court, regarding the maintenance or disclosure of documents and information supplied to the Attorney General of New York.

l. <u>North Carolina</u>: The State of North Carolina's obligations under this Agreement shall be interpreted in a manner consistent with N.C.G.S § 132-1 et seq. Nothing contained herein shall alter or limit the obligations of the Attorney General of North Carolina that may be imposed by N.C.G.S § 132-1 et seq., or by order of any court, regarding the maintenance or disclosure of documents and information supplied to the Attorney General of North Carolina.

m. <u>North Dakota</u>: CID Materials shall be considered produced to the State of North Dakota under North Dakota Century Code § 51-08.1-06 and must be kept confidential pursuant to §51-08.1-06(3).

n. <u>Pennsylvania</u>: CID Materials provided to the Commonwealth of Pennsylvania will be maintained in confidence pursuant to 65 P.S. § 67.101 et seq. to the fullest extent

      allowable by law. The Pennsylvania Office of Attorney General further agrees that it will not waive these exemptions pursuant to 65 P.S. § 67.506(c).

   o. <u>Rhode Island</u>: CID Materials provided to Rhode Island will be maintained pursuant to R.I. Gen. Laws 6-36-9.

   p. <u>South Carolina</u>: CID Materials provided to South Carolina will be maintained in confidence pursuant to S.C. Code Ann. § 39-5-80 and used only for official law enforcement purposes.

   q. <u>Tennessee</u>: CID Materials received by the State of Tennessee shall be considered produced pursuant to Tenn. Code Ann. §§ 8-6-401 et seq. and shall be kept confidential accordingly.

   r. <u>Utah</u>: This Agreement constitutes a "confidentiality agreement" within the meaning of Utah Code Section 76-10-3107(8).

   s. <u>Wyoming</u>: CID Materials provided to Wyoming will be considered confidential to the full extent of Wyoming law, including as provided under Wyoming Statute §§ 16-4-203(b)(i) and 40-12-112(f).

7. By executing this Agreement on behalf of Google, Google hereby consents to Texas sharing CID Materials with the Offices of the Attorneys General of the Signatory States pursuant to paragraph 12 and all other terms of this Agreement and Section 15.10(i) of the Act.

8. Nothing in this Agreement shall be construed to prevent Google from objecting to the use of any CID Materials in any proceeding on any grounds that would otherwise be available, and all such objections are expressly preserved.

9. This Agreement represents the entire and complete agreement of the parties. The parties to this Agreement may enter into further agreements modifying the terms of this Agreement, provided that any such modification is in writing, signed by all the parties to this Agreement or their authorized representatives.

10. It is the intent of the parties to be bound by all terms of this Agreement and the parties believe that all provisions are valid and enforceable. However, if any provision of this Agreement is held invalid or unenforceable by a court or government agency of competent jurisdiction, it shall be severed from this Agreement and all valid and enforceable provisions shall remain in force.

11. A signature on a counterpart of this Agreement will be deemed a signature on the original. This Agreement may be executed by facsimile or electronic copy. Facsimile or PDF signatures shall be deemed true and original signatures for all purposes.

12. Attorneys General not presently parties to this Agreement may become subject to its terms and thereby gain access to the CID Materials by executing a counterpart as described in the preceding paragraph and providing a copy thereof to Google or its counsel.

Agreed to and accepted this 20th day of February, 2020, by

_[signature]_
_____
R. Paul Yetter
Yetter Coleman LLP

John Harkrider
Axinn

Wendy Huang Waszmer
Wilson Sonsini Goodrich & Rosati

On behalf of Google, LLC

I have read the attached Agreement, understand the terms of the Agreement, and agree to be bound by those terms. I am executing this Agreement on behalf of myself and my State, Commonwealth, District, or Territory.

Signature: _____   Date: 2/20/20

Name: David Ashton

Title: Assistant Attorney General

Employer: Office of the Attorney General of Texas

Address: 300 W. 15th Street, 7th Floor

City/State/Zip: Austin/Texas/78701

Email: david.ashton@oag.texas.gov

Phone: (512) 936-1781

- 7 -

IN THE MATTER OF THE MULTISTATE INVESTIGATION OF ALPHABET INC.
CONFIDENTIALITY AGREEMENT

# ATTACHMENT 1

1. I have read the attached Agreement, understand the terms of the Agreement, and agree to be bound by those terms.

2. In addition, I expressly agree that:

    a. I will not disclose or otherwise use for the benefit of anyone other than the States (and in such case solely in connection with the Investigation referenced in the Agreement) any CID Materials designated by Google as containing trade secrets or confidential or highly confidential information, or any documents derived therefrom, unless the disclosure is required by law.

    b. With respect to any CID Materials designated by Google as containing confidential or highly confidential information, I agree to assume special fiduciary obligations to: (1) safeguard and protect the such material from unauthorized copying and disclosure; (2) limit the access, review and disclosure of such material only to specific individuals employed by the office of the attorney general of the State with whom I am under contract (the "OAG"); (3) implement organization and technical safeguards to segregate such material from unauthorized access by individuals who have not been approved by the OAG.

    c. I will, within sixty (60) days of the termination of my engagement with the States in connection with this Investigation or the conclusion of the Investigation and any informal or formal proceedings arising therefrom (including litigation and appeals), whichever is sooner (such date, my "Termination Date"), return to the State that initially engaged me any CID Materials or documents derived from or containing CID Materials then in my possession.

Signature: _____     Date: _____
Name:
Title:
Employer:
Address:
City/State/Zip:
Email:
Phone: