**Freshfields Bruckhaus Deringer US LLP**

<u>Via ECF</u>

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Washington
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
T +1 202 777 4500 (Switchboard)
   +1 202 777 4545 (Direct)
F +1 202 507 5945
E eric.mahr@freshfields.com
www.freshfields.com

October 28, 2022

**Re:** *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC); *State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841 (PKC)

Dear Judge Castel:

     Pursuant to Pretrial Order No. 2, ECF No. 309 ¶ 4, Defendant Google LLC ("Google") respectfully submits this pre-motion letter in anticipation of moving to dismiss the state law claims (Counts V and VI) in State Plaintiffs' Third Amended Complaint, ECF No. 195 (the "TAC") under Federal Rule of Civil Procedure 12(b)(6), and moving to strike unauthorized remedies for those claims under Federal Rule of Civil Procedure 12(f).[1]  Pursuant to Your Honor's Individual Practices, we note that there is no conference scheduled at this time.

     Count V asserts that Google has violated the antitrust laws of each of the seventeen plaintiff states by engaging in the same conduct that State Plaintiffs claim violated federal antitrust law. Your Honor has determined that the TAC fails to state federal antitrust claims in any market based on Google's Network Bidding Agreement with Facebook, encryption of user IDs, Reserve Price Optimization, Exchange Bidding, Accelerated Mobile Pages, and Privacy Sandbox, and that the TAC also fails to state federal antitrust claims in certain markets based on other alleged conduct. *See* ECF No. 308.  Because the state antitrust laws are construed in harmony with federal antitrust law,[2] or do not prohibit the dismissed conduct, Count V should be dismissed to the extent that it is based on allegations that Your Honor already has held insufficient to state federal antitrust claims.

     Count VI asserts that Google has violated the deceptive trade practice acts ("DTPAs") of each of the seventeen plaintiff states, and there are several reasons why those claims should be dismissed.  *First*, many of State Plaintiffs' allegations have not been pled with the particularity required for a DTPA claim.  *See, e.g.*, *Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785,

---

[1] On September 28, 2022, State Plaintiffs informed Google that they would "not be seeking to amend their complaint at this time pursuant to Pretrial Order No. 2."

[2] *See, e.g.*, Tex. Bus. & Com. Code Ann. § 15.04 (Texas antitrust law "shall be construed in harmony with federal judicial interpretations of comparable federal antitrust statutes").

800 (N.D. Tex. 2009) ("It is well-established that '[c]laims alleging violations of the [Texas] DTPA are subject to the requirements of Rule 9(b).'") (first alteration in original); *In re Fyre Festival Litig.*, 399 F. Supp. 3d 203, 224 (S.D.N.Y. 2019) (Castel, J.) (applying Rule 9(b) to DTPA claims). *Second*, when State Plaintiffs point to particular Google statements, they fail to make factual allegations "demonstrat[ing] with specificity why and how" there was any "actual falsity" in those statements. *See Rombach v. Chang*, 355 F.3d 164, 174 (2d Cir. 2004). *Third*, when State Plaintiffs allege the date when Google made a particular statement, it is clear that the statement occurred outside of some or all of the DTPAs' limitations periods. *See, e.g.*, TAC ¶ 300 (quoting statement made "shortly after" 2009); Mont. Code Ann. § 27-2-211(1) (two-year statute of limitations). *Fourth*, State Plaintiffs' DTPA claims relating to publishers and advertisers should be dismissed to the extent that they are based on statutes that cover only consumer-related conduct. *See, e.g.*, Ind. Code § 24-5-0.5-3(a) (prohibiting certain conduct "in connection with a consumer transaction").

In addition to moving to dismiss these state law claims, Google intends to move to strike from the TAC State Plaintiffs' demands for remedies that they are not entitled to recover as a matter of state law. *See, e.g.*, TAC ¶¶ 647, 650 (demanding "damages" under Louisiana and Mississippi DTPAs); *California v. Infineon Techs. AG*, 2008 WL 1766775, at *10-12 (N.D. Cal. Apr. 15, 2008) (striking requests for damages under Louisiana and Mississippi DTPAs); TAC ¶ 697 (demanding "civil penalties" under Puerto Rico antitrust law and DTPA); 10 L.P.R.A. § 259(i) (authorizing Puerto Rico's Department of Consumer Affairs, but not a court, to impose a civil penalty).

For all of these reasons, Google respectfully requests authorization to file a motion to dismiss Counts V and VI of the TAC and to strike demands for certain unauthorized remedies. If the Court grants leave for the motion, Google proposes that it be allowed to file the motion within 45 days of the Court's order, that State Plaintiffs respond 45 days later, and that Google reply 30 days after that.

Respectfully submitted,

*/s/ Eric Mahr*
Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza

October 28, 2022
Page 3

Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

*Counsel for Defendant Google LLC*

CC: All Counsel of Record (via ECF)