UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION

21-md-3010 (PKC)

[Proposed] CIVIL CASE
MANAGEMENT PLAN AND
SCHEDULING ORDER

**P. KEVIN CASTEL, Senior District Judge:**

This Civil Case Management Plan (the "Plan") is submitted by the parties[1] in accordance with Fed. R. Civ. P. 26(f)(3), and Pretrial Order No. 2 (Doc. 309):

1. Amended pleadings may not be filed and additional parties may not be joined except: (1) pursuant to the procedures set forth in Pre-Trial Order Nos. 2 and 3; (2) with leave of the Court, including but not limited to amending to conform to future rulings of the Court related to the sufficiency of the pleadings; or (3) as permitted under Rule 15(a)(1).

2. Pursuant to Fed. R. Civ. P. 26(f)(1), by November 14, 2022, the parties shall meet and discuss all items set forth in Rule 26(f)(2) and 26(f)(3).[2] The parties shall also

---

[1] The different categories of Plaintiffs are the State Plaintiffs, the Class Publisher Plaintiffs, the Class Advertiser Plaintiffs, the Individual Action Plaintiffs (i.e., the Direct Action Newspaper Plaintiffs and the Daily Mail). The different categories of Defendants are: the Google Defendants (i.e., Google LLC; Alphabet Inc.; and YouTube, LLC) and Meta Platforms, Inc. For purposes of this Order, a "side" means either (a) the State Plaintiffs, the Class Publisher Plaintiffs, the Class Advertiser Plaintiffs, and the Individual Action Plaintiffs collectively; or (b) the Google Defendants and Meta Platforms, Inc. collectively.

[2] There are approximately 45 Direct Action Newspaper Plaintiffs with claims pending in this MDL with the possibility of more individual actions being filed. Defendants and the Direct Action Newspaper Plaintiffs shall meet and confer to select bellwether newspaper plaintiffs for the purposes of discovery and propose a bellwether tract to address the Direct Action Newspaper Plaintiffs. The meet and confer to select bellwether plaintiffs,

negotiate an appropriate protocol regarding Electronically Stored Information and an appropriate stipulation regarding expert discovery, and present either agreed-upon proposed stipulations, or their respective positions as to those portions of the stipulations on which they do not agree, by November 14, 2022.

3. Fact discovery shall begin 14 days after entry of this Order. The parties reserve all rights to object to discovery, including on relevance grounds.

4. Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1), shall be served not later than 30 days after the beginning of fact discovery or such other date as mutually agreed to by the relevant parties. A party that has previously served initial disclosures in an individual action need not serve additional initial disclosures in such action if, within 30 days of the beginning of fact discovery, that party advises the other parties in such individual action that it will stand on its previous disclosures. If, when fact discovery begins, a party knows that it will need to update previously served initial disclosures, that party shall serve updated initial disclosures within 30 days of the beginning of fact discovery. Nothing herein relieves a party of its obligation to supplement or correct initial disclosures pursuant to Fed. R. Civ. P. 26(e).

5. All <u>fact</u> discovery shall be completed by 15 months from the start of fact discovery. The Court finds that this case presents unique complexities and other exceptional circumstances that warrant this period of fact discovery.

6. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following

---

and any bellwether schedule set by the Court, shall not affect the deadlines set forth herein as to the other categories of Plaintiffs.

interim deadlines may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 5 above (absent good cause to extend that date):

6.1. Initial requests for production of documents and data to be served by 30 days after the beginning of fact discovery. By six months after the start of fact discovery the parties shall substantially complete production of documents including data responsive to document requests served within the first 30 days of discovery.

6.2. Interrogatories (other than for the sole purpose of authenticating documents) to be served and answered in accordance with Fed. R. Civ. P. 33 and Local Rule 33.3 and shall be served no later than 30 days before the close of fact discovery identified in paragraph 5 above. Absent leave of Court upon a showing of good cause, each side may serve up to 25 common interrogatories on another side. In addition, each category of plaintiffs or defendants (as referenced in footnote 1 above), may serve up to 15 interrogatories seeking category-specific information on any other category of plaintiff or defendant.

6.3. Requests to Admit (other than for the sole purpose of authenticating documents) to be served no later than 30 days prior to the close of fact discovery identified in paragraph 5 above.

6.4. Except by agreement of the parties or Court order, depositions of fact witnesses shall be completed by the close of fact discovery identified in paragraph 5 above.

6.5. Bellwether Discovery for the Direct Action Newspaper Plaintiffs: To

      advance the central goals of this MDL to complete discovery in the just, speedy, and inexpensive manner required by Fed. R. Civ. P. 1, the Court will implement a bellwether discovery method for the Direct Action Newspapers. With respect to discovery on the Direct Action Newspaper Plaintiffs by Defendants, the parties shall meet and confer regarding the selection of bellwether plaintiffs or a bellwether discovery pool. All discovery on Defendants by the Direct Action Newspaper Plaintiffs will be conducted in accordance with the common and category-wide discovery set forth in this Section 6 and its subparts.  The parties shall also meet and confer regarding the contents and timing of Plaintiff Fact Sheets, which will be required to be completed by all non-bellwether Direct Action Newspaper Plaintiffs in this MDL.

6.6. For the avoidance of doubt, the procedures set forth in this paragraph 6 concerning bellwethers apply only to the Direct Action Newspaper plaintiffs and shall not affect any other deadline set forth herein as to any other category of Plaintiff.

7. The parties shall be permitted to take up to 10 fact-witness depositions per side in accordance with Fed. R. Civ. P. 30(a)(2) without further leave of Court. It is anticipated that collectively, the Plaintiffs will require more than 10 depositions. A party may seek leave of Court to depose additional witnesses by identifying the particular witnesses by name (unless a Rule 30(b)(6) witness); describing the matters on which they have unique knowledge; and identifying the group or groups of actions the particular witness pertains to. Absent court order or agreement of parties, all depositions shall be conducted in accordance with the Federal Rules of

Civil Procedure.

8. All Plaintiffs shall serve opening reports of all experts within 40 days after the close of fact discovery. Defendant(s) shall serve responsive expert reports within 90 days after the service of Plaintiffs' expert reports. Plaintiffs may then serve any rebuttal expert reports within 90 days after the service of Defendant(s)' reports. Depositions of experts, shall be completed within 45 days following the service by Plaintiffs of rebuttal expert reports.

9. Class certification proceedings in the proposed Advertiser and Publisher class actions will occur after the close of fact and expert discovery. Plaintiffs in each of these proposed class actions will move for certification within 30 days after the close of expert discovery. Defendant(s) will respond to the certification motions within 45 days after their filing, and each of the two sets of Class Plaintiffs may file a reply within 30 days after the filing of Defendant(s)' responses.

10. All motions and applications shall be governed by the Court's Individual Practices, including pre-motion conference requirements. Pursuant to the authority of Fed. R. Civ. P. 16(c)(2), any motion for summary judgment will be deemed untimely unless a Pre-Motion Letter relating thereto is filed no later than 14 days after the date set by the Court for the close of fact discovery. No party shall file any summary judgment motions prior to the close of expert discovery.

11. The Court will hold monthly case management conferences to ensure efficient progress and to address any issues or disputes that may arise in a timely fashion. At least five business days prior to each monthly conference, the parties shall make a joint submission informing the Court that there are no issues to discuss, or setting forth an agenda of the issues they wish to discuss with the Court's attention or

        request that the Court address at the conference and any party may simultaneously provide a letter to the Court providing additional information. The Court will issue a separate order setting forth the dates, times and locations of these conferences. The next case management conference will be held on December ___, 2022 at __ a.m./p.m.

12.     Setting of the Final Pretrial Submission Date, and of the deadlines related thereto, is deferred pending the determination of the district or districts where these cases will be tried. To the extent possible given the Court's schedule, trial in any action in this MDL that will be tried by this Court, including, but not limited to, <u>Associated Newspapers, Ltd. v. Google LLC</u>, No. 21-cv-03446-PKC (originally filed in this Court), shall commence within 90 days of the close of expert discovery or 90 days of a decision on a motion for summary judgment, whichever is later. No party waives its rights to remand to its transferor court under 28 U.S.C. § 1407(a) or any other right related to the change of venue. *See* <u>*Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*</u>, 523 U.S. 26 (1998); <u>Manual for Complex Litigation</u> § 22.93 at p. 463 (4th ed.).

***TO BE COMPLETED BY THE COURT*:**

The Plan has been reviewed by the Court and, except as modified, is adopted as the Scheduling Order of this Court in accordance with Rule 16(b), Fed. R. Civ. P.

[Other provisions included by Court.]

This ORDER may not be modified or the dates herein extended, except by further Order of this Court for good cause shown. Any application to modify or extend the dates herein (except as noted in paragraph 6) shall be made in a written application in accordance with paragraph 1(C) of the Court's Individual Practices and shall be made no less than five (5) days prior to the expiration of the date sought to be extended.

Dated: _____                    _____
                                                                                    P. Kevin Castel
                                                                           United States District Judge