# EXHIBIT G



Wilson Sonsini Goodrich & Rosati
Professional Corporation

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105-1126

O: 415.947.2000
F: 415.947.2099

MIKAELA E. EVANS-AZIZ
mevansaziz@wsgr.com

January 6, 2023

VIA ELECTRONIC MAIL

Serina M. Vash
Herman Jones LLP
153 Central Avenue # 131
Westfield, NJ 07090
svash@hermanjones.com

Re:     *In re: Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC)

Dear Serina:

I write further to our December 21, 2022 meet and confer concerning the ESI protocol in the above-captioned MDL. During the meet and confer, Plaintiffs again committed to providing a written response to the questions raised by Google in its letters dated October 14, 2022 and December 16, 2022, and in the meet and confer held on November 10, 2022. Further, our December 16 letter requested that Plaintiffs provide Google with written responses to outstanding issues by December 23, 2022, but Plaintiffs have yet to send us any response. Please provide your answers no later than January 10, 2023 as we plan to raise with the Court any remaining issues on which the parties have reached an impasse.

As promised during the December 21 meet and confer, below are Google's responses to the questions raised by Plaintiffs on December 21.

**Meaning of "duplicative" (paragraph II.2(a)).** Plaintiffs raised a concern about the term "duplicative" and its use in this ESI order and requested that Google explain what is meant by "duplicative" in this context. Google continues to believe that it is unnecessary to define this term. The Sedona Principles and case law interpret duplicative ESI to be ESI that contains information that is otherwise available from another source. *See The Sedona Principles, Third Edition: Best Practices, Recommendations & Principles for Addressing Electronic Document Production*, 19 Sedona Conf. J. 1, 136 (2018); *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 218 (S.D.N.Y. 2003) (requiring preservation of certain ESI only "if the information contained on [that ESI] is not otherwise available").

**WILSON
SONSINI**

January 6, 2023
Page 2

      **De-duplication (paragraph III.V).** Plaintiffs asked that Google confirm the method of deduplication that it will use prior to its migration to Source Hash. Google is using the MD5 Hash value in combination with the Axcelerate calculated "RM_duplicate" hash value.

      **Privilege log timelines (paragraph V.1).** The parties discussed whether each side would be willing to agree to a mutually acceptable time limit for producing privilege logs at the close of the four-month substantial completion deadline. In a further effort to achieve compromise, Google is willing to agree to produce privilege logs within 60 days after the four-month substantial completion deadline. Please confirm no later than January 10, 2023 whether Plaintiffs are willing to agree to this timeline.

      **Identification of specific attorneys (paragraph V.3(h)).** Plaintiffs' version of the ESI order requires that privilege logs include both the "[t]he name of the attorney(s) and legal organization who provided the legal advice at issue." Google's version of the ESI order would only require either the named attorney(s) or the legal organization. While Google still believes that there is no requirement under the Federal Rules to include both the named attorney and the legal organization, Google is willing to agree to provide the name of the attorney when it is reasonably available within the confines of the document or its metadata. Please confirm no later than January 10, 2023 that Plaintiffs agree to this compromise, or explain in writing Plaintiffs' concern with this provision.

      **Privilege log exemptions (paragraph V.8(g)).** Plaintiffs seek to exempt communications between counsel for various Plaintiffs and Plaintiff groups from logging requirements. Google will agree to add a provision that applies to both Plaintiffs' and Defendants' Counsel and conforms with the Stipulation and Order Regarding Expert Discovery (ECF No. 428, ¶¶ 5.1.1(d), (e), n.2(iii) and n.3). Please confirm no later than January 10, 2023 that Plaintiffs agree to this compromise, or explain in writing Plaintiffs' concern with this compromise.

      **Presentations (Appendix H, I).** Plaintiffs expressed a concern regarding presentations in a searchable, readable format. As a further compromise, Google will agree to produce presentations in a readable .JPEG format together with a searchable text file. Please confirm no later than January 10, 2023 that Plaintiffs agree to this compromise, or explain in writing Plaintiffs' concern with this provision.

      **Linked documents (Appendix J).** As noted in our prior letters and meet and confers, Plaintiffs' proposal remains unworkable. Google remains amenable to entertaining reasonable and proportionate requests for linked documents, consistent with the Federal Rules and governing case law.

      Finally, as noted above, we continue to await Plaintiffs' responses on several outstanding issues. As of late today, we understand that Plaintiffs have changed position and that some subset of them are now pressing for the expansion of this provision to include logs for ads viewed in the 27 Member States of the European Union. This is inconsistent with Plaintiffs' position on the

**WILSON SONSINI**

January 6, 2023
Page 3


December 21 meet and confer, in which the Plaintiffs on the call stated that this was a Daily Mail-only issue. Thus, because Daily Mail was not on the call, we were not able to meet and confer on the issue and we reached out to them separately. Nonetheless, our request that Plaintiffs provide a written explanation for the reasons for adding the European Union remains outstanding. Please provide your written reasons by January 10, 2023 so that Google can assess Plaintiffs' request.

Best Regards,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

*/s/ Mikaela E. Evans-Aziz*

Mikaela E. Evans-Aziz
*Counsel for Defendants Google LLC,*
*Alphabet Inc., and YouTube LLC*


Cc: Counsel for Publisher Plaintiffs, Advertiser Plaintiffs, Daily Mail, and State Plaintiffs