February 1, 2023

**VIA ECF**

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan
 United States Courthouse
500 Pearl Street
New York, New York 10007

**Re:**   *In re Google Digital Advertising*, **1:21-md-03010 (PKC);**
          **Case Management Conference Scheduled for February 15, 2023;**
          **Plaintiffs' Topics and Positions**

Dear Judge Castel:

In accordance with the Court's Pre-Trial Order No. 5 (Dkt. 394), the Plaintiffs' Lead Attorneys submit issues for the Case Management Conference scheduled for February 15, 2023, at 2:00 p.m., which is the next conference in this matter.

Below is a list of the issues State Plaintiffs and Private Plaintiffs (collectively "Plaintiffs") anticipate may warrant discussion at the Case Management Conference:

1. **ESI Submissions**

On January 13, 2023, Plaintiffs submitted their proposed ESI protocol (corrected filing at Dkt. 439) and outlined the remaining areas in dispute. On the same date, Defendants similarly filed their position with respect to the ESI protocol. (Dkt. 434.) While Plaintiffs will continue to seek to reach common ground with Defendants on open issues prior to the conference, to the extent the Court has not issued a ruling on the ESI proposals by February 15, the following issues remain in dispute and Plaintiffs will be prepared to address them at the conference:

a) Whether Google's production of documents responsive to discovery requests in this case must comply with this Court's ESI protocol, if those documents have been previously produced in any pre-complaint investigation dating back to 2007. **Section I, paragraph 1.2;**

b) Whether Google should be required to preserve relevant information, particularly with respect to six categories of documents. **Section II, paragraphs 3(d), (h), 3(j), 3(k), 3(i), and 4**:

> 3(d): Logs of calls made from cellular phones (Plaintiffs' position is that these can be destroyed only if they "duplicate information that resides in a reasonably accessible data source");
> 3(h): Online access data;
> 3(j): Server, system, or network logs;
> 3(k): Ad log files concerning ads viewed in the European Union;
> 3(l): Dynamic fields of databases, dashboards, or log files; and
> 4: Encryption keys, mapping tables, identifiers, or other data sources that are necessary to make relevant ESI and Documents useable for purposes of this Action.[1]

c) Whether Google and Meta should be permitted to produce only the most recent email in an email thread, and whether the parties can withhold and refrain from producing earlier, less inclusive relevant email messages or thread members. **Section III, paragraph III.6**;

d) Whether Google must produce privilege logs in accordance with Local Rule 26.2 and provide a privilege log 30 days after each production. **Section V, paragraph V.1**;

e) Whether Google's and Meta's privilege logs must include the name of the attorney(s) ***and*** the legal organization that purportedly provided the legal advice at issue (instead of including either the name of the attorney ***or*** the legal organization, as Google proposes). **Section V, paragraph 3(h)**;

f) Whether email chains that are logged as a single entry must be produced with all email header information visible, so that, e.g., the senders and recipients of the earlier-in-time email communications can be identified. **Section V, paragraph 5**;

---

[1] Plaintiffs noted with concern Google's recent admission in a pending app-store antitrust MDL that it failed to preserve "chat" communications of Google executives whom it had identified as document custodians. *In re Google Play Store Antitrust Litig.*, 3:21-md-02981 (N.D. Cal.), Doc. 429. In that proceeding, Google confirmed that it has not preserved all chat communications for relevant custodians "[i]n any case filed" against it "in the United States in the past five years," including, presumably, for custodians relevant to the cases centralized in this MDL. *Id.* at 2. Subject to the Court's views, this issue and related evidence preservation issues may warrant discussion at the upcoming Case Management Conference. *See also* Dorothy Atkins, "'Why Did You Sit on This?' Judge Slams Google Over Chats," *Law360* (Jan. 31, 2023), *available at*:
https://www.law360.com/classaction/articles/1571118/-why-did-you-sit-on-this-judge-slams-google-over-chats.

g) Whether communications between and among counsel for plaintiffs in this Multi-District Litigation must be listed on privilege logs and whether Google will be required to include separate privilege log entries for each email record withheld as privileged. **Section V, paragraph 8(g)**;

h) Whether Google should have to produce Google Drive metadata for documents it produces from Google Drive. **Appendix D**;

i) Whether Google has to produce presentations (e.g., PowerPoint, Google Slides) in native format so they are searchable and readable. **Appendix H, I**;

j) Whether Google should use its automated tool to locate documents with links and produce the relevant linked documents; and whether Plaintiffs can make reasonable and proportionate requests for linked documents in a party's production. **Appendix J**;

k) Whether documents may be produced in "Parquet" format, although Parquet is not commonly used and a number of the plaintiff groups do not have platforms that support Parquet. **Appendix L**; and

l) Whether a producing party should be required to make "reasonable efforts" to break any encryption or password protection on responsive documents, to allow the receiving party to access and review any such encrypted or password-protected documents. **Appendix T**.

### 2. Production of More Detailed Log on Clawed Backed Material

In accordance with the Court's Order Regarding Clawback Documents (Dkt. 438), the Court instructed the parties to meet and confer regarding the adequacy of the descriptions on the privilege log for the remaining 58 clawed back documents and to agree to any supplementation of the privilege log or any other relief. The parties will meet and confer and update the Court on the resolution of this matter.

### 3. February 16 Date by which a Party May Seek to Dissolve Stay on State Law claims.

From the inception of this MDL, the Court has directed the parties to focus on the federal antitrust law claims and stayed the state law claims. *See*, *e.g.*, 9/24/21 Tr. 12:19-23 ("As I indicated in, I think, pretrial order No. 1, I likely will continue a stay as to state claims … You're dealing with one judge, one chambers …. Let's find out whether we have a federal antitrust claim before we get into the state law claim."). On November 3, 2022, following the Court's September 13 Order and Opinion (Doc. 208) upholding in part the State Plaintiffs' Third Amended Complaint, the State Plaintiffs advised the Court that they wished to amend their complaint as to their

state law claims. Doc. 362. In PTO 4, the Court denied that request and continued its stay as to the State Plaintiffs' state law claims, but permitted the plaintiffs or Google to seek to dissolve the stay after 90 days (*i.e.*, beginning February 16). PTO 4, at ¶ 4. Accordingly, should the Court be inclined to lift the stay as to the State Plaintiffs' state law claims, State Plaintiffs would like to file a pre-motion letter seeking leave to file a motion to amend their state law claims.

### 4. Update on Status of Discovery Requests

In accordance with PTO 3 and PTO 5, and consistent with Rule 34 and Local Civil Rule 33.3(a), Plaintiffs on January 27, 2023 collectively served Google with an omnibus First Set of Requests for Production of Documents. Plaintiffs continue collectively to coordinate and advance other means of discovery appropriate at this stage of the proceedings.

Also on January 27, Plaintiffs received requests for production of documents and interrogatories from Google. In light of the Direct Action Newspaper Plaintiffs' prior proposal for bellwether discovery and in anticipation of receiving Defendants' 12(b)(6) motions on February 3, 2023, the Direct Action Newspaper Plaintiffs will seek to meet and confer with Defendants in short order in an effort to streamline discovery and assure that Google's requests and Plaintiffs' responses thereto are proportional to the needs of the case. Fed. R. Civ. P. 26(b). The Direct Action Newspaper Plaintiffs may seek to address the same with the Court.

### 5. Tag-along Actions

Today, the JPML transferred and centralized two additional actions, *Inform, Inc. v. Google LLC, et al.* No. 1:19-5362 (N.D. Ga. filed 2019), and *Stellman v. Google LLC, et al.*, No. 5:22-5273 (N.D. Cal. filed 2022), for inclusion in the coordinated or consolidated pretrial proceedings before this Court. Proceedings concerning motion practice, discovery and timing of the same as respects these matters will need to be addressed.

We understand that the last date for responding to any party's letter concerning matters to be raised at the Case Management Conference is February 8, 2023. Each of the Plaintiff groups will consider any such matters and we will respond thereto as appropriate, in a coordinated fashion.

Respectfully submitted,

*Plaintiffs' Lead Attorneys*

*/s/ W. Mark Lanier*
W. Mark Lanier
New York Bar No.: 4327284
Mark.Lanier@LanierLawFirm.com
**THE LANIER LAW FIRM, PLLC**
Tower 56
126 East 56th Street, 6th Floor
New York, NY 10022
Tel: (212) 421-2800

*Counsel for Texas, Idaho, Indiana, Louisiana, Mississippi, North Dakota, South Carolina, and South Dakota*

*On behalf of the State Plaintiffs*

*/s/ David Boies*
David Boies
dboies@bsfllp.com
**BOIES SCHILLER FLEXNER LLP**
333 Main Street
Armonk, NY 10504
Tel: (914) 749-8200

*Lead Counsel for the Publisher Class*

/s/ *Dena C. Sharp*
Dena C. Sharp (*pro hac vice*)
dsharp@girardsharp.com
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Tel: (415) 981-4800

/s/ *Tina Wolfson*
Tina Wolfson (TW-1016)
twolfson@ahdootwolfson.com
**AHDOOT & WOLFSON, PC**
2600 West Olive Ave., Suite 500
Burbank, CA 91505
Tel.: (310) 474-9111
*Interim Co-Lead Counsel for the Proposed Advertiser Class*