**Keller | Postman**                                                The Lanier Law Firm

February 16, 2023

<u>**VIA ECF *and* FAX**</u>

The Honorable P. Kevin Castel
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl St., Courtroom 11D
New York, New York 10007

> **Re:** *In re Google Digital Advertising Antitrust Litig.*, No. 1:21-md-03010 (PKC); *State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841 (PKC)

Dear Judge Castel:

We are counsel to plaintiffs Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota in connection with *State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841, a constituent case in the above-referenced MDL. Pursuant to Your Honor's Individual Practice 3(A)(i), on behalf of all State Plaintiffs, we write to request leave to file a motion to amend the State Plaintiffs' Third Amended Complaint (*TAC*) solely in order to amend the State Plaintiffs' state law consumer protection claims. There is a conference scheduled with the Court on February 22, 2023.

    1.    *A brief history of the relevant proceedings.*

Since this MDL began, the Court has stayed all of the State Plaintiffs' state law claims. The very first PTO (PTO1) in this case stated, in relevant part, "[t]he Court anticipates staying all briefing on purely state law claims in both the state case and the private cases until a later juncture, assuming some portion of the federal claims survive." Doc. 4, at ¶ 11. On September 24, 2021, shortly after the issuance of PTO1, the Court held an initial case management conference at which the Court reiterated what it said in PTO 1: that proceedings with respect to the States' state law claims will be stayed. *See*, *e.g.,* 9/24/21 Tr. 12:19-23 ("As I indicated in, I think, pretrial order No. 1, I likely will continue a stay as to state claims … You're dealing with one judge, one chambers, and I could be a bottleneck if I were trying to resolve every pleading in every case and every state law claim. Let's find out whether we have a federal antitrust claim before we get into the state law claim.")

On September 30, 2021, Google filed a pre-motion letter seeking leave to dismiss the State Plaintiffs' federal antitrust claims. Doc. 136. Its letter contained five pages of argument as to why the States' federal antitrust claims fail. It contained *no* argument as to the States' state law claims, and for good reason. All parties, including Google, understood those claims were the subject of a stay. On October 13, 2021, the Court granted the States leave to amend their complaint, so that the States could put forward their "strongest and best pleading." Doc. 159, at p. 1. On November 12, 2021, pursuant to the Court's October 13 order, the States filed their TAC which contained their "strongest and best pleading" with respect to their federal antitrust claims. The States' amendment sought to address the arguments that Google made in its September 30

The Honorable P. Kevin Castel
February 16, 2023
Page 2

pre-motion letter. So as not to run afoul of this Court's stay of the state law claims, and because Google did not raise any arguments as to the States' deceptive trade practice claims, the States intentionally refrained from materially revising their state law claims.

On January 21, 2022, Google filed a motion to dismiss Counts I-IV[1] of the *TAC*. Doc. 217. On September 13, 2022, the Court largely denied Google's motion to dismiss Counts I-IV of the States' *TAC*. Doc. 308. Even as to some of the federal antitrust claims that the Court held were inadequately pled, the Court suggested that those claims may allege deception. *See, e.g.*, Doc. 308, at pp. 59-61 (describing how Reserve Price Optimization misled publishers and advertisers). On September 14, the Court then issued PTO2. Doc. 309. Paragraphs one and two of PTO2 provided a process for any "Class Action" or "individual plaintiff" to amend their complaint. The State Plaintiffs did not understand the terms "Class Action" and "individual plaintiff" in PTO2 to refer to the States. Therefore, the States did not understand PTO2 to have directed them to file an amended complaint with respect to their state law claims or otherwise.

On October 28, 2022, Google then sought leave to file a motion to dismiss the plaintiffs' state law claims. Doc. 357. On November 3, 2022, the States' opposed Google's request for leave to dismiss the States' state law claims, and instead sought leave to amend the TAC with respect to the state law claims. Doc. 362. On November 18, 2022, the Court issued PTO4 which, in relevant part, denied the requests of both Google and the States and kept in place the stay of the State Plaintiffs' state law claims for another 90 days. Doc. 392. The 90-day stay period ends today.

        2.   *The State Plaintiffs request leave to amend the state law DTPA claims in their TAC.*

Given the current posture of the case, in order for the State Plaintiffs to amend their complaint, Rule 15(a)(2) of the Federal Rules requires them to receive leave from this Court. And, as the Court is familiar, Rule 15 requires the Court to "freely give leave when justice so requires." Here, because the State Plaintiffs' state law claims have been stayed since the formation of this MDL, and the State Plaintiffs have not yet had a chance to amend their state law claims in this MDL, justice requires that they be given leave to amend. The States intentionally refrained from amending their state law allegations in connection with the *TAC* so as not to run afoul of the Court-ordered stay of state law claims. The States' First and Second Amended Complaints were done largely to add additional plaintiff states who joined the coalition following the filing of the initial complaint in December 2020. Therefore, the States respectfully request that they be permitted to file an amended complaint amending their DTPA claims so they may put their best foot forward with respect to those claims.

Amending the States' DTPA claims is a significantly more complicated task than amending federal antitrust claims, however, since the federal antitrust claims are common across all States. As to the DTPA claims, there are 17 sovereigns which need to be involved in any amendment of state law claims, and there are variations between the different DTPAs which need to be accounted for in any amendment. Therefore, if the Court is inclined to grant the States

---

[1]    Counts I-IV of the *TAC* contained the States' federal antitrust claims.

The Honorable P. Kevin Castel
February 16, 2023
Page 3

leave to amend their DTPA claims,[2] the States respectfully request that they be permitted to meet and confer with Google concerning an appropriate schedule concerning the filing of an amended complaint and associated motion practice (should Google wish to file any motions with respect to the States' amended pleading).

We are available to answer any questions the Court may have.

Respectfully submitted,

| | |
|---|---|
| */s/ W. Mark Lanier* | */s/ Ashley Keller* |
| W. Mark Lanier | Ashley Keller |
| New York Bar No.: 4327284 | ack@kellerpostman.com |
| Mark.Lanier@LanierLawFirm.com | Brooke Clason Smith |
| Alex J. Brown | brooke.smith@kellerpostman.com |
| New York Bar No.: 4593604 | Jason A. Zweig |
| Alex.Brown@LanierLawFirm.com | New York Bar No.: 2960326 |
| Zeke DeRose III | jaz@kellerpostman.com |
| Zeke.DeRose@LanierLawFirm.com | 150 N. Riverside Plaza, Suite 4100 |
| Tower 56 | Chicago, Illinois 60606 |
| 126 East 56th Street, 6th Floor | (312) 741-5220 |
| New York, NY 10022 | Zina Bash |
| (212) 421-2800 | zina.bash@kellerpostman.com |
| THE LANIER LAW FIRM, PLLC | 111 Congress Avenue, Suite 500 |
| | Austin, TX 78701 |
| | (512) 690-0990 |
| | KELLER POSTMAN LLC |

*Counsel for Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*Submitted on behalf of all Plaintiff States*

CC: Counsel of Record

---

[2] To the extent necessary, the States would also seek to clean up any allegations regarding remedies that Google identified in its October 28 pre-motion letter (Doc. 357).