

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Washington
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
T +1 202 777 4500 (Switchboard)
   +1 202 777 4545 (Direct)
F +1 202 507 5945
E eric.mahr@freshfields.com
www.freshfields.com

February 23, 2022

**Re:**   *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC);
*State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841 (PKC)

Dear Judge Castel:

On behalf of Defendant Google LLC ("Google"), we write in response to State Plaintiffs' letter requesting leave to file a motion to amend their state law consumer protection ("DTPA") claims.  *See* ECF No. 466.  Pursuant to Your Honor's Individual Practices, we note that no case management conference is scheduled at this time.

More than two years after filing their first complaint, State Plaintiffs now seek a *fifth* attempt to articulate viable DTPA claims against Google.  They have had access to the same mountain of documents for all this time, and they concede that they intentionally chose not to advance their strongest and best claims when the Court gave them the chance to do so.  *See* ECF Nos. 362, at 1; 466, at 2.  State Plaintiffs should not be allowed to further delay giving Google notice of the claims that it must defend, especially now that the limited time available for discovery has already commenced.  Instead, they should be held to the claims as pled in their Third Amended Complaint ("TAC").

### A. The Court directed State Plaintiffs to make the TAC their "strongest and best pleading."

As a result of an 18-month pre-suit investigation, State Plaintiffs have had access to millions of Google documents since 2019.  *See* ECF No. 142, at 20:6-10.  Using this massive amount of material, Texas and nine other states first filed their Complaint in the U.S. District Court for the Eastern District of Texas on December 16, 2020.  *See Texas v. Google LLC*, No. 4:20-cv-00957 (E.D. Tex.) ("*Texas*"), ECF No. 1.  In March 2021, they filed an Amended Complaint that substantially revised their allegations and added four states and Puerto Rico as plaintiffs.  *Texas*,

1

**Freshfields Bruckhaus Deringer US LLP**

ECF No. 77.  Then, in August 2021, State Plaintiffs filed a motion for leave to file a Second Amended Complaint ("SAC") in order to add Louisiana and South Carolina as plaintiffs, eliminate their federal damages claims, and "eliminate or clarify certain state-law claims." *Texas*, ECF No. 136, at 2.  Before the Texas court ruled on that motion, the Judicial Panel on Multidistrict Litigation transferred the case to this Court.  *See In re Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d 1372 (U.S. Jud. Pan. Mult. Lit. 2021).

Within days of receiving the case, this Court ordered State Plaintiffs to submit their motion for leave to file the SAC in the Southern District of New York, and State Plaintiffs complied on August 18, 2021, ECF No. 12.  Google did not oppose the motion, ECF No. 19; the Court granted it, ECF No. 61; and State Plaintiffs filed their SAC on September 9, 2021, ECF. No. 81.

During a September 24, 2021 conference, the Court stated that Google would have an opportunity to file a pre-motion letter directed at the SAC and:

> Then the plaintiffs will respond on October 8, indicating if there are any amendments they wish to make. The idea is to get the strongest and best pleading in front of the Court so Google can make its motions and so that we don't have this tennis match of rulings on motions followed by amendments followed by further motions and further rulings, etc. **This should be the plaintiffs' strongest and best pleading**.

ECF No. 142, at 11:4-10 (emphasis added).  In staying briefing on motions to dismiss state law claims, the Court explained that it was trying to avoid the risk of becoming a "bottleneck" if it faced motions to dismiss "every pleading in every case and every state law claim." *Id.* at 12:15-23; *see also* ECF No. 4, at ¶ 11 ("The Court anticipates staying all briefing on purely state law claims in both the state case and the private cases until a later juncture.").[1]  But there was no suggestion that State Plaintiffs should limit their "strongest and best pleading" to only federal claims or that they would later receive another opportunity to plead viable state law claims.

While considering amendments, State Plaintiffs informed the Court that they were trying to "ensure that the Third Amended Complaint is as representative and **complete** as possible" and requested entry of an interim protective order so that they could work more closely with other plaintiff groups "to finalize a **comprehensive** Third Amended Complaint."  ECF No. 141, at 1-2 (emphasis added).

On October 13, 2021, the Court granted leave to file a TAC, underscoring that the new complaint would "permit the briefing on the motion to dismiss to proceed based on the state plaintiffs' strongest and best pleading." ECF No. 144, at 1.  The Court also established a schedule

---

[1] Plaintiffs nowhere explain how they could reasonably interpret an order staying "briefing" of motions to dismiss state law claims as barring them from pleading their strongest and best state law claims in the TAC.

Freshfields Bruckhaus Deringer US LLP

for Google to move to dismiss the TAC and gave State Plaintiffs the opportunity to file a motion to further amend their pleadings after reviewing Google's motion to dismiss the TAC. *Id.* at 2. Exercising its authority under Federal Rule of Procedure 16(b)(3)(A), the Court imposed a February 14, 2022 deadline for State Plaintiffs to move to further amend their claims. *Id.*

### B. The TAC materially amended State Plaintiffs' DTPA claims.

On November 12, 2021, State Plaintiffs filed a TAC that was 67 pages longer and contained 220 more paragraphs than the SAC. *See* ECF No. 195. Pursuant to the Court's October 13, 2021 Order, ECF No. 144, Google moved to dismiss the federal claims in the TAC on January 21, 2022, ECF Nos. 217, 218. State Plaintiffs chose not to take advantage of the opportunity that the Court had granted them to seek leave by February 14, 2022 to file a further amended complaint, ECF No. 144, at 2. Instead, they elected to stand on the allegations in the TAC and oppose Google's motion to dismiss. *See* ECF No. 264.

The Court granted Google's motion in part on September 13, 2022, ECF No. 308, and then established a schedule for class and individual plaintiffs to submit amended pleadings, *see* ECF Nos. 309, 311. The Court also ordered Google to "answer the complaint or submit a pre-motion letter within 30 days," if "a plaintiff" did not seek to amend its pleadings. ECF No. 309 ("PTO2") at ¶ 4. State Plaintiffs now claim that they "did not understand PTO2 to have directed them to file an amended complaint with respect to their state law claims or otherwise," ECF No. 466, at 2, but they expressly invoked that Order on September 28, 2022 when they informed Google that they would "not be seeking to amend their complaint at this time pursuant to Pretrial Order No. 2." *See* ECF No. 362, at 2. Accordingly, as contemplated by State Plaintiffs' interpretation of PTO2, Google filed a pre-motion letter seeking leave to file a motion to dismiss the state law claims in the TAC. ECF No. 357.

After receiving Google's pre-motion letter, State Plaintiffs abruptly changed course and asserted for the first time that they had "intentionally refrained from materially revising the[] state law claims" in their TAC. ECF No. 362, at 3. They also requested leave "to file an amended complaint largely amending their DTPA claims so they may put their best foot forward with respect to those claims," *id.*, even though that request was inconsistent with the Court's direction to make the TAC their "strongest and best" pleading and with their prior professed intention to make the TAC as "comprehensive" and "complete as possible."

In their latest letter, State Plaintiffs continue to claim that they "intentionally refrained from amending their state law allegations in connection with the TAC." ECF No. 466, at 2. But that is simply not true. The TAC made numerous amendments to the allegations of deception in the SAC. *See* Appendix A. And State Plaintiffs cannot credibly claim that those amendments were intended to bolster their monopolization claims (rather than the DTPA claims) because they *removed* deception from the list of allegedly exclusionary conduct on which they based their monopolization claims. *Compare* SAC, ECF No. 152 at ¶¶ 311, 320, *with* TAC, ECF No. 195 at

3

¶¶ 529, 534; *cf.* ECF No. 308, at 38 n.21 (holding that "States do not assert that Google's purported section 2 violations sound in fraud"). Having dropped deception as a basis for their federal antitrust claims, State Plaintiffs strain credulity in suggesting that the TAC's additional allegations of deception were not intended to state their "strongest and best" DTPA claims.

### C. State Plaintiffs should not be granted leave to amend the TAC.

Although State Plaintiffs argue that "Rule 15(a)(2) of the Federal Rules requires" the Court to allow them to amend their DTPA claims, ECF No. 466, at 2, "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause," *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see also Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243 (2d Cir. 2007) ("Rule 16(b) . . . may limit the ability of a party to amend a pleading if the deadline specified in the scheduling order for amendment of the pleadings has passed."). Here, the relevant Rule 16(b) scheduling order required State Plaintiffs to seek leave to amend by February 14, 2022, ECF No. 144, at 2, but they sat on their hands until nearly nine months after that deadline had passed, *see* ECF No. 362 (November 3, 2022 letter).

State Plaintiffs cannot show good cause for waiting so long to try to amend their DTPA claims. First, "a finding of 'good cause' depends on the diligence of the moving party," *Parker*, 204 F.3d at 340, and far from demonstrating diligence, State Plaintiffs admit that they intentionally chose not to plead their "strongest and best" DTPA claims as the Court instructed. *See* ECF No. 362, at 3; ECF No. 466, at 2. Second, State Plaintiffs have had access to over two million Google documents since before they initiated this litigation and already have had four chances to perfect their pleadings. *See Parker*, 204 F.3d at 340-41 (affirming denial of motion to amend when plaintiff had the information necessary to support his new claim when filing an earlier complaint). Finally, further amendment would prejudice Google if State Plaintiffs are permitted to pursue new DTPA claims after a significant portion of the period allotted for discovery has passed. *See Kassner*, 496 F.3d at 244 (instructing district court to consider "whether allowing the amendment of the pleading at this stage of the litigation will prejudice defendants").

There are limits to a plaintiff's ability to repeatedly amend its complaint. It is entirely appropriate to deny amendment where, as here, there is "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also In re UBS Erisa Litig.*, 2014 WL 4812387, * 4 (S.D.N.Y. 2014) (Pleading is not "an interactive game in which plaintiffs file a complaint, and then bat it back and forth with the Court over a rhetorical net until a viable complaint emerges.").

**Freshfields Bruckhaus Deringer US LLP**

     For all of these reasons, Google respectfully requests that the Court deny State Plaintiffs' request for leave to file a Fourth Amended Complaint. If that request is granted, however, Google respectfully requests it be allowed at least 60 days to respond to the new pleading.

     Respectfully submitted,

*/s/ Eric Mahr*
Eric Mahr
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Justina K. Sessions
WILSON SONSINI GOODRICH &
ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

*Counsel for Defendant Google LLC*

CC: All Counsel of Record (via ECF)