# Exhibit B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**IN RE GOOGLE DIGITAL ADVERTISING**
**ANTITRUST LITIGATION**

**No. 21-md-3010 (PKC)**

---

*This Stipulation Relates To:*

**THE STATE OF TEXAS,** *et al.*,

                    *Plaintiffs*,

-    against -

**GOOGLE LLC,**

                    *Defendant.*

**No. 21-CV-6841 (PKC)**

---

**SECOND STIPULATION AND [PROPOSED] ORDER REGARDING**
**STATE PLAINTIFFS' STATE LAW CLAIMS**

Defendant Google LLC ("Google") and Plaintiffs State of Texas, State of Alaska, State of Arkansas, State of Florida, State of Idaho, State of Indiana, Commonwealth of Kentucky, State of Louisiana, State of Mississippi, State of Missouri, State of Montana, State of Nevada, State of North Dakota, Commonwealth of Puerto Rico, State of South Carolina, State of South Dakota, and State of Utah (collectively "State Plaintiffs"; the State Plaintiffs and Google combined are the "Parties") stipulate as follows:

WHEREAS, paragraphs 546 through 602 (Count V) of State Plaintiffs' Third Amended Complaint (ECF No. 195) ("*TAC*") describe State Plaintiffs' state antitrust claims;

1

WHEREAS, on September 13, 2022, the Court issued its Opinion and Order on Google's Motion to Dismiss Counts I Through IV of the States' Third Amended Complaint (ECF No. 308, the "Opinion and Order");

WHEREAS, on November 18, 2022, the Court issued Pre-Trial Order No. 4, ordering State Plaintiffs and Google to meet and confer on a stipulation as to the effect of the Opinion and Order on any of the State Plaintiffs' state law claims and to report to the Court within 21 days (*see* ECF No. 392, ¶ 4);

WHEREAS, on December 9, 2022, pursuant to Pre-Trial Order No. 4, the Parties submitted a stipulation (the "First Stipulation") to the Court regarding the effect of the Opinion and Order on any of the State Plaintiffs' state law claims (*see* ECF No. 415);

WHEREAS, paragraph 2 of the First Stipulation stated that, "[a]ny state law antitrust claim is deemed dismissed to the extent that it is based on conduct alleged to serve as a basis for a federal antitrust claim that the Opinion and Order dismissed";

WHEREAS, on December 14, 2022, the Court so ordered the Parties' First Stipulation, and in so doing, added the following proviso: "[b]y February 24, 2023, the parties shall submit a stipulation describing with particularity, the claims or portions of claims governed by paragraph 2 [of the First Stipulation]," (ECF No. 417, at 3); and

NOW THEREFORE, the Parties, through their respective counsel, hereby stipulate as follows:

1. To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that the Network Bidding Agreement between Google and Meta Platforms, Inc. (f/k/a as Facebook) (the "NBA") constitutes an illegal contract, combination or conspiracy, such claim is hereby deemed dismissed.

2.      To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Encrypted User IDs constitutes monopolization or attempted monopolization of markets for ad exchanges, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

3.      To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Dynamic Allocation ("DA") constitutes monopolization or attempted monopolization of markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

4.      To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Enhanced Dynamic Allocation ("EDA") constitutes monopolization or attempted monopolization of markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

5.      To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Dynamic Revenue Share ("DRS") constitutes monopolization or attempted monopolization of markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

6.      To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Reserve Price Optimization ("RPO") constitutes monopolization or attempted monopolization of the market for ad exchanges, such claim is deemed to have failed to allege that such conduct is anticompetitive.

7.     To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Exchange Bidding constitutes monopolization or attempted monopolization of markets for ad exchanges, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

8.     To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on allegations that Google's use of Accelerated Mobile Pages ("AMP") constitutes monopolization or attempted monopolization of markets for ad exchanges, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

9.     To the extent that any State Plaintiff alleges a state antitrust claim in the TAC based on Google's use of Privacy Sandbox, such claim is deemed to be unripe for determination.

10.     To the extent that any State Plaintiff alleges in the TAC a state antitrust claim based on Google's use of DA, Google's use of DRS, or Google's combined use of DA and DRS, such claim is deemed to have failed to allege that such conduct has continuing adverse effects.

11.     As a result of the Opinion and Order, no State Plaintiff will further pursue in this litigation any state antitrust claim that (a) the NBA constitutes an illegal contract, combination or conspiracy; (b) Google's use of Encrypted User IDs, EDA, RPO, Exchange Bidding, or AMP constitutes monopolization or attempted monopolization; and/or (c) Google's use of DA or DRS constitutes monopolization or attempted monopolization of markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools. In addition, no State Plaintiff will further pursue in this litigation any state antitrust claim for injunctive relief based on allegations related to DA or DRS.

12.     State Plaintiffs have not alleged in the TAC that (a) Google's use of Encrypted User IDs constitutes monopolization or attempted monopolization of the market for publisher ad servers;

4

(b) Google's use of RPO constitutes monopolization or attempted monopolization of markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools; (c) Google's use of Exchange Bidding constitutes monopolization or attempted monopolization of the market for publisher ad servers; or (d) Google's use of AMP constitutes monopolization or attempted monopolization of the market for publisher ad servers.

13.    The Parties have not reached any agreement—and this Stipulation does not take a position—as to whether any State Plaintiff has alleged or may pursue any claim that (a) the NBA violates any state antitrust law prohibiting monopolization or attempted monopolization; (b) Google's use of Encrypted User IDs, DA, EDA, DRS, RPO, Exchange Bidding, or AMP violates any state antitrust law prohibiting monopolization or attempted monopolization of any market other than those identified in paragraphs 2, 3, 4, 5, 6, 7, or 8, respectively; and/or (c) Google's use of Encrypted User IDs, DA, EDA, DRS, RPO, Exchange Bidding, or AMP violates any state antitrust law other than those prohibiting monopolization or attempted monopolization.

14.    It is Google's position that the state antitrust claims described in paragraph 13 should be dismissed for the reasons described in the Opinion and Order and that the parties' lack of agreement will require Google to file a motion to dismiss some or all of them.

**IT IS SO STIPULATED.**

Dated: February 24, 2023

*For Plaintiff States of Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota:*

| | |
|---|---|
| *s/ Ashley Keller* | */s/ Mark Lanier* |
| Ashley Keller | W. Mark Lanier (*lead counsel*) |
| Admitted Pro Hac Vice | Texas Bar No. 11934600 |
| ack@kellerpostman.com | Mark.Lanier@LanierLawFirm.com |
| Jason A. Zweig | Alex J. Brown |
| jaz@kellerpostman.com | Alex.Brown@LanierLawFirm.com |
| Brooke Clason Smith | Zeke DeRose III |
| brooke.smith@kellerpostman.com | Zeke.DeRose@LanierLawFirm.com |
| 150 N. Riverside Plaza, Suite 4100 | 10940 W. Sam Houston Parkway N. Suite 100 |
| Chicago, Illinois 60606 | Houston, Texas 77064 |
| (312) 741-5220 | Telephone: (713) 659-5200 |
| Zina Bash | Facsimile: (713) 659-2204 |
| zina.bash@kellerpostman.com | **THE LANIER LAW FIRM, P.C.** |
| 111 Congress Avenue, Suite 500 | |
| Austin, TX 78701 | |
| (501) 690-0990 | |
| **KELLER POSTMAN LLC** | |

*Attorneys for Plaintiff States of Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi, North Dakota, South Carolina, and South Dakota*

*/s/ DRAFT*
Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

*Counsel for Defendant Google LLC*

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Shawn E. Cowles*

Brent Webster, First Assistant Attorney General of Texas
Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant Attorney General
Grant.Dorfman@oag.texas.gov
Aaron Reitz, Deputy Attorney General for Legal Strategy Aaron.Reitz@oag.texas.gov
Shawn E. Cowles, Deputy Attorney General for Civil Litigation
Shawn.Cowles@oag.texas.gov Nanette DiNunzio, Associate Deputy Attorney General for Civil Litigation
Nanette.Dinunzio@oag.texas.gov

James R. Lloyd, Chief, Antitrust Division
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief, Antitrust Division
Trevor.Young@oag.texas.gov

Ralph Molina, Assistant Attorney General, General Litigation Division
Ralph.Molina@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

FOR PLAINTIFF STATE OF ALASKA:


TREG R. TAYLOR
Attorney General


By :      */s/ Jeff Pickett*
Jeff Pickett
Senior Assistant Attorney General, Special Litigation Section
jeff.pickett@alaska.gov

*Attorney for Plaintiff State of Alaska*

FOR PLAINTIFF STATE OF ARKANSAS:

TIM GRIFFIN
ATTORNEY GENERAL

By: _____
AMANDA J. WENTZ
Ark. Bar No. 2021066
Assistant Attorney General
Office of the Arkansas Attorney General
323 Center Street, Suite 200
Little Rock, AR 72201
(501) 682-1178
Amanda.Wentz@ArkansasAG.gov

*Attorney for Plaintiff State of Arkansas*

FOR PLAINTIFF STATE OF FLORIDA:

ASHLEY MOODY, Attorney General

*/s/ R. Scott Palmer*
R. SCOTT PALMER, Special Counsel, Complex Enforcement
Chief, FL Bar No. 220353
JOHN GUARD, Chief Deputy Attorney General
LEE ISTRAIL, Assistant Attorney General
CHRISTOPHER KNIGHT, Assistant Attorney General
ANDREW BUTLER, Assistant Attorney General

Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: scott.palmer@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

FOR PLAINTIFF STATE OF IDAHO:

RAÚL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Acting Division Chief, Consumer Protection Division

Consumer Protection Division
Office of the Attorney General 954
W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:  (208)  334-2424
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF INDIANA:

THEODORE E. ROKITA
Attorney General

The Office of the Indiana Attorney General

By: _____
Scott Barnhart
Chief Counsel and Director of Consumer Protection
Indiana Atty. No. 25474-82
Indiana Government Center South – 5th Fl. 302
W. Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 232-6309
Fax: (317) 232-7979
Email: scott.barnhart@atg.in.gov


_____
Matthew Michaloski
Deputy Attorney General
Indiana Atty. No. 35313-49
Indiana Government Center South – 5th Fl. 302
W. Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 234-1479
Fax: (317) 232-7979
Email: matthew.michaloski@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

FOR PLAINTIFF COMMONWEALTH OF KENTUCKY:

DANIEL CAMERON
Attorney General

J. Christian Lewis
Commissioner of the Office of Consumer Protection

Christian.Lewis@ky.gov
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
Philip.Heleringer@ky.gov
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
Jonathan.Farmer@ky.gov
Office of the Attorney General
Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Tel: 502-696-5300

*Attorneys for Commonwealth of Kentucky*

FOR PLAINTIFF STATE OF LOUISIANA:

HON. JEFF LANDRY
ATTORNEY GENERAL, STATE OF LOUISIANA
Michael Dupree
Christopher J. Alderman
1885 N. 3rd Street
Baton Rouge, LA 70802

*s/ James R. Dugan, II*
James R. Dugan, II (*pro hac vice*)
TerriAnne Benedetto (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130  PH:
(504) 648-0180
FX:   (504) 649-0181
EM:   jdugan@dugan-lawfirm.com
tbenedetto@dugan-lawfirm.com

James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH:     (504) 833-5600
FX:     (504) 833-8080
EM:     jmw@chehardy.com

*Attorneys for the State of Louisiana*

FOR PLAINTIFF STATE OF MISSISSIPPI:

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:      */s/ Hart Martin*
         Hart Martin
         Consumer Protection Division
         Mississippi Attorney General's Office
         Post Office Box 220
         Jackson, Mississippi 39205
         Telephone: 601-359-4223
         Fax: 601-359-4231
         Hart.martin@ago.ms.gov


*Attorney for Plaintiff State of Mississippi*

FOR PLAINTIFF STATE OF MISSOURI:

ANDREW BAILEY
Attorney General

Amy.Haywood@ago.mo.gov
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
Tel: 816-889-3090

*Attorneys for Plaintiff State of Missouri*

FOR PLAINTIFF STATE OF MONTANA:

AUSTIN KNUDSEN
Montana Attorney General


*/s/ David M.S. Dewhirst*
DAVID M.S. DEWHIRST
Solicitor General
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894
david.dewhirst@mt.gov
mmattioli@mt.gov

*/s/ Charles J. Cooper*

Charles J. Cooper
ccooper@cooperkirk.com

David H. Thompson
dthompson@cooperkirk.com

Brian W. Barnes
bbarnes@cooperkirk.com

Harold S. Reeves
hreeves@cooperkirk.com

COOPER & KIRK PLLC
1523 New Hampshire Avenue, NW
Washington DC 20036
Phone: (202) 220-9620
Fax: (202) 220-9601

*Attorneys for Plaintiff State of Montana*

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate


*/s/ Michelle C. Newman*
Michelle C. Newman, Senior Deputy
Attorney General
mnewman@ag.nv.gov
Lucas J. Tucker (NV Bar No. 10252)
Senior Deputy Attorney General
LTucker@ag.nv.gov
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701 Tel:
(775) 684-1100

*Attorneys for Plaintiff State of Nevada*

FOR PLAINTIFF STATE OF NORTH DAKOTA:


**STATE OF NORTH DAKOTA**
Drew H. Wrigley
Attorney General


By:       */s/ Elin S. Alm*
           Parrell D. Grossman, ND ID 04684
           Elin S. Alm, ND ID 05924
           Assistant Attorneys General
           Consumer Protection & Antitrust Division
           Office of Attorney General of North Dakota
           1720 Burlington Drive, Suite C, Bismarck, ND 58503-7736
           (701) 328-5570
           (701) 328-5568 (fax)
           pgrossman@nd.gov
           ealm@nd.gov

*Attorneys for Plaintiff State of North Dakota*

FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

*/s/ Domingo Emanuelli-Hernández*
Domingo Emanuelli-Hernández
Attorney General
Thaizza Rodríguez Pagán
Assistant Attorney General
PR Bar No. 17177
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192 Tel:
(787) 721-2900, ext. 1201, 1204
trodriguez@justicia.pr.gov

Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111

*Attorneys for Plaintiff Commonwealth of Puerto Rico*

FOR PLAINTIFF STATE OF SOUTH CAROLINA:

ALAN WILSON
Attorney General


*/s/ Mary Frances Jowers*
Mary Frances Jowers
Assistant Deputy Attorney General
Rebecca M. Hartner (S.C. Bar No. 101302)
Assistant Attorney General
W. Jeffrey Young
Chief Deputy Attorney General
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-3996
Email: mfjowers@scag.gov

Charlie Condon
Charlie Condon Law Firm, LLC
880 Johnnie Dodds Blvd, Suite 1
Mount Pleasant, SC 29464 Phone:
843-884-8146
Email: charlie@charliecondon.com

James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130 Phone:
(504) 648-0180
Email: jdugan@dugan-lawfirm.com


*Attorneys for Plaintiff State of South Carolina*

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

MARTY JACKLEY
Attorney General


*/s/ Jonathan Van Patten*
Jonathan Van Patten
Assistant Attorney General
Office of the Attorney General
1302 E. Highway 14, Suite 1
Pierre, SD 57501
Tel: 605-773-3215
jonathan.vanpatten@state.sd.us

*Attorney for Plaintiff State of South Dakota*

FOR PLAINTIFF STATE OF UTAH:

Sean D. Reyes
Utah Attorney General

*/s/ Marie W.L. Martin*
Marie W.L. Martin
Assistant Attorney General
160 East 300 South, 5th Floor
P.O. Box 140874
Salt Lake City, UT 84114-0872
mwmartin@agutah.gov
Telephone: (801) 538-9600

*Attorneys for Plaintiff State of Utah and as counsel for the Utah Division of Consumer Protection*

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


Date: _____           _____
                                        Hon. P. Kevin Castel
                                        United States District Court
                                        Southern District of New York