

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Washington
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
T +1 202 777 4500 (Switchboard)
   +1 202 777 4545 (Direct)
F +1 202 507 5945
E eric.mahr@freshfields.com
www.freshfields.com

February 24, 2023

**Re:**  *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC);
*State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841 (PKC)

Dear Judge Castel:

On behalf of Defendant Google LLC ("Google"), we write pursuant to the Court's December 14, 2022 Stipulation and Order Regarding State Plaintiffs' State Law Claims, ECF No. 417 (the "First Stipulation"), in which the Court directed the parties to "submit a stipulation describing with particularity, the claims or portions of claims" that "are based on conduct alleged to serve as the basis for a federal antitrust claim that the Opinion and Order dismissed." *Id*. Regrettably, Google and State Plaintiffs have been unable to reach agreement as to those "claims or portions of claims." After weeks of negotiation, at approximately 6:30 p.m. Eastern Time this evening, State Plaintiffs changed their position and confirmed that they would like the option to replead and pursue state antitrust claims analogous to federal claims that this Court has already dismissed. Google's proposed stipulation is attached hereto as Exhibit A, and the parties' correspondence leading up to Google's proposal is attached hereto as Exhibit B. No case management conference is scheduled at this time.

### A. History of Negotiations

Google has diligently sought to reach a stipulation and has agreed to nearly all of the language that State Plaintiffs proposed. By February 17, two major points separated the parties. First, State Plaintiffs insisted on limiting the scope of the stipulation to allow them to pursue certain state antitrust claims for "conspiracy" that they concede they "never brought." Ex. B at 8. Second, State Plaintiffs refused to stipulate that any state antitrust claims (except for some of the claims related to the NBA) should be deemed "dismissed," even though the Court had found that their parallel federal claims failed plausibly to allege anticompetitive conduct. *See id*. at 7.

As a "middle ground," on February 17, State Plaintiffs proposed to stipulate that they would not "pursue claims" that the Court held they "didn't adequately plead [were] anticompetitive." *Id*. at 6. Google drafted a new paragraph 11 to confirm that "[n]o State Plaintiff

will pursue any state antitrust claim" based on certain conduct. *Id*. at 5-6.  And on February 22, 2023, State Plaintiffs offered a revised version of paragraph 11 that read in part:

> As a result of the Opinion and Order, **no State Plaintiff will further pursue** any claim in this litigation that Google's use of Encrypted User IDs, EDA, RPO, Exchange Bidding, and AMP violates any state antitrust law prohibiting monopolization or attempted monopolization.

Ex. C ¶ 11 (emphasis added).[1]  As recently as approximately 11:50 a.m. Eastern Time on February 24, State Plaintiffs reaffirmed that they were open to stipulating in paragraph 11 that they would not pursue certain claims.  Ex. B at 2-3.

Under the impression that State Plaintiffs were continuing to negotiate the scope of paragraph 11, Google proposed language to address all of their previously expressed concerns with that paragraph. To memorialize the areas where the parties did not agree, and to signal that this lack of agreement could force Google to seek to file additional motions to dismiss, Google proposed to include new paragraphs 13 and 14.

The parties held a final meet-and-confer session at 6:30 p.m. Eastern Time today.  At that meeting, and just hours after representing that they were continuing to negotiate paragraph 11, State Plaintiffs changed their position and rejected paragraph 11 altogether, stating that they no longer wanted to "box themselves" into a stipulation that would preclude them from bringing claims that the Court has already dismissed.  Their stated reasoning was that they may seek to resuscitate claims—including conspiracy claims based on the NBA, which the Court's Opinion and Order clearly dismissed, *see* ECF No. 308, at 20-34—if the Court were to rule that the private plaintiffs have adequately pled their allegations with respect to such conduct.  They also stated during today's meet-and-confer session that discovery could reveal "smoking gun" evidence that would allow them to bring the NBA (and other dismissed claims) back into the case.  State Plaintiffs have confirmed those freshly-minted contentions in their letter to the Court filed earlier this evening.  ECF No. 475, at 2.

### B. Google's Proposed Paragraph 11

As a result of State Plaintiffs' last-minute change in position, the parties were unable to reach an agreement as to paragraph 11. It is Google's position that paragraph 11 effectively addresses the Court's December 14, 2022 instruction to stipulate "with particularity" which "claims or portions of claims" were dismissed by the Opinion and Order, ECF No. 417. *See* Ex. A, ¶ 11.  Namely, this paragraph seeks to specify which claims State Plaintiffs will no longer pursue, so that Google can understand the remaining state antitrust law claims that are at issue and thus limit any forthcoming motion to dismiss to only state law claims that State Plaintiffs continue to assert.  State Plaintiffs concede that they "possess no present intentions of pursuing" at least some of these claims, ECF No. 475, at 2, and they have not identified any claims described in

---

[1] State Plaintiffs indicated that while this proposal still needed "sign off from the other states . . . Texas (the lead state) seems to be on board with these changes" and so counsel for State Plaintiffs represented that he was "cautiously optimistic that the other States will find this draft acceptable." Ex. B at 4.

paragraph 11 that they presently intend to pursue.

### C. Google's Proposed Paragraph 13

Google's proposed paragraph 13 seeks to identify the claims that State Plaintiffs now claim they may pursue, notwithstanding the Court's Opinion and Order. Specifically, the parties do not agree: (a) whether State Plaintiffs have even alleged any claims that the NBA violates any state antitrust laws prohibiting monopolization and whether the Court's prior rulings impact any such claims; (b) whether Google's use of Encrypted User IDs, DA, EDA, DRS, RPO, Exchange Bidding, or AMP violates state antitrust laws in markets other than those addressed by the parties in paragraphs 2-8; and (c) whether such conduct violates any state antitrust laws other than those prohibiting monopolization or attempted monopolization. State Plaintiffs now try to characterize paragraph 13 as a "medium" for seeking leave to move to dismiss certain claims, ECF No. 475, at 2, but that paragraph seeks only to memorialize areas where the parties are not in agreement. *See* Ex. A ¶ 13. In the First Stipulation, State Plaintiffs agreed to similar language identifying where the parties disagreed, ECF No. 417 ¶¶ 3, 6, and State Plaintiffs still have not explained why they now refuse to include similar language now.

### D. Google's Proposed Paragraph 14

Google's proposed paragraph 14 is intended to outline Google's position regarding the impact of State Plaintiffs' insistence on pursuing claims based on conduct that the Court has held not plausibly anticompetitive, specifically that further motion practice may be required. Indeed, Google attempted to work with State Plaintiffs to identify the claims that would be subject to a motion to dismiss and "address them in the stipulation, rather than potentially having to clean them up through motion practice," Ex. B at 2, but State Plaintiffs' shifting position did not allow for this efficiency. And if State Plaintiffs will not agree that state antitrust claims are deemed dismissed pursuant to the Opinion and Order, then Google must reserve all rights to move to dismiss those claims. Contrary to State Plaintiffs' suggestion, ECF No. 475, at 2, Google is not seeking leave to file such a motion at this time.

Respectfully submitted,

*/s/* Eric Mahr
Eric Mahr
FRESHFIELDS BRUCKHAUS
DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Justina K. Sessions

February 24, 2023<br>
Page 4

                                                  WILSON SONSINI GOODRICH & ROSATI  
                                                  Professional Corporation  
                                                  One Market Plaza  
                                                  Spear Tower, Suite 3300  
                                                  San Francisco, California 94105  
                                                  Telephone: (415) 947-2197  
                                                  Email: jsessions@wsgr.com

                                                  *Counsel for Defendants Google LLC,*  
                                                  *Alphabet Inc., and YouTube LLC*

CC: All Counsel of Record (via ECF)