# Exhibit C

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**IN RE GOOGLE DIGITAL ADVERTISING**
**ANTITRUST LITIGATION**

**No. 21-md-3010 (PKC)**

---

*This Stipulation Relates To:*

**THE STATE OF TEXAS,** *et al.*,

                                    *Plaintiffs*,

  -   against -

**GOOGLE LLC,**

                                    *Defendant.*

**No. 21-CV-6841 (PKC)**

---

**SECOND STIPULATION AND [PROPOSED] ORDER REGARDING**
**STATE PLAINTIFFS' STATE LAW CLAIMS**

      Defendant Google LLC (*Google*) and Plaintiffs State of Texas, State of Alaska, State of Arkansas, State of Florida, State of Idaho, State of Indiana, Commonwealth of Kentucky, State of Louisiana, State of Mississippi, State of Missouri, State of Montana, State of Nevada, State of North Dakota, Commonwealth of Puerto Rico, State of South Carolina, State of South Dakota, and State of Utah (collectively *State Plaintiffs*; the State Plaintiffs and Google combined are the *Parties*) stipulate as follows:

      WHEREAS, paragraphs 546 through 602 (Count V) of State Plaintiffs' Third Amended Complaint (ECF No. 195)(*TAC*) describe State Plaintiffs' state antitrust claims;

> **Formatted:** Font: Italic

WHEREAS, on September 13, 2022, the Court issued its Opinion and Order on Google's Motion to Dismiss Counts I Through IV of the States' Third Amended Complaint (ECF No. 308, the *Opinion and Order*);

WHEREAS, on November 18, 2022, the Court issued Pre-Trial Order No. 4, ordering State Plaintiffs and Google to meet and confer on a stipulation as to the effect of the Opinion and Order on any of the State Plaintiffs' state law claims and to report to the Court within 21 days (*see* ECF No. 392, ¶ 4);

WHEREAS, on December 9, 2022, pursuant to Pre-Trial Order No. 4, the Parties submitted a stipulation (the *First Stipulation*) to the Court regarding the effect of the Opinion and Order on any of the State Plaintiffs' state law claims (*see* ECF No. 415);

WHEREAS, paragraph 2 of the First Stipulation stated that, "[a]ny state law antitrust claim is deemed dismissed to the extent that it is based on conduct alleged to serve as a basis for a federal antitrust claim that the Opinion and Order dismissed";

WHEREAS, on December 14, 2022, the Court so ordered the Parties' First Stipulation, and in so doing, added the following proviso: "[b]y February 24, 2023, the parties shall submit a stipulation describing with particularity, the claims or portions of claims governed by paragraph 2 [of the First Stipulation]," (ECF No. 417, at 3); and

NOW THEREFORE, the Parties, through their respective counsel, hereby stipulate as follows:

1. To the extent that any State Plaintiff alleges a state antitrust claim in the ~~Third Amended Complaint (ECF No. 195)~~TAC based on allegations that the Network Bidding Agreement between Google and Meta Platforms, Inc. (f/k/a as Facebook) constitutes an illegal contract, combination or conspiracy, such claim is hereby deemed dismissed.

2.      To the extent that any State Plaintiff alleges a state antitrust claim in the ~~Third Amended Complaint (ECF No. 195)~~TAC based on allegations that Google's use of Encrypted User IDs constitutes monopolization or attempted monopolization, such claim is deemed to have failed to allege that such conduct is anticompetitive in the markets alleged in the TAC.

3.      To the extent that any State Plaintiff alleges a state antitrust claim in the ~~Third Amended Complaint (ECF No. 195)~~TAC based on allegations that ~~the effects of~~ Google's use of Dynamic Allocation ("DA") constitutes monopolization or attempted monopolization on markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

4.      To the extent that any State Plaintiff alleges a state antitrust claim in the ~~Third Amended Complaint (ECF No. 195)~~TAC based on allegations that ~~the effects of~~ Google's use of Enhanced Dynamic Allocation ("EDA") constitutes monopolization or attempted monopolization on markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

5.      To the extent that any State Plaintiff alleges a state antitrust claim in the ~~Third Amended Complaint (ECF No. 195)~~ TAC based on allegations that ~~the effects of~~ Google's use of Dynamic Revenue Share ("DRS") constitutes monopolization or attempted monopolization on markets for publisher ad servers, large-advertiser buying tools, and/or small-advertiser buying tools, such claim is deemed to have failed to allege that such conduct is anticompetitive.

6.      To the extent that any State Plaintiff alleges a state antitrust claim ~~in the Third Amended Complaint (ECF No. 195)~~ TAC based on allegations that the effects of Google's use of Reserve Price Optimization ("RPO") constitutes monopolization or attempted monopolization, such claim is deemed to have failed to allege that such conduct is anticompetitive in the markets alleged in the TAC.

3

**Commented [A1]:** Google: This language is meant to ensure that the State Plaintiffs aren't agreeing that Judge Castel's opinion forecloses plaintiffs from claims beyond those asserted in plaintiffs' complaint. To be clear, we have no present intention of asserting this claim as to any market.

7.      To the extent that any State Plaintiff alleges a state antitrust claim in the ~~Third Amended Complaint (ECF No. 195)~~ TAC based on allegations that Google's use of Exchange Bidding constitutes monopolization or attempted monopolization, such claim is deemed to have failed to allege that such conduct is anticompetitive <u>in the markets alleged in the TAC</u>.

8.      To the extent that any State Plaintiff alleges a state antitrust claim in the ~~Third Amended Complaint (ECF No. 195)~~ TAC based on allegations that Google's use of Accelerated Mobile Pages ("AMP") constitutes monopolization or attempted monopolization, such claim is deemed to have failed to allege that such conduct is anticompetitive <u>in the markets alleged in the TAC</u>.

9.      To the extent that any State Plaintiff alleges a state antitrust claim in the ~~Third Amended Complaint (ECF No. 195)~~ TAC based on allegations that Google's use of Privacy Sandbox constitutes monopolization or attempted monopolization, such claim is deemed to be unripe for determination.

10.      To the extent that any State Plaintiff alleges in the <u>TAC</u> ~~Third Amended Complaint (ECF No. 195)~~ a state antitrust claim based on allegations that Google's use of ~~Dynamic Allocation~~<u>DA</u>, Google's use of D~~ynamic Revenue Share~~<u>RS</u>, Google's combined use of ~~Dynamic DA~~<u>Allocation</u> and D~~ynamic Revenue Share~~<u>RS</u> constitutes monopolization or attempted monopolization, such claim is deemed to have failed to allege such conduct has continuing adverse effects.

11.      <u>As a result of the Opinion and Order,</u> ~~No State Plaintiff will pursue any state antitrust claim described in paragraphs 1 through 10 of this Stipulation.  N~~<u>n</u>o State Plaintiff ~~has asserted or~~ will <u>further pursue any claim in this litigation that</u> ~~assert that~~ Google's use of Encrypted User IDs, ~~DA,~~ EDA, ~~DRS,~~ RPO, Exchange Bidding, <u>and</u> AMP~~, or Privacy Sandbox~~ violates any state antitrust law ~~other than those~~ prohibiting monopolization or attempted monopolization<u>.  It is expressly</u>

4

**Commented [A2]:** Because Privacy Sandbox was dismissed for lack of ripeness and not on the merits, it should not be included in here. Also, as to DRS and DA, Judge Castel found that they were anticompetitive in the exchange market, so they shouldn't be included here.

understood that this stipulation expressly does not address ~~apply to~~ whether the State Plaintiffs may

seek and/or obtain ~~get~~ discovery on Google's use of Encrypted User IDs, DA, EDA, DRS, RPO,

Exchange Bidding, and AMP~~. This stipulation does~~

**IT IS SO STIPULATED.**

Dated: February 24, 2023

*For Plaintiff States of Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only), Mississippi,*
*North Dakota, South Carolina, and South Dakota:*

*s/ Ashley Keller*
Ashley Keller
Admitted Pro Hac Vice
ack@kellerpostman.com
Jason A. Zweig
jaz@kellerpostman.com
Brooke Clason Smith
brooke.smith@kellerpostman.com
150 N. Riverside Plaza, Suite 4100
Chicago, Illinois 60606
(312) 741-5220
Zina Bash
zina.bash@kellerpostman.com
111 Congress Avenue, Suite 500
Austin, TX 78701
(501) 690-0990
**KELLER POSTMAN LLC**

*/s/ Mark Lanier*
W. Mark Lanier (*lead counsel*)
Texas Bar No. 11934600
Mark.Lanier@LanierLawFirm.com
Alex J. Brown
Alex.Brown@LanierLawFirm.com
Zeke DeRose III
Zeke.DeRose@LanierLawFirm.com
10940 W. Sam Houston Parkway N. Suite 100
Houston, Texas 77064
Telephone: (713) 659-5200
Facsimile: (713) 659-2204
**THE LANIER LAW FIRM, P.C.**

*Attorneys for Plaintiff States of Texas, Idaho, Indiana, Louisiana (The Lanier Law Firm only),*
*Mississippi, North Dakota, South Carolina, and South Dakota*

*/s/ DRAFT____*
Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

5

One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

*Counsel for Defendant Google LLC*

FOR PLAINTIFF STATE OF TEXAS:

KEN PAXTON
Attorney General

*/s/ Shawn E. Cowles*
Brent Webster, First Assistant Attorney
General of Texas
Brent.Webster@oag.texas.gov
Grant Dorfman, Deputy First Assistant
Attorney General
Grant.Dorfman@oag.texas.gov
Aaron Reitz, Deputy Attorney General for
Legal Strategy Aaron.Reitz@oag.texas.gov
Shawn E. Cowles, Deputy Attorney
General for Civil Litigation
Shawn.Cowles@oag.texas.gov Nanette
DiNunzio, Associate Deputy Attorney
General for Civil Litigation
Nanette.Dinunzio@oag.texas.gov

James R. Lloyd, Chief, Antitrust
Division
James.Lloyd@oag.texas.gov
Trevor Young, Deputy Chief,
Antitrust Division
Trevor.Young@oag.texas.gov

Ralph Molina, Assistant Attorney General,
General Litigation Division
Ralph.Molina@oag.texas.gov

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
P.O. Box 12548
Austin, TX 78711-2548
(512) 936-1674

*Attorneys for Plaintiff State of Texas*

7

FOR PLAINTIFF STATE OF ALASKA:


TREG R. TAYLOR
Attorney General


By :     */s/ Jeff Pickett*
Jeff Pickett
Senior Assistant Attorney General, Special Litigation Section
jeff.pickett@alaska.gov

*Attorney for Plaintiff State of Alaska*

8

FOR PLAINTIFF STATE OF ARKANSAS:

TIM GRIFFIN
ATTORNEY GENERAL

By:      */s/ Johnathan R. Carter*
Johnathan R. Carter – AR Bar # 2007105 Assistant
Attorney General
Office of the Arkansas Attorney General 323 Center
Street, Suite 200
Little Rock, AR 72201 Phone:
501.682.8063
Fax: 501.682.8118
Email: Johnathan.Carter@Arkansasag.gov

*Attorney for Plaintiff State of Arkansas*

FOR PLAINTIFF STATE OF FLORIDA:

ASHLEY MOODY, Attorney General

*/s/ R. Scott Palmer*
R. SCOTT PALMER, Special Counsel, Complex Enforcement
Chief, FL Bar No. 220353
JOHN GUARD, Chief Deputy Attorney General
LEE ISTRAIL, Assistant Attorney General
CHRISTOPHER KNIGHT, Assistant Attorney General
ANDREW BUTLER, Assistant Attorney General

Office of the Attorney General, State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399
Phone: 850-414-3300
Email: scott.palmer@myfloridalegal.com

*Attorneys for Plaintiff State of Florida*

FOR PLAINTIFF STATE OF IDAHO:

RAUL R. LABRADOR
Attorney General

*/s/ John K. Olson*
John K. Olson, Acting Division Chief, Consumer Protection Division

Consumer Protection Division
Office of the Attorney General 954
W. Jefferson Street, 2nd Floor
P.O. Box 83720
Boise, Idaho 83720-0010
Telephone:   (208)  334-2424
brett.delange@ag.idaho.gov
john.olson@ag.idaho.gov

*Attorneys for Plaintiff State of Idaho*

FOR PLAINTIFF STATE OF INDIANA:

THEODORE E. ROKITA
Attorney General

The Office of the Indiana Attorney General

By: _____
Scott Barnhart
Chief Counsel and Director of Consumer Protection
Indiana Atty. No. 25474-82
Indiana Government Center South – 5th Fl. 302 W.
Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 232-6309
Fax: (317) 232-7979
Email: scott.barnhart@atg.in.gov


_____
Matthew Michaloski
Deputy Attorney General
Indiana Atty. No. 35313-49
Indiana Government Center South – 5th Fl. 302 W.
Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 234-1479
Fax: (317) 232-7979
Email: matthew.michaloski@atg.in.gov

*Attorneys for Plaintiff State of Indiana*

12

FOR PLAINTIFF COMMONWEALTH OF KENTUCKY:

DANIEL CAMERON
Attorney General

J. Christian Lewis
Commissioner of the Office of Consumer Protection

Christian.Lewis@ky.gov
Philip R. Heleringer, Executive Director of the Office of Consumer Protection
Philip.Heleringer@ky.gov
Jonathan E. Farmer, Deputy Executive Director of the Office of Consumer Protection
Jonathan.Farmer@ky.gov
Office of the Attorney General, Commonwealth of Kentucky
1024 Capital Center Drive, Suite 200
Frankfort, Kentucky 40601
Tel: 502-696-5300

*Attorneys for Commonwealth of Kentucky*

13

FOR PLAINTIFF STATE OF LOUISIANA:

HON. JEFF LANDRY
ATTORNEY GENERAL, STATE OF LOUISIANA
Michael Dupree
Christopher J. Alderman
1885 N. 3rd Street
Baton Rouge, LA 70802

*s/ James R. Dugan, II*
James R. Dugan, II (*pro hac vice*)
TerriAnne Benedetto (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130  PH:
(504) 648-0180
FX:   (504) 649-0181
EM:  jdugan@dugan-lawfirm.com
tbenedetto@dugan-lawfirm.com

James Williams
CHEHARDY SHERMAN WILLIAM, LLP
Galleria Boulevard, Suite 1100
Metairie, LA 70001
PH:   (504) 833-5600
FX:   (504) 833-8080
EM:    jmw@chehardy.com

*Attorneys for the State of Louisiana*

14

FOR PLAINTIFF STATE OF MISSISSIPPI:

LYNN FITCH, ATTORNEY GENERAL
STATE OF MISSISSIPPI

By:      */s/ Hart Martin*
Hart Martin
Consumer Protection Division Mississippi
Attorney General's Office Post Office Box 220
Jackson, Mississippi 39205
Telephone: 601-359-4223
Fax: 601-359-4231
Hart.martin@ago.ms.gov

*Attorney for Plaintiff State of Mississippi*

15

FOR PLAINTIFF STATE OF MISSOURI:

ANDREW BAILEY
Attorney General

Amy.Haywood@ago.mo.gov
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102
Tel: 816-889-3090

*Attorneys for Plaintiff State of Missouri*

FOR PLAINTIFF STATE OF MONTANA:

AUSTIN KNUDSEN
Montana Attorney General


*/s/ David M.S. Dewhirst*
DAVID M.S. DEWHIRST
Solicitor General
P.O. Box 200151
Helena, MT 59620-0151
Phone: (406) 444-4500
Fax: (406) 442-1894
david.dewhirst@mt.gov
mmattioli@mt.gov


*/s/ Charles J. Cooper* Charles J.
Cooper ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com Brian
W. Barnes bbarnes@cooperkirk.com
Harold S. Reeves
hreeves@cooperkirk.com COOPER
& KIRK PLLC
1523 New Hampshire Avenue, NW Washington DC
20036
Phone: (202) 220-9620
Fax: (202) 220-9601

*Attorneys for Plaintiff State of Montana*

17

FOR PLAINTIFF STATE OF NEVADA:

AARON D. FORD
Attorney General
ERNEST D. FIGUEROA
Consumer Advocate


*/s/ Michelle C. Newman*
Michelle C. Newman, Senior Deputy
Attorney General
mnewman@ag.nv.gov
Lucas J. Tucker (NV Bar No. 10252)
Senior Deputy Attorney General
LTucker@ag.nv.gov
Office of the Nevada Attorney General
100 N. Carson St.
Carson City, Nevada 89701 Tel:
(775) 684-1100

*Attorneys for Plaintiff State of Nevada*

18

FOR PLAINTIFF STATE OF NORTH DAKOTA:


DREW H. WRIGLEY
**STATE OF NORTH DAKOTA**
Attorney General


By:      */s/ Elin S. Alm*
Parrell D. Grossman, ND ID 04684 Elin S.
Alm, ND ID 05924
Assistant Attorneys General
Consumer Protection & Antitrust Division Office of
Attorney General of North Dakota
1720 Burlington Drive, Suite C, Bismarck, ND 58503-7736 (701) 328-5570
(701) 328-5568 (fax)
pgrossman@nd.gov ealm@nd.gov

*Attorneys for Plaintiff State of North Dakota*

FOR PLAINTIFF COMMONWEALTH OF PUERTO RICO:

_/s/ Domingo Emanuelli-Hernández_
Domingo Emanuelli-Hernández
Attorney General
Thaizza Rodríguez Pagán
Assistant Attorney General
PR Bar No. 17177
P.O. Box 9020192
San Juan, Puerto Rico 00902-0192 Tel:
(787) 721-2900, ext. 1201, 1204
trodriguez@justicia.pr.gov

Kyle G. Bates
HAUSFELD LLP
600 Montgomery Street, Suite 3200
San Francisco, CA 94111

_Attorneys for Plaintiff Commonwealth of Puerto Rico_

FOR PLAINTIFF STATE OF SOUTH CAROLINA:

ALAN WILSON
Attorney General


/s/ *Mary Frances Jowers*
Rebecca M. Hartner (S.C. Bar No. 101302)
Assistant Attorney General
W. Jeffrey Young
Chief Deputy Attorney General
C. Havird Jones, Jr.
Senior Assistant Deputy Attorney General
Mary Frances Jowers
Assistant Deputy Attorney General
South Carolina Attorney General's Office
P.O. Box 11549
Columbia, South Carolina 29211-1549
Phone: 803-734-3970
Email: rhartner@scag.gov
       mfjowers@scag.gov

Charlie Condon
Charlie Condon Law Firm, LLC
880 Johnnie Dodds Blvd, Suite 1
Mount Pleasant, SC 29464 Phone:
843-884-8146
Email: charlie@charliecondon.com

James R. Dugan, II (*pro hac vice*)
The Dugan Law Firm
365 Canal Street
One Canal Place, Suite 1000
New Orleans, LA 70130 Phone:
(504) 648-0180
Email: jdugan@dugan-lawfirm.com


*Attorneys for Plaintiff State of South Carolina*

FOR PLAINTIFF STATE OF SOUTH DAKOTA:

MARTY JACKLEY
Attorney General


*/s/ Yvette K. Lafrentz* Yvette
K. Lafrentz Assistant
Attorney General
Consumer Protection Division
South Dakota Office of the Attorney General
1302 E. Hwy. 14, Suite 1
Pierre, SD 57501
P: 605.773.3215 F:605.773.4106
Yvette.lafrentz@state.sd.us

*Attorney for Plaintiff State of South Dakota*

22

FOR PLAINTIFF STATE OF UTAH:

Sean D. Reyes
Utah Attorney General

*/s/ Tara Pincock*
Tara Pincock
Assistant Attorney General, Antitrust Section Office of
the Utah Attorney General
160 E 300 S, 5th Floor
PO Box 140874
Salt Lake City, UT 84114-0872 Telephone:
385-881-3958
Fax: 801-366-0315

*Attorneys for Plaintiff State of Utah and as counsel for the Utah Division of Consumer Protection*


**PURSUANT TO STIPULATION, IT IS SO ORDERED.**



Date: _____            _____
                                         Hon. P. Kevin Castel
                                         United States District Court
                                         Southern District of New York

23