

**Via ECF**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Washington
700 13th Street, NW
10th Floor
Washington, DC 20005-3960
T +1 202 777 4500 (Switchboard)
   +1 202 777 4545 (Direct)
F +1 202 507 5945
E eric.mahr@freshfields.com
www.freshfields.com

March 9, 2023

**Re:** *In re Google Digital Advertising Antitrust Litigation*, No. 1:21-md-03010 (PKC);
*State of Texas, et al. v. Google LLC*, No. 1:21-cv-06841 (PKC)

Dear Judge Castel:

      On behalf of Defendant Google LLC ("Google"), we write in response to State Plaintiffs' letter of February 27, 2023, concerning their intention to ask the Judicial Panel on Multidistrict Litigation ("JPML") to remand this case to the Eastern District of Texas based on the passage of the State Antitrust Enforcement Venue Act of 2021 (the "Venue Act").[1]  ECF No. 477.  State Plaintiffs have since filed their remand motion, not in this Court, but with the JPML and have asserted that the "Venue Act . . . divests . . . the United States District Court for the Southern District of New York (the transferee court) of the authority to oversee the States' action."[2]  State Plaintiffs' motion comes too late, wastes the Court's resources, and lacks merit.  No conference is scheduled at this time.

      First, State Plaintiffs' motion is untimely.  State Plaintiffs' ongoing and active participation in the MDL since enactment of the Venue Act is hard to square with their position that the Act retroactively divested this Court of jurisdiction.  ECF No. 477 at 2.  State Plaintiffs assert that they have always been "clear that if enacted," the Venue Act "would undo" the JPML's order centralizing the State Plaintiffs' case in this MDL.  ECF No. 477 at 1.  If the law operated as State Plaintiffs say, then they presumably would have promptly moved to remand rather than waiting 60 days after the Venue Act was passed December 29, 2022.

---

[1] Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Div. gg, Title III, § 301, 136 Stat. 4459, 5970 (2022).

[2] Plaintiff States' Mem. in Support of Remand to the E.D.T.X., *In re: Dig. Advert. Antitrust Litig.*, MDL No. 3010 (J.P.M.L. Feb. 27, 2023), ECF No. 229-1 at 5.

In the two months that have elapsed since the Venue Act became law, the parties have expended considerable effort litigating State Plaintiffs' case, on the assumption that it would proceed in the MDL:

- Plaintiffs, including State Plaintiffs, served 301 Requests for Production and Google served Responses and Objections;
- Google served Requests for Production and Interrogatories on all 17 State Plaintiffs. State Plaintiffs requested an extension to March 13, which request Google granted, conditioned on State Plaintiffs' promise to provide substantive responses[3];
- Google served 50 subpoenas to agencies affiliated with the State Plaintiffs concerning their use of ad tech, and Google has been actively negotiating subpoena compliance with those agencies;
- On February 16, State Plaintiffs filed a pre-motion letter seeking to amend yet again, ECF No. 466, which the Court has since granted;
- State Plaintiffs and Google exchanged several drafts of a stipulation concerning the effect of the Court's September 13, 2022 Opinion and Order on State Plaintiffs' state-law claims, with State Plaintiffs changing their position at the last minute, necessitating competing submissions to the Court, ECF Nos. 475, 476. State Plaintiffs' version of the stipulation has since been entered. ECF No. 495;
- State Plaintiffs have continued to take a leading role in the negotiation of ESI and other discovery issues.

Second, granting State Plaintiffs' motion is inefficient and prejudicial. Much of the structure of this MDL has been driven by the involvement of State Plaintiffs and by the Court's September 13, 2022 Opinion and Order regarding Google's Motion to Dismiss the State Plaintiffs' Third Amended Complaint, ECF No. 308 (the "Opinion and Order"):

- In Pre-Trial Order No. 1, the Court established a structure through which State Plaintiffs' anticipated Third Amended Complaint would serve as the bellwether pleading in the MDL. ECF No. 4 ¶¶ 5-11;
- In Pre-Trial Order No. 2, the Court established a procedure for the Private Plaintiffs to file "conforming" and "non-conforming" amendments by reference to those of the State Plaintiffs' federal antitrust claims that survived dismissal. ECF No. 309 ¶ 2;

---

[3] When the original deadline passed, Google reached out to determine the status of State Plaintiffs' Responses and Objections. State Plaintiffs have said that they believed party discovery was due when Rule 45 subpoena responses were due, and have requested a retroactive extension of the time to serve their Responses and Objections through March 13. Google agreed to that extension, and not to argue State Plaintiffs have waived their objections, on the condition that State Plaintiffs respond robustly and substantively to the discovery.

- In Pre-Trial Order No. 3, the Court ordered the establishment of a Discovery Steering Committee to include two representatives designated by the States (more than any other Plaintiff group).  ECF No. 311;
- In Pre-Trial Order No. 4, the Court permitted the Private Plaintiffs to file conforming and non-conforming amendments keyed off the Opinion and Order, and directed Google and State Plaintiffs to negotiate the effect of the Opinion and Order on State Plaintiffs' state law claims.  ECF No. 392 ¶¶ 1, 4;
- In Pre-Trial Order No. 5, the Court established a Scheduling Order, noting that the discovery deadlines set by the Court were informed by Google's reproduction of approximately 2 million documents gathered by the State Plaintiffs in the pre-complaint investigation and then provided to all other Plaintiffs.  *See* ECF No. 394.

State Plaintiffs now have threatened to file a new lawsuit in the Eastern District of Texas if the JPML denies their motion, while acknowledging that litigating two substantially similar lawsuits would "waste the resources of the federal judiciary."[4]

Third, State Plaintiffs' motion lacks merit.  Congress did not intend the Venue Act to apply retroactively.  Indeed, although the bill—as originally introduced—included a provision that would have set the effective date as June 1, 2021, see S. 1787, 117th Cong. (as introduced, May 24, 2022), Congress twice removed the retroactivity provision, see 168 Cong. Rec. S2945, S2935 (daily ed. June 14, 2022); 168 Cong. Rec. S10073 (daily ed. Dec. 22, 2022). See also, 168 Cong. Rec. H8173-74 (daily ed. Sept 28, 2022) (noting that the venue provision as included in H.R. 3843 was "no longer retroactive as in previous drafts of the bill").

State Plaintiffs could have given the Court the opportunity to address the merits of their motion to remand in the first instance, as commonly occurs when a potential remand issue arises in a case that is part of a MDL.  The JPML rules make clear that the JPML "is reluctant to order a remand absent the suggestion of the transferee judge." Rule 10.3(a), R.P.J.P.M.L.  State Plaintiffs' decision tellingly avoids giving this opportunity to the Court.

\* \* \*

---

[4] Plaintiff States' Mem. in Support of Remand to the E.D.T.X., *In re: Dig. Advert. Antitrust Litig.*, MDL No. 3010 (J.P.M.L. Feb. 27, 2023), ECF No. 229-1 at 14-15. ("If the Panel therefore denies this motion, Texas and the other State Plaintiffs may face a difficult decision. On the one hand, they could file a new action in the Eastern District of Texas—but then they would have to litigate two substantially similar lawsuits at the same time (one in front of Judge Castel, and the other in front of the Texas federal judge). This would waste the State Plaintiffs' resources as well as the resources of the federal judiciary.  On the other hand, some states could dismiss their suit in the Southern District of New York and then re-file in the Eastern District of Texas—but not all states may join in the dismissal. This would, again, create two parallel track lawsuits.")

State Plaintiffs could have and should have notified Google and the Court of their intent to seek remand two months ago.  Their failure to do so risks undoing extensive work this Court has done and injects unnecessary uncertainty into the proceedings.

Respectfully submitted,

*/s/* Eric Mahr
Eric Mahr
FRESHFIELDS BRUCKHAUS DERINGER US LLP
700 13th Street, NW
10th Floor
Washington, DC 20005
Telephone: (202) 777-4545
Email: eric.mahr@freshfields.com

Justina K. Sessions
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone: (415) 947-2197
Email: jsessions@wsgr.com

*Counsel for Defendant Google LLC*

CC: All Counsel of Record (via ECF)