IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-MD-3010 (PKC) |
| THE STATE OF TEXAS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　-against-<br><br>GOOGLE LLC<br><br>　　　　　Defendant. | No.: 21-cv-6841 (PKC) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| THE STATE OF TEXAS, et al.,<br><br>　　Plaintiffs,<br>v.<br><br>GOOGLE LLC,<br><br>　　Defendant. | Civil Action No. 3:23-mc-00216-JFA |

**GOOGLE'S MOTION TO TRANSFER**

Google LLC and Alphabet Inc. (collectively "Google") respectfully request that the Court transfer the South Carolina Department of Parks, Recreation and Tourism's ("SCPRT") Motion to Quash to the Southern District of New York, the court from which the subpoena was issued and where consolidated pretrial proceedings are being heard as part of a multidistrict litigation ("MDL"). Google has conferred in good faith with SCPRT, who opposes this motion.

**SUMMARY OF THE ARGUMENT**

Transfer of SCPRT's motion to the court overseeing the MDL proceedings is mandated by the clear language of 28 U.S.C. § 1407, which vests the MDL court with exclusive jurisdiction over discovery disputes. District courts nearly universally recognize that transfer furthers the aims of judicial economy and avoids the potential of disruptive and inconsistent rulings on identical issues—factors, which, along with the complexity of the MDL, are considered "exceptional circumstances" that additionally warrant transfer pursuant to Federal Rule of Civil Procedure 45(f).

Google issued a subpoena to SCPRT as part of its third-party discovery in a complex MDL involving an action brought by 17 different state attorneys general as well as several putative class actions brought by private plaintiffs, all alleging that Google engaged in anticompetitive behavior with respect to its display advertising business. Since discovery opened, more than 70 third-party subpoenas have been issued in the MDL, including 50 nearly identical subpoenas to state agency users of display advertising, such as the SCPRT. Any disputes concerning these subpoenas, including motions to quash, should be heard by the court overseeing the MDL so as to avoid disparate outcomes and rulings on the same issues, especially those involving open questions of law, as SCPRT recognizes its motion raises in asserting sovereign immunity. The very same issues raised by SCPRT will likely be raised by other state agencies in the MDL. The need for consistency in judicial rulings on such discovery disputes—particularly those involving third parties—and the complexity of the legal and factual issues surrounding the antitrust allegations were central reasons why the Judicial Panel on Multidistrict Litigation centralized pre-trial proceedings before Judge Castel in the Southern District of New York.

**BACKGROUND**

In August 2021, the United States Judicial Panel on Multidistrict Litigation ("JPML") centralized before Judge Castel in the Southern District of New York 19 actions against Google

that were then pending in 16 different districts, all alleging antitrust violations. *See In re Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d 1372, 1375 (U.S. Jud. Pan. Mult. Lit. 2021). The actions before the JPML included three by advertisers, sixteen by publishers, and one action brought by (at the time) 15 states ("State Plaintiffs")—including South Carolina—in the Eastern District of Texas ("Texas Action"). *Id.* at 1374. Overruling the State Plaintiffs' opposition to centralizing the litigation, the JPML found that "centralization will promote the just and efficient conduct of the litigation by eliminating duplicative discovery and avoiding the risk of inconsistent rulings on pretrial matters, *particularly on discovery disputes* . . ." *Id.* at 1375 (emphasis added). Specifically, the JPML found that centralizing the Texas Action with the private actions was "especially compelling [ ] in light of the substantial overlap in the alleged Google conduct, plaintiffs' overlapping but different proposed relevant markets, and the involvement of third-party discovery." *Id.* at 1378–79. The JPML further emphasized that the "anticipated breadth of third-party discovery" was one of the key considerations that weighed in favor of consolidating the Texas Action before Judge Castel. *Id.* at 1380.

On January 27, 2023, Google served a subpoena on SCPRT seeking the production of documents relating to SCPRT's use of the display advertising products at issue in the MDL cases. The subpoena to SCPRT was one of more than 70 third-party subpoenas issued by Google in the MDL, including 50 that were issued to agencies of the State Plaintiffs in the Texas Action. After being granted a 30-day extension for responding to the subpoena, SCPRT filed its Motion to Quash, claiming sovereign immunity based on unsettled law and despite the fact that the State of South Carolina is itself a plaintiff in the Texas Action pending before Judge Castel in the Southern District of New York.

## ARGUMENT

I. **Section 1407 Mandates that MDL-Related Discovery Disputes Be Heard by Judge Castel.**

The federal statute authorizing consolidated multidistrict proceedings, 28 U.S.C. § 1407, provides for the transfer of actions "for coordinated or consolidated pretrial proceedings." *Id.* § 1407(a). The statute specifies that pretrial proceedings "shall" be heard by the judge assigned by the MDL panel, who "may exercise the powers of a district judge in any district" for the purpose of pretrial proceedings. *Id.* § 1407(b). Accordingly, because "a motion to quash a subpoena duces tecum is a part of pretrial proceedings, clear statutory mandate requires the [MDL] court decide such a motion." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 238 F. Supp. 2d 270, 276–82 (D.D.C. 2002) (citation omitted); *see also In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation*, 664 F.2d 114, 118 (6th Cir.1981) ("[T]he power of the [JPML] under 28 U.S.C. § 1407 to transfer district court proceedings from one court to another should divest the transferor court of any further authority, at least in matters pertaining to discovery.").

Indeed, federal courts across the country routinely transfer motions to enforce or quash subpoenas to the district court presiding over an MDL, even though compliance is required in another district. *See, e.g.*, *In re Clients and Former Clients of Baron & Budd, P.C.*, 478 F.3d 670, 671 (5th Cir. 2007) (finding it proper to transfer motion to quash a third-party subpoena to MDL court based on "overwhelming weight of authority" concerning § 1407); *U.S. ex rel. Pogue*, 238 F. Supp. 2d at 274 (collecting cases) (agreeing that § 1407 mandates motions to quash be heard by MDL court); *In re Subpoena Issued to Boies, Schiller & Flexner LLP*, 2003 WL 1831426, at *1 (S.D.N.Y. 2003) (agreeing transfer proper because "the weight of authority and effectuation of the

-4-

purposes of multi-district litigation support a finding of jurisdiction" for a motion to quash a subpoena in the MDL court).

As part of the MDL, Google has issued more than 70 third-party subpoenas, including 50 identical subpoenas to various state agencies that have used the display advertising products at issue in the MDL. The disposition of any discovery disputes pertaining to those subpoenas will involve determinations of relevancy and of the overall scope of third-party discovery. Accordingly, to avoid conflicting rulings by different courts and given the "complexity of the factual and legal issues" in the MDL cases, *In re Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d at 380, SCPRT's Motion to Quash must be transferred to Judge Castel in the Southern District of New York.

## II.    "Exceptional Circumstances" Warrant Transfer Pursuant to Fed. R. Civ. P. 45(f).

In addition to Section 1407(b) mandating transfer, and consistent with numerous district courts across the country, this Court should find that "exceptional circumstances" exist to warrant transfer of the Motion to Quash pursuant to Rule 45(f). The complexity of the legal and factual issues in the MDL cases, the significant risk of disrupting Judge Castel's case management, and the potential of inconsistent rulings on important issues all support transfer.

Rule 45(f) provides an independent basis to transfer SCPRT's Motion to Quash to the Southern District of New York. Rule 45(f) states that the "court where compliance is required" (here, the District of South Carolina) may transfer a motion to quash to the court that issued the subpoena (the Southern District of New York) if the subpoenaed entity consents or upon a finding of "exceptional circumstances." Fed. R. Civ. P. 45(f). "[T]ransfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." Advisory Committee Notes to the 2013 Amendment to Rule 45. Put

another way, "[e]xceptional circumstances have [ ] been found when the issuing court is already coordinating discovery for the underlying action and has issued subpoenas to parties in various districts that will likely inspire third parties to raise the same issues." *In re Bayer Cropscience*, No. 5:16-MC-10-RJ, 2016 WL 7429201, at *3 (E.D.N.C. June 14, 2016) (collecting cases) (citation omitted); *see also Chem Aqua, Inc. v. Nalco Co.*, No. 3:14-MC-71-D-BN, 2014 WL 2645999, at *3 (N.D. Tex. June 13, 2014) ("Further, where the issuing court has already considered similar issues as to one other similar third-party subpoena, transfer to the issuing court is appropriate where the same or substantially similar issues may arise in discovery disputes in many districts in which compliance with Nalco's subpoenas to other third parties is required.").

Indeed, courts considering motions to transfer pursuant to Rule 45 routinely find transfer appropriate "where the underlying action is a multidistrict litigation" to "avoid piecemeal rulings by different judges, reaching different conclusions, in resolving identical dispute[s]." *In re Niaspan Antitrust Litig.*, No. CIV. JKB-15-1208, 2015 WL 3407543, at *1 (D. Md. May 26, 2015) (transferring a motion to quash a Rule 45 subpoena to MDL court); *see also In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 14-MD-2542, 2020 WL 9065791, at *1 (S.D.N.Y. May 8, 2020) ("Courts have deemed the fact that a subpoena was issued in an MDL litigation to be an exceptional circumstance that weighs strongly in favor of transfer to the court that issued the subpoena under Rule 45(f)" (citation and quotation marks omitted)).

Here, it is likely that the very same issues of sovereign immunity raised in the Motion will be raised by other state agencies. And, the same court should decide such identical challenges for at least two reasons. *First*, the agencies that have been subpoenaed are arms of the same states that are plaintiffs in the Texas Action. Thus, the questions of whether these agencies are immune from a Rule 45 subpoena (as Google will argue in its anticipated opposition, they are not) and, if

so, whether each state's involvement in the MDL litigation constitutes a waiver of that immunity will need to be decided for each agency raising this concern. Inconsistent outcomes on that issue could dramatically affect the scope of third-party discovery and disrupt Judge Castel's management of the MDL.

*Second*, transfer would avoid the potential of conflicting rulings on relevancy, which will necessarily require an understanding of the underlying allegations in the MDL suits. Judge Castel has issued significant dispositive rulings and has organized the management of discovery in the MDL. Specifically, Judge Castel issued a 92-page motion to dismiss opinion which narrowed the scope of the litigation, ordered the creation of a Discovery Steering Committee, set forth a case management schedule, entered an ESI order, and ruled on a motion to compel. *See In re Google Digital Advertising Antitrust Litigation*, No. 21-cv-6841, 2022 WL 4226932 (S.D.N.Y. Sept. 13, 2022); *id.*, ECF Nos. 309, 311, 394, 508 (pre-trial orders). It would make no sense for other courts to weigh in with divergent views on the scope of discovery, particularly where those views are based on "open questions" of law.[1] Transfer of SCPRT's motion to quash would avoid disrupting the significant case management measures already in effect in the MDL and would avoid inconsistent, conflicting decisions that otherwise are likely to result.

## CONCLUSION

This Court should transfer the Motion to Quash to the Southern District of New York because 28 U.S.C. § 1407 mandates such discovery disputes be heard exclusively in the MDL court and, in any event, there are extraordinary circumstances under Rule 45(f) that warrant transfer.

---

[1] *See* Mot. to Quash, ECF No. 1, at 1 (noting that the issue of an agency's sovereign immunity against Rule 45 subpoenas is an "open question" of law).

Dated: April 4, 2023                              Respectfully submitted,

/s/ *John Kuppens*
John Kuppens
Federal Bar No. 5026
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 255-9482
John.kuppens@nelsonmullins.com

R. Paul Yetter
(*Not Admitted in SC*)
Bryce L. Callahan
(*Not Admitted in SC*)
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

*Attorneys for Defendant*
*Google LLC*