IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE GOOGLE DIGITAL ADVERTISING ANTITRUST LITIGATION | No. 21-MD-3010 (PKC) |
| THE STATE OF TEXAS, et al.,<br><br>              Plaintiffs,<br><br>      -against-<br><br>GOOGLE LLC<br><br>              Defendant. | No: 21-cv-6841 (PKC) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| In re Subpoena to South Carolina Department of Parks, Recreation and Tourism. | Civil Action No. 3:23-mc-00216-JFA |

**GOOGLE'S REPLY IN SUPPORT OF ITS MOTION TO TRANSFER**

Google LLC and Alphabet Inc. (collectively "Google") respectfully submit this reply in support of its motion to transfer the South Carolina Department of Parks, Recreation and Tourism's ("SCPRT") Motion to Quash to the Southern District of New York.

# ARGUMENT

SCPRT's response makes abundantly clear that its Motion to Quash should be transferred to the MDL court. SCPRT cannot avoid the plainly mandatory language in Section 1407 that requires the MDL court to consider such motions to quash. Moreover, despite arguing that the MDL does not constitute "exceptional circumstances" that would warrant transfer under Rule 45(f), SCPRT points to only one out-of-circuit case in which a court has reached that conclusion, in comparison to the great weight of authority that has found otherwise.

**I.**     **The SCPRT Ignores the Mandatory Language in Section 1407.**

The SCPRT's opposition completely ignores the statutory language of 28 U.S.C. § 1407, which makes clear that pretrial proceedings "shall" be heard by the judge assigned by the MDL panel. *Id.* § 1407(b). As such, any discovery matters—including a motion to quash—must be heard by the MDL court. SCPRT ignores precedent holding that "the power of the [JPML] under 28 U.S.C. § 1407 to transfer district court proceedings from one court to another should divest the transferor court of any further authority, at least in matters pertaining to discovery." *In re Upjohn Co. Antibiotic Cleocin Products Liability Litigation*, 664 F.2d 114, 118 (6th Cir.1981). "The use of the word 'shall' in the first sentence of paragraph (b) of Section 1407 makes this clear regardless of a transferor Court's prior involvement in discovery, a transferee Court's current body of knowledge regarding the discovery, or the location of documents." *U.S. ex rel. Pogue*, No. 3:02-MC-0047, 2002 WL 31953748, at *3 (M.D. Tenn. Nov. 21, 2002).

Contrary to SCPRT's position, the remainder of Section 1407(b) does no more than clarify that the MDL court "may exercise the powers of a district judge in any district for purposes of conducting pretrial depositions[.]" But, this does not alter whether the MDL court has exclusive jurisdiction over pretrial proceedings once a case has been consolidated before it.

Rather than grapple with the unambiguous statutory language, which completely undermines its position, the SCRPT primarily relies on *In re: Online DVD Rental Antitrust Litig.*, 744 F. Supp. 2d 1378 (U.S. Jud. Pan. Mult. Lit. 2010). But, that case in no way supports SCPRT's position. That is, in *In re: Online DVD Rental Antitrust Litigation*, the issue of whether 28 U.S.C. § 1407(b) mandates transfer of a motion to quash to the MDL court was not before the JPML. *Id.* at 1378. And, in any event, the JPML agreed that transfer of a motion to quash a third-party subpoena in that case was appropriate. Specifically, the JPML found that the "litigation would be best served by allowing the transferee judge to determine the scope of discovery in the MDL." *Id.* As the court explained, "requiring a judge in the Northern District of Texas to learn the particulars of MDL No. 2029 would not promote the just and efficient conduct of this action or the litigation as a whole when the transferee judge is so thoroughly familiar with the issues in this litigation." *Id.* The same is true here.

## II. The Consensus Among Federal District Courts is that MDLs Like the One Underlying This Dispute Constitute "Exceptional Circumstances" Warranting Transfer Pursuant to Rule 45(f).

Contrary to SCPRT's argument, Section 1407(b) and Rule 45(f) are not in conflict with respect to an MDL court's authority—which Rule 45(f) does not govern—but instead provide two independent bases for transfer. Indeed, the weight of authority cited by the SCPRT supports that an MDL constitutes "exceptional circumstances" warranting transfer pursuant to Rule 45(f).[1] *See Estes v. 3M Co.*, No. 2:20-MC-3930-WKW-KFP, 2020 WL 8254487, at *1 (M.D. Ala. Dec. 29,

---

[1] Notably, the SCRPT cites only one, out-of-circuit, inapposite case in which a court found an MDL did not constitute "exceptional circumstances" under Rule 45(f) and declined to transfer a motion to quash to the MDL court. *In re Subpoena Served on Affiliated Foods, Inc.*, No. 2:21-MC-3-Z, 2021 WL 4439796, at *6 (N.D. Tex. Sept. 28, 2021), is inapposite here. While the court determined that Section 1407(b) did not require transfer of a motion to quash to the MDL court, it too ignored the plain language of Section 1407(b). *Id.* at *6. And, the court decided to quash, rather than transfer, a subpoena that was overly burdensome and would require $1.2 million for the subpoenaed entity to comply. *Id.* at *5. By contrast, the SCPRT is "not challenging the scope of Google's discovery requests." (ECF No. 8 at 8.)

2020), *report and recommendation adopted*, No. 2:20-MC-3930-WKW, 2021 WL 218729 (M.D. Ala. Jan. 21, 2021) (transferring motion to quash subpoena because "MDL judge can most efficiently and effectively resolve" dispute); *In re Syngenta AG MIR162 Corn Litig. v. Syngenta AG*, No. 20-MC-064 (ECT/ECW), 2020 WL 5988498, at *5 (D. Minn. Oct. 9, 2020) ("The bottom line is that the decision on Giroux's motion to quash is bound up with decisions better left for the MDL Court[.]"); *Wultz v. Bank of China, Ltd*., 304 F.R.D. 38, 47 (D.D.C. 2014) (MDL court "has been intimately involved in Israel's asserted state secrets claim, and accordingly is better informed to resolve this issue."); *In re Pork Antitrust Litig.*, No. 1:22-mc-00025-SEB-TAB, 2022 WL 1156726, at *3 (S.D. Ind. Apr. 19, 2022) ("Exceptional circumstances warrant transferring this matter expeditiously to the MDL Court in Minnesota."); *cf. Woods ex rel. U.S. v. SouthernCare, Inc.*, 303 F.R.D. 405, 409 (N.D. Ala. 2014) ("Because the risk of overlapping future rulings is not an exceptional circumstance (*absent multi-district concerns*) . . . the relators have not demonstrated exceptional circumstances warranting transfer." (emphasis added)).

The SCPRT maintains that the Court should deny transfer because its motion "does not touch the merits of the underlying litigation or scope of discovery" as it "is not challenging the scope of Google's discovery requests." (SCPRT Opp'n at 7–8.) This completely ignores that the SCPRT's motion puts at issue whether Google can obtain *any* information at all from agencies of the states that have sued Google, which are the arms through which the states operate. Whether Google can subpoena arms of the very states that complain of Google's conduct would fundamentally determine the scope of discovery, particularly because Google has served 70 subpoenas to state agencies. In fact, the State Plaintiffs, including South Carolina, resisted most of Google's discovery requests on the basis that Google should seek these documents from state agencies directly instead. (Ex. A at 2–3, State Pl.'s April 3, 2023 Ltr. to Google.) As South

4

Carolina admits, Google's subpoena is "the proper channel[] for Google to seek documents that are in the possession, custody, or control of [its] agencies." (*Id.*)  A ruling on whether Google can seek documents from state agencies directly would thus dramatically alter the scope of discovery in the MDL and disrupt Judge Castel's management of the case.

The SCPRT is not the first agency Google has subpoenaed that has raised concerns of sovereign immunity, but it is the first to file a motion to quash.  The outcome of this dispute thus is likely to affect the outcome of Google's negotiations with those agencies and any resulting motion practice.  *See, e.g.*, *In re Bayer Cropscience*, No. 5:16-MC-10-RJ, 2016 WL 7429201, at *3 (E.D.N.C. June 14, 2016) (collecting cases) (citation omitted) ("[e]xceptional circumstances have [ ] been found when the issuing court is already coordinating discovery for the underlying action and has issued subpoenas to parties in various districts that will likely inspire third parties to raise the same issues.").  Indeed, the "anticipated breadth of third-party discovery" was a driving force in the JPML's decision to consolidate the MDL cases before Judge Castel.  *See In re Digital Advert. Antitrust Litig.*, 555 F. Supp. 3d 1372, 1380 (U.S. Jud. Pan. Mult. Lit. 2021).  Accordingly, as recognized by nearly every district court to consider similar motions to transfer in MDL litigation, Judge Castel, who is already familiar with the states' allegations and the various markets at issue in their antitrust claims, is best positioned to make decisions about the scope of discovery concerning the state plaintiffs' use of display advertising.  *See, e.g.*, *In re Subpoenas Served on Wilmer, Cutler & Pickering & Goodwin Proctor LLP*, 255 F. Supp. 2d 1, 3 (D.D.C. 2003) ("Transferring to [the MDL judge], who is already familiar with this massive litigation . . . serves the interests of justice, efficiency, and consistency that underlie the MDL rules.").

The SCPRT also argues that it would have to "travel to New York or retain local counsel" to litigate its motion to quash in the event of transfer.  (SCPRT Opp'n at 9.)  But, those arguments

are without merit and inapposite. JPML Rule 2.1(c) makes clear that "[a]ny attorney of record in any action transferred under Section 1407 may continue to represent his or her client in any district court of the United States to which such action is transferred. Parties are not required to obtain local counsel." Any burden on the SCPRT to "litigate [its] motion to quash outside [its] home forum" thus does not override that "it would be inefficient and a waste of judicial resources to require the transferor court to learn the particulars of the MDL litigation so as to be able to adjudicate the motion[.]" *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. MDL 2924, 2021 WL 5848067, at *2 (U.S. Jud. Pan. Mult. Lit. Dec. 3, 2021).

At bottom, the SCPRT ignores the weight of authority finding that an MDL constitutes "exceptional circumstances" warranting transfer pursuant to Rule 45(f). As recognized by district courts across the country and for the reasons set forth in Google's motion, exceptional circumstances clearly exist here. Accordingly, the SCPRT's motion to quash should be transferred to Judge Castel in the Southern District of New York.

**III.       The States' Remand Request in the MDL Is of No Issue.**

The state plaintiffs in the MDL moved for the JPML to remand their case to the Eastern District of Texas where it was originally filed, arguing that the Consolidated Appropriations Act of 2023 ("the Venue Act") applies retroactively to its case. Google opposes their motion as the Venue Act clearly does not apply retroactively and because any remand would be disruptive to the Judge Castel's organization of the MDL. *See In re Google Digital Advertising Antitrust Litigation*, MDL No. 3010, ECF No. 238 (Google's Opp'n to Mot. for Remand). As the SCPRT acknowledges, the motion for remand has not yet been decided and thus its argument that the outcome of that separate dispute "could result in greater inefficiencies" is speculative at best. In any event, the JPML has scheduled that motion for consideration during its May 25, 2023 session, and it is unlikely that the motion for remand is decided before the resolution of SCPRT's motion

6

to quash.  Moreover, the SCPRT's argument on this point underscores its position.  That is, Judge Castel is best positioned to know of the pending disputes among the parties in the MDL that could impact resolution of SCPRT's motion to quash.  And, for that reason, as recognized by the JPML, Judge Castel is best positioned to handle all pre-trial proceedings, including the SCPRT's motion to quash.

## CONCLUSION

This Court should transfer the Motion to Quash to the Southern District of New York because 28 U.S.C. § 1407 mandates such discovery disputes be heard exclusively in the MDL court and, in any event, there are extraordinary circumstances under Rule 45(f) that warrant transfer.

Dated: April 25, 2023

Respectfully submitted,

*/s/ John Kuppens*
John Kuppens
Federal Bar No. 5026
Nelson Mullins Riley & Scarborough, LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
(803) 255-9482
John.kuppens@nelsonmullins.com

R. Paul Yetter
(*Not Admitted in SC*)
Bryce L. Callahan
(*Not Admitted in SC*)
Yetter Coleman LLP
811 Main Street, Suite 4100
Houston, Texas 77002
(713) 632-8000
(713) 632-8002
pyetter@yettercoleman.com
bcallahan@yettercoleman.com

*Attorneys for Defendant Google LLC*