# Exhibit A

# UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION                                                                    MDL No. 3010

## REMAND ORDER

**Before the Panel:** The action listed on Schedule A (*State of Texas*) previously was transferred from the Eastern District of Texas to the Southern District of New York for centralized pretrial proceedings in MDL No. 3010. Following centralization, legislation was enacted in December 2022 amending Section 1407(g) to exempt state antitrust enforcement actions arising under federal antitrust law from MDLs. Plaintiffs in *State of Texas* ("State Plaintiffs") presently move for an order remanding the action to the Eastern District of Texas on the ground that the legislation applies to their action. Defendant Google LLC opposes the motion for remand.

The legislation at issue is part of the Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Div. gg, Title III, § 301, 136 Stat. 4459, 5970 (Dec. 29, 2022). The section at issue, titled "Venue for State Antitrust Enforcement," amends Section 1407(g) to add the words "or a State" to the exemption originally created for U.S. antitrust enforcement actions. *See id.* § 301(1).[1] Thus, Section 1407(g), as amended, now states: "Nothing in this section shall apply to any action in which the United States or a State is a complainant arising under the antitrust laws."

I.

In support of remand, the State Plaintiffs assert that the amendment applies to all pending state antitrust enforcement actions, including previously centralized actions because, under *Landgraf v. USI Film Prods.*, 511 U.S. 244, 275 (1994), the amendment is a procedural rule that does not have retroactive effect on the conduct of the parties. They also argue that the Supreme Court has held that a venue statute is the very kind of procedural rule that covers pre-enactment pending actions, citing *Ex parte Collett*, 337 U.S. 55 (1949) and *United States v. National City Lines, Inc.*, 337 U.S. 78 (1949), which each held that 28 U.S.C. § 1404, upon its enactment, applied to then-pending actions.

Defendant Google opposes remand on the ground that the Section 1407(g) amendment

---

[1] The Act also eliminated subsection (h) from § 1407, which previously had permitted the Panel to "consolidate and transfer with or without the consent of the parties, for both pretrial purposes and for trial, any action brought under section 4C of the Clayton Act."

Case 1:21-md-03010-PKC Document 524-1 Filed 06/12/23 Page 2 of 5
Case MDL No. 3010 Document 258 Filed 06/02/23 Page 2 of 6

-2-

does not apply to actions centralized before its enactment, arguing that there is a presumption against retroactive application of new laws unless the express language of the statute requires that result. Google also argues that the amendment's legislative history establishes that Congress omitted various provisions that would have made the amendment apply to pre-enactment cases, demonstrating that the amendment is prospective only.[2]

On the basis of the papers filed, we will remand *State of Texas* to its transferor court. We hold that the recent amendment to Section 1407(g) applies to pending state antitrust enforcement actions and, absent a state's waiver of its venue rights, the Panel must grant the motion for remand.

*Landgraf* provides the well-settled framework for determining the reach of a newly enacted statute. *Landgraf* explained that there is a long-established "presumption against retroactive legislation" based on fairness considerations and the "principle that the legal effect of conduct should ordinarily be assessed under the law that existed when the conduct took place." *See* 511 U.S. at 265. The Court emphasized, however, that "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity," explaining that "rules of procedure regulate secondary rather than primary conduct." *See id.* at 275. Accordingly, *Landgraf* established a two-part analysis for determining the temporal reach of a new federal statute:

> When a case implicates a federal statute enacted after the events in suit, the court's first task is to determine whether Congress has expressly prescribed the statute's proper reach. If Congress has done so, of course, there is no need to resort to judicial default rules. When, however, the statute contains no such express command, the court must determine whether the new statute would have retroactive effect, *i.e.*, whether it would impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed. If the statute would operate retroactively, our traditional presumption teaches that it does not govern absent clear congressional intent favoring such a result.

*See Landgraf,* 511 U.S. at 280. Thus, we ask: (1) does the statute contain an express command as to its retroactive application; and (2) if the answer is no, would application of the new statute to the action have a genuinely "retroactive effect"; if yes, a presumption against retroactivity applies.

Here, the express language of the Section 1407(g) amendment does not provide an answer as to its temporal reach. Congress added the words "or a State" to a preexisting subsection, such that it now reads: "Nothing in this section shall apply to any action in which the United States or a State is a complainant arising under the antitrust laws." We see nothing in this sentence that sets

---

[2] The 2021 version of the House and Senate bills each contained an "Effective Date" provision stating that the amendments "shall take effect on June 1, 2021." *See* S. 1787, 117th Cong. (as introduced, May 24, 2021); H.R. 3460, 117th Cong. (as introduced May 21, 2021). A subsequent version of the bill contained an "Applicability" provision stating that the amendments "shall apply to any matter pending on, or filed on or after, the date of enactment" of the bill. *See* 168 Cong. Rec. S7752 (Dec. 19, 2022).

forth the amendment's temporal reach.

Proceeding to *Landgraf*'s second step, we ask whether application of the statute to pending actions would have a genuinely retroactive effect. As noted above, "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity," as they regulate secondary rather than primary conduct. *See Landgraf*, 511 U.S. at 275.

The Section 1407(g) amendment is plainly a procedural rule. Section 1407 is in the nature of a venue provision for pretrial proceedings; moreover, Congress labeled the Section 1407(g) amendment in the Consolidated Appropriations Act a "venue" provision – that is, it is located at Section 301 of Title III, both of which are captioned "Venue for State Antitrust Enforcement." The venue of an action cannot be characterized as impairing rights that a party had when it acted, increasing a party's liability for past conduct, or imposing new duties. *Landgraf* leaves no doubt on this matter – there, the Court highlighted Section 1404 as an example of a "procedural" rule that did not raise retroactivity concerns when applied to cases arising before its enactment. *See* 511 U.S. at 275 ("For example, in *Ex parte Collett,* 337 U.S. 55, 71 (1949), we held that 28 U.S.C. § 1404(a) governed the transfer of an action instituted prior to that statute's enactment. We noted the diminished reliance interests in matters of procedure."); *see also United States v. National City Lines, Inc.*, 337 U.S. 78 (1949) (applying Section 1404(a) to antitrust action filed before its enactment, citing *Ex parte Collett*). We find that the Section 1407(g) amendment is a similar procedural provision as it affects the venue for pretrial proceedings, in contrast to regulating primary conduct. Thus, the amendment applies to *State of Texas*.

Google's reliance on legislative history to support its prospective-only interpretation of the amendment is unpersuasive. The Supreme Court in *Landgraf* cautioned against relying on the deletion of a retroactivity provision, explaining that such omissions may reflect a political "compromise" and "does not tell us precisely where the compromise was struck." *See* 511 U.S. at 256. Moreover, Congress generally is presumed to be aware of relevant judicial precedent (*see Merck & Co. v. Reynolds*, 559 U.S. 633, 648 (2010)), and the applicability of procedural rules to pre-enactment pending cases is well-known. Thus, the statute's silence on its applicability to pending actions supports its application to pending actions. Lastly, Google makes no attempt to address *Ex parte Collett* and *National City Lines*, which are highly relevant to the analysis of whether a new venue provision (in those cases, Section 1404) applies to pending cases. Thus, Google essentially has left undisputed that, under governing Supreme Court precedent, changes in venue statutes are procedural and thus presumptively apply to all pending actions. We believe the Section 1407(g) amendment is properly construed as addressing the venue for pretrial proceedings in state antitrust enforcement actions, and thus the Section 1404 decisions weigh heavily in our analysis.

II.

Having determined that the amendment to Section 1407(g) applies to state antitrust enforcement actions pending in MDLs, we find that remand is required. We observe that we possess the authority to remand *State of Texas* to its transferor court, even though Section 1407(g), as amended, potentially could be construed as eliminating our subsection (a) remand authority over

the action due to the opening clause – "*Nothing in this section [i.e., Section 1407] shall apply to any action in which the United States or a State is a complainant arising under the antitrust laws.*" *See* § 1407(g) (emphasis added). On its face, the Venue Act plainly is intended to allow state antitrust actions to proceed in the action's original forum, and interpreting the subsection (g) amendment to eliminate the possibility of remand to that forum yields an absurd result that is the exact opposite of the statute's purpose.[3] Thus, we conclude that we retain the authority to remand previously-centralized state antitrust enforcement actions under subsection (a). We also believe that the power to remand is a part of the Panel's inherent authority to grant a remedy for actions transferred to an MDL that no longer belong there.

IT IS THEREFORE ORDERED that the action listed on Schedule A is remanded to the Eastern District of Texas.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline Cox Arleo |

---

[3] We are mindful that "absurd results are to be avoided and internal inconsistencies in the statute must be dealt with." *See, e.g., United States v. Turkette*, 452 U.S. 576, 580 (1981); *United States v. Fitzgerald*, 906 F.3d 437, 447 (6th Cir. 2018) ("absurd results are to be avoided, and courts should not construe a statute to produce an absurd result that we are confident Congress did not intend") (internal citations omitted).

IN RE: GOOGLE DIGITAL ADVERTISING
ANTITRUST LITIGATION  MDL No. 3010

## SCHEDULE A

Southern District of New York

THE STATE OF TEXAS, ET AL. v. GOOGLE, LLC, C.A. No. 1:21−06841
   (E.D. Texas, C.A. No. 4:20−00957)